UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TAWANDA HALL, CAROLYN MILLER,
AMERICAN INTERNET GROUP, LLC,
ANTHONY AKANDE, CURTIS LEE and
CORETHA LEE, MARCUS BYERS, and
KRISTINA GOVAN, individually and all those
Similarly situated in the City of Southfield,

  Plaintiffs,           Civil Action No. 20-12230

v.                   Hon. Robert H. Cleland

OAKLAND COUNTY TREASURER ANDREW
MEISNER, in his official and individual capacities,
OAKLAND COUNTY, SOUTHFIELD
NEIGHBORHOOD REVITALIZATION INITIATIVE
LLC, CITY OF SOUTHFIELD, FREDERICK ZORN,
in his official and individual capacities, SOUTHFIELD
MAYOR KENSON SILVER, in his official and
individual capacities, SOUTHFIELD NON-PROFIT
HOUSING CORPORATION, HABITAT FOR
HUMANITY OF OAKLAND COUNTY INC.,
SUSAN WARD – WITKOWSKI, in her former
official and individual capacities, TREASURER
IRVIN LOWENBERG, in his official and
individual capacities, MITCHELL SIMON, and
E'TOILE LIBBETT,

  Defendants.

SMITH LAW GROUP         WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
SCOTT F. SMITH (P28472)       GAYLE S. MCGREGOR (P43500)
Attorney for Plaintiffs         Attorney for Defendant Habitat for Humanity
30833 Northwestern Highway, Suite 200  380 North Old Woodward, Suite 300
Farmington Hills, MI 48334       Birmingham, MI 48009
(248) 302-7181           (248) 642-0333
smithsf.law@gmail.com        gsm@wwrplaw.com

## DEFENDANT HABITAT FOR HUMANITY OF OAKLAND COUNTY INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

NOW COMES, Defendant Habitat for Humanity of Oakland County, Inc. ("Habitat"), by and through its attorneys, Williams, Williams, Rattner & Plunkett, P.C., and for its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), relies upon the attached brief in support. Pursuant to Local Rule 7.1(a), counsel for Habitat sought Plaintiffs' concurrence in the relief requested in this motion, but concurrence was not obtained.

                              Respectfully submitted,

                              WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

                              /s/ *Gayle S. McGregor*
                              Gayle S. McGregor (P43500)
                              Attorney for Defendant Habitat for Humanity
                              380 N. Old Woodward Ave., Suite 300
                              Birmingham, MI 48009
                              (248) 642-0333
Dated: October 21, 2020             gsm@wwrplaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TAWANDA HALL, CAROLYN MILLER,
AMERICAN INTERNET GROUP, LLC,
ANTHONY AKANDE, CURTIS LEE and
CORETHA LEE, MARCUS BYERS, and
KRISTINA GOVAN, individually and all those
Similarly situated in the City of Southfield,

    Plaintiffs,                                       Civil Action No. 20-12230

v.                                                    Hon. Robert H. Cleland

OAKLAND COUNTY TREASURER ANDREW
MEISNER, in his official and individual capacities,
OAKLAND COUNTY, SOUTHFIELD
NEIGHBORHOOD REVITALIZATION INITIATIVE
LLC, CITY OF SOUTHFIELD, FREDERICK ZORN,
in his official and individual capacities, SOUTHFIELD
MAYOR KENSON SILVER, in his official and
individual capacities, SOUTHFIELD NON-PROFIT
HOUSING CORPORATION, HABITAT FOR
HUMANITY OF OAKLAND COUNTY INC.,
SUSAN WARD – WITKOWSKI, in her former
official and individual capacities, TREASURER
IRVIN LOWENBERG, in his official and
individual capacities, MITCHELL SIMON, and
E'TOILE LIBBETT,

    Defendants.

| | |
|---|---|
| SMITH LAW GROUP<br>SCOTT F. SMITH (P28472)<br>Attorney for Plaintiffs<br>30833 Northwestern Highway, Suite 200<br>Farmington Hills, MI 48334<br>(248) 302-7181<br>smithsf.law@gmail.com | WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.<br>GAYLE S. MCGREGOR (P43500)<br>Attorney for Defendant Habitat for Humanity<br>380 North Old Woodward, Suite 300<br>Birmingham, MI 48009<br>(248) 642-0333<br>gsm@wwrplaw.com |

## **BRIEF IN SUPPORT OF DEFENDANT HABITAT FOR HUMANITY'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

01425098.DOCX

# **TABLE OF CONTENTS**

INDEX OF AUTHORITES ................................................................................................ i

STATEMENT OF ISSUES PRESENTED ....................................................................... ii

MOST CONTROLLING AUTHORITY ......................................................................... iii

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

    I.  Rule 12(b)(6) Standard of Review ....................................................................... 2

    II. Plaintiffs' complaint fails to state any claim on which relief can be granted because they fail to state any claim against Habitat at all ........................................................................ 2

CONCLUSION AND REQUESTED RELIEF ................................................................. 4

# **INDEX OF AUTHORITIES**

**Cases**

*6630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502 (6th Cir. 2013).......................2
*Agema v. City of Allegan*, 826 F.3d 326 (6th Cir. 2016) ...................................................................2
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................2
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................................2
*Thompson v. City of Memphis*, 491 F. App'x 616 (6th Cir. 2012) .................................................3

**Rules**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................2, 4

ii

## **STATEMENT OF ISSUES PRESENTED**

I.      Whether Plaintiffs' complaint fails to state a claim on which relief can be granted because they fail to state any claim against Habitat at all.

        Defendant states:    Yes

        Plaintiffs state:    No

## **MOST CONTROLLING AUTHORITY**

Fed R. Civ. P. 12(b)(6)

01425098.docx

**INTRODUCTION**

Plaintiffs' Complaint should be dismissed. Plaintiffs assert multiple claims against 12 defendants alleging: (1) takings without just compensation under the Fifth and Fourteenth Amendment (Count I); (2) inverse condemnation under the Fifth Amendment (Count II); (3) takings under the Takings Clause of Michigan's Constitution (Count III); (4) excessive fine forfeiture under the Eighth Amendment (Count IV); (5) due process violations (Count V), (Count VI – Substantive Due Process); and (6) unjust enrichment (Count VII, labeled VI). Plaintiffs' claims must be dismissed as both legally and factually deficient under Fed. R. Civ. P. 12(b)(6) because Plaintiffs do not state any claim against Habitat and do not include Habitat in any of their seven counts.

**STATEMENT OF FACTS**

Plaintiffs and the class members of this action were the owners of real property situated in the City of Southfield who owed thousands of dollars in delinquent property taxes. As such, their respective properties were conveyed to the Oakland County Treasurer ("Treasurer"), then to the City of Southfield, and finally to Southfield Neighborhood Revitalization Initiative, LLC ("SNRI").

In an effort to improve the number of tax foreclosed properties in the City of Southfield and combat potential blight resulting from these properties remaining vacant and in disrepair, the City of Southfield and the SNRI developed an initiate under which the City of Southfield conveyed certain foreclosed properties to SNRI. SNRI would then develop the properties and sell them to low-moderate income buyers to strengthen the Southfield tax base. Under this initiative, SNRI entered into an agreement to work with Habitat as a resource for rehabilitating the homes. Habitat does not have any ownership interest in Plaintiffs' homes.

1

## ARGUMENT

**I.      Rule 12(b)(6) Standard of Review**

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court should dismiss each of Plaintiffs' claims against Habitat because they fail to state a claim under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant has legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)). Here, Plaintiffs' claims fall far short of these fundamental standards.

**II.     Plaintiffs' complaint fails to state a claim on which relief can be granted because they fail to state any claim against Habitat at all**

Plaintiffs' complaint must be dismissed against Habitat because it does not allege any conduct that could substantiate a claim.

The Sixth Circuit affirms that a Plaintiff cannot overcome a 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the Defendant violated the law. Instead, the sufficiency of a complaint turns on its 'factual content,' requiring the Plaintiff to plead enough 'factual matter' to raise a 'plausible inference of wrongdoing. *6630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678, 683). As such, a pleading will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Rather, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

2

on its face." *Id*. at 570; *see also Thompson v. City of Memphis*, 491 F. App'x 616, 620-21 (6th Cir. 2012).

Here, there is not one single reference to Habitat in any of Plaintiffs' counts. In fact, the only reference to Habitat appears during the general allegations of the Plaintiffs' complaint, in which Plaintiffs' allege that Habitat "received close to $300,000 in funds from SNRI in 2016, was paid over 1 million dollars from SNRI since its inception in June of 2016 . . . as well as the conveyance of property from SNRI, City of Southfield, and the [Southfield Non-profit Housing Corporation] . . ." Compl. ¶ 46, and that Habitat's "role" in the alleged "scheme" was a "conflict of interest for Treasurer Andrew Meisner with his duties as Treasurer and an official of Oakland County." Compl. ¶ 47. Habitat's inclusion of Mr. Meisner as a voluntary board member is not a basis for liability, and without any allegation or factual information related to Habitat's alleged role in these claims, it is impossible for Habitat to respond to any of these counts of theorize about where Plaintiffs believe Habitat's liability stems from. Additionally, the complaint does not allege how Habitat's receipt of money from SNRI has anything to do with Plaintiffs' claims or allegations.

Even in their reference that Habitat played a role in this "scheme," there is not one allegation with respect to how or in what manner Habitat participated in this alleged "scheme" or even with respect to which of their seven claims this allegation applies. As such, Plaintiffs' complaint against Habitat must be dismissed because it offers zero factual basis for including Habitat, let alone any support that could be the basis for any liability.

Plaintiffs' attempt to group Habitat together with twelve other defendants without any claim of how Habitat's conduct contributed is insufficient under Fed. R. Civ. P. 12(b)(6). As such, Plaintiffs' complaint must be dismissed in whole and with prejudice.

3

01425098.DOCX

Despite the court's liberal discretion to grant a Plaintiff the ability to amend its pleadings, there are no circumstances under which Plaintiffs could amend their complaint to assert any basis of liability against Habitat.

## CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint with prejudice, and award such other and further relief as this Court deems just and proper.

Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

/s/ *Gayle S. McGregor*
Gayle S. McGregor (P43500)
Attorney for Defendant Habitat for Humanity
380 N. Old Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 642-0333

Dated: October 21, 2020    gsm@wwrplaw.com