UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Tawanda Hall et al.**

Plaintiffs,

v.

**Andrew Meisner et al.,**

Defendants.

_____/

Case No. 2:20-cv-12230
Honorable Paul D. Borman

**\*\*CLASS ACTION\*\***

## RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION OF CASES

Plaintiffs in *Tawanda Hall et al. v. Andrew Meisner, et al.* have no objection to consolidating Case No. 19-cv-10044 with Case No.20-cv-12230. Plaintiff American Internet Group, LLC (AIG) wishes to clarify that AIG'S claims in Case No.20-cv-12230 involves a different parcel of real property than its sole member John Edward's claims in Case No.19-10047.   Additionally, the Plaintiffs' Counsel represents several other parties in cases with claims against many of the same Defendants that involve common questions of fact, although not the "same transaction or occurrence" in the Eastern District.

Plaintiffs contend that the Petition for En Banc rehearing in *Freed v. Thomas*; Case No. 18-2312 (6th Cir. ,10/9/2020) does not impact this case as Oakland County as the Foreclosing Government Entity has already collected the tax and there was no auction of the properties. Plaintiff claims only concern the equity of the property taken in

violation of the United States and Michigan Constitutions. The Petition Seeking Rehearing En Banc asserts as its basis for review that *Freed* as written would disturb tax collection without the threat of foreclosure. Plaintiff position that such a conclusion is without foundation as there are many alternatives; and in any event the issue is not applicable to the present case.   The Petition acknowledges that a fifth amendment case would no longer require a Plaintiff to exhaust all state remedies however Defendant Gratiot County argues that its ability to collect taxes would be impaired by a hypothetical auction of the property at less than fair market value if the 5th amendment is applied. Appellee Gratiot County wants a rehearing complaining about a remedy although *Freed* did not rule on the merits of the takings claim. *Freed*, Id at page 15.

      In the instant case the Complaint asserts no scenario in which tax collection retroactively or prospectively is affected. The County will always collect the property taxes. The basic point is there is no auction just an unlawful taking under the guise of an unconstitutional right of first refusal. Accordingly, there is no compelling reason to stay the case as suggested by Defendants Oakland County, Oakland County Treasurer, Southfield Neighborhood Revitalization Initiative, LLC, and other Defendants.

                                         Respectfully Submitted,

                                         /s/Scott F. Smith
SCOTT F. SMITH, (P-28472)
SMITH LAW GROUP PLLC
30833 Northwestern Highway, Suite 200
Farmington Hills, MI   48334
Phone: 248-626-1962
smithsf.law@gmail.com