## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TAWANDA HALL; CAROLYN MILLER;
AMERICAN INTERNET GROUP, LLC;
ANTHONY AKANDE; CURTIS LEE;
CORETHA LEE; MARCUS BYERS; and
KRISTINA GOVAN; and all those similarly
situated in the City of Southfield,

                                    Case No.: 20-cv-12230-PDB-EAS

      Plaintiffs,                Hon. Paul D. Borman

                                    Mag. Judge Elizabeth A. Stafford

vs.

OAKLAND COUNTY TREASURER
ANDREW MEISNER, in his official and individual
capacities; OAKLAND COUNTY; SOUTHFIELD
NEIGHBORHOOD REVITALIZATION
INITIATIVE, LLC; CITY OF SOUTHFIELD;
FREDERICK ZORN, in his official and individual
capacities; KEN SIVER, in his official and individual
capacities; SOUTHFIELD NON-PROFIT HOUSING
CORPORATION; HABITAT FOR HUMANITY
OF OAKLAND COUNTY, INC.; SUSAN
WARD-WITKOWSKI, in her former official and individual
capacities, GERALD WITKOWSKI, in his official and individual
capacities, TREASURER IRVIN LOWENBERG, in his official
and individual capacities; MITCHELL SIMON; and E'TOILE LIBBETT,

      Defendants.

---

## DEFENDANTS, SOUTHFIELD NON-PROFIT HOUSING CORPORATION, SOUTHFIELD NEIGHBORHOOD REVITALIZATION INITIATIVE, LLC, MITCHELL SIMON AND E'TOILE LIBBETT'S MOTION TO DISMISS COMPLAINT

---

1

| **SMITH LAW GROUP, PLLC** | **PENTIUK, COUVREUR & KOBILJAK, PC** |
|---|---|
| By: Scott F. Smith (P28472) | By: Joseph G. Couvreur (P41836) |
| Attorneys for Plaintiffs | And: Matthew T. Nicols (P78297) |
| 30833 Northwestern Hwy, Suite 200 | Attorneys for Defendants: Southfield |
| Farmington Hills, MI 48334 | Non-Profit Housing Corp.; Southfield |
| Tel: (248) 302-7181 | Neighborhood Revitalization Initiative, |
| Smithsf.law@gmail.com | LLC, Mitchell Simon and E'Toile |
|  | Libbett, only |
|  | 2915 Biddle Avenue, Suite 200 |
|  | Wyandotte, MI 48192 |
|  | Tel: (734) 281-7100 |
|  | jcouvreur@pck-law.com |
|  | mnicols@pck-law.com |

**NOW COME** the Defendants, **SOUTHFIELD NON-PROFIT HOUSING CORPORATION**, **SOUTHFIELD NEIGHBORHOOD REVITALIZATION INITIATIVE, LLC**, **MITCHELL SIMON** and **E'TOILLE LIBBETT** (the "Non-Profit Defendants") by and through their attorneys, Pentiuk, Couvreur & Kobiljak, P.C., and brings this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and hereby relies upon the attached Brief in support and exhibits. Furthermore, pursuant to Fed. R. Civ. P.10 (c), the Non-Profit Defendants rely upon and incorporate by reference, the briefings submitted by all co-Defendants in support of their respective Motions to Dismiss.

Pursuant to E.D. Mich. LR 7.1(a), counsel for the Non-Profit Defendants sought concurrence from Plaintiffs' counsel by email correspondence on November 3, 2020. Concurrence was not attained.

Respectfully submitted,

**PENTIUK, COUVREUR & KOBILJAK, P.C.**

/s/ Joseph G. Couvreur (P41836)
By:    Joseph G. Couvreur (P41836)
And:  Matthew T. Nicols (P78297)
*Attorneys for Defendants Southfield Non-Profit*
*Housing Corp., Southfield Neighborhood*
*Revitalization Initiative, LLC, Mitchell Simon, and*
*E'Toile Libbett, only*
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Tel: (734) 281-7100
jcouvreur@pck-law.com
mnicols@pck-law.com

Date:  November 5, 2020.

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TAWANDA HALL; CAROLYN MILLER;
AMERICAN INTERNET GROUP, LLC;
ANTHONY AKANDE; CURTIS LEE;
CORETHA LEE; MARCUS BYERS; and
KRISTINA GOVAN; and all those similarly
situated in the City of Southfield,

        Plaintiffs,

vs.

OAKLAND COUNTY TREASURER
ANDREW MEISNER, in his official and individual
capacities; OAKLAND COUNTY; SOUTHFIELD
NEIGHBORHOOD REVITALIZATION
INITIATIVE, LLC; CITY OF SOUTHFIELD;
FREDERICK ZORN, in his official and individual
capacities; KEN SIVER, in his official and individual
capacities; SOUTHFIELD NON-PROFIT HOUSING
CORPORATION; HABITAT FOR HUMANITY
OF OAKLAND COUNTY, INC.; SUSAN
WARD-WITKOWSKI, in her former official and individual
capacities, GERALD WITKOWSKI, in his official and individual
capacities, TREASURER IRVIN LOWENBERG, in his official
and individual capacities; MITCHELL SIMON; and E'TOILE LIBBETT,

        Defendants.

Case No.: 20-cv-12230-PDB-EAS
Hon. Paul D. Borman
Mag. Judge Elizabeth A. Stafford

---

## BRIEF IN SUPPORT OF
## DEFENDANTS, SOUTHFIELD NON-PROFIT HOUSING
## CORPORATION, SOUTHFIELD NEIGHBORHOOD REVITALIZATION
## INITIATIVE, LLC, MITCHELL SIMON AND E'TOILE LIBBETT'S
## MOTION TO DISMISS COMPLAINT

---

| | |
|---|---|
| **SMITH LAW GROUP, PLLC** | **PENTIUK, COUVREUR & KOBILJAK, PC** |
| By:    Scott F. Smith (P28472) | By:    Joseph G. Couvreur (P41836) |
| *Attorneys for Plaintiffs* | And:  Matthew T. Nicols (P78297) |
| 30833 Northwestern Hwy, Suite 200 | *Attorneys for Defendants Southfield Non-* |
| Farmington Hills, MI 48334 | *Profit Housing Corp.; Southfield* |
| Tel: (248) 302-7181 | *Neighborhood Revitalization Initiative,* |
| Smithsf.law@gmail.com | *LLC, Mitchell Simon and E'Toile Libbett,* |
| | *only* |
| | 2915 Biddle Avenue, Suite 200 |
| | Wyandotte, MI 48192 |
| | Tel: (734) 281-7100 |
| | jcouvreur@pck-law.com |
| | mnicols@pck-law.com |

Respectfully submitted,

PENTIUK, COUVREUR & KOBILJAK, P.C.

/s/ Joseph G. Couvreur (P41836)
BY:    JOSEPH G. COUVREUR (P41836)
AND: MATTHEW T. NICOLS (P78297)
*Attorneys for Def. Southfield Non-Profit Housing Corp.,*
*Southfield Neighborhood Revitalization Initiative, LLC, ,*
*Mitchell Simon, and E'Toile Libbett, only*
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
Tel: (734) 281-7100
jcouvreur@pck-law.com
mnicols@pck-law.com

Date:  November 5, 2020.

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ……………...…………………………...…………. iv

STATEMENT OF ISSUES PRESENTED …………………………...………… vii

STATEMENT OF CONTROLLING AUTHORITY …………….…………. viii

INTRODUCTION ………………………………………………………...……… 1

STATEMENT OF FACTS ……………………………………………...… 2

STANDARD OF REVIEW ………………………………………………...…..… 3

LEGAL ARGUMENT ………………………………………………………...… 4

   I.  PLAINTIFFS CAROLYN MILLER, AMERICAN INTERNET GROUP, LLC, ANTHONY AKANDE AND MARCUS BYERS' CLAIMS ARE BARRED BY *RES JUDICATA* AND LACK OF STANDING. ………………….........................…………………... 4

     a. *Plaintiffs Carolyn Miller, American Internet Group, LLC, Anthony Akande and Marcus Byers' Claims are Barred by Res Judicata* ………………... 4

     b. *Plaintiff Marcus Byers' Claims are Barred Due to Lack of Standing* ….. 8

   II. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED BECAUSE THERE IS NO BASIS FOR THE NON-PROFIT DEFENDANTS TO BE LIABLE UNDER A THEORY OF UNJUST ENRICHMENT ……………..……... 10

     a. *Rafaeli v. Oakland County* ………………………...…………………..…. 10

     b. *There Is No Legal Basis for a Claim of Unjust Enrichment* …..….....…. 15

   III. PLAINTIFFS' FAIL TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED BECAUSE THEY FAIL TO STATE ANY CLAIM AGAINST DEFENDANTS, SOUTHFIELD NON-PROFIT HOUSING CORPORATION, MITCHELL SIMON AND E'TOILE LIBBETT ………………….………………………………………… 18

CONCLUSION AND RELIEF REQUESTED …………………..………………... 21

# INDEX OF AUTHORITIES

## CASES:

*6630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.,*
    727 F.3d 502, 504 (6th Cir. 2013) ……………………………………...…… 18

*ABB Paint Finishing v. Nat'l Fire Ins.,*
    223 Mich.App. 559, 567 N.W.2d 456 (1997) …………………...………… 6

*Agema v. City of Allegan,*
    826 F.3d 326, 331 (6th Cir. 2016) ……………………………………...……... 4

*Allen v. McCurry,*
    449 U.S. 90, 96; 101 S. Ct. 411; 66 L. Ed. 2d 308 (1980) ………..……….. 5

*Anderson v. Co. of Wayne,*
    No. 10-13708, 2011 WL 2470467, at *6 (E.D. Mich., June 20, 2011) ……. 5

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678; 129 S. Ct. 1934; 173 L. Ed. 2d 868 (2009) ……….. 4, 18

*Barclae v. Zarb,*
    300 Mich. App. 455, 483 (2013) ……………………………………...………… 9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 557; 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007) ………….. 18

*Buell v. Orion State Bank,*
    327 Mich. 43, 56, 41 N.W.2d 472 (1950) ……………………………..…… 15, 16

*Chakan v. City of Detroit,*
    998 F.Supp. 779 (E.D. Mich. 1998) …………………………………………….. 6

*City of Bay City v. Bay Co. Treasurer,*
    292 Mich. App. 156, 166; 807 N.W.2d 892, 898 (2011) ………………… 14

*Curry v. Detroit,*
    394 Mich. 327, 231 N.W.2d 57 (1975) ……………………………...……….. 5

*Dart v. Dart*,
　　597 N.W.2d 82, 88 (Mich. 1999) ……………………………..…………… 5

*Dep't. of Treasury v. Comerica Bank*,
　　201 Mich. App. 318, 329-330 (1993) ……………………………………… 9

*Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz*,
　　521 N.W.2d 847 (Mich. Ct. App. 1994) …………………..…………… 5

*Heyliger v. State University and Community College System of Tennessee*,
　　126 F.3d 849 (1997), 851-52 (6th Cir. 1997) ………………..……….. 4

*Hicks v. Holland*,
　　235 F.2d 183, 183 (6th Cir. 1956) …………………………..…………… 7

*Karaus v. Bank of New York Mellon*,
　　300 Mich. App. 9, 23; 831 N.W.2d 897, 905 (2012) …………...…….. 15, 16

*Korfhage v. Great Fin. Corp.*,
　　127 F.3d 1102 (6th Cir. 1997) ……………………………………… 7

*Lansing Sch. Ed. Ass'n. v. Lansing Bd. of Ed.*,
　　487 Mich. 349, 372 (2010) ………………………………………..….. 9

*McBrayer v. Baker Coll. of Allen Park*,
　　No. 07-CV-13872, 2008 WL 2731798, at *6 (ED Mich, July 9, 2008) …..... 6

*Migra v. Warren City School Dist.*,
　　465 U.S. 75, 81; 104 S. Ct. 892; 79 L. Ed. 2d 56 (1984) …………….…... 5

*Morris Pumps v. Centerline Piping, Inc.*,
　　273 Mich. App. 187, 196; 729 N.W.2d 898, 904 (2006) ………....………. 15

*Rafaeli, LLC v. Oakland Co*,
　　No. 156849, 2020 WL 4037642 (Mich., July 17, 2020) ………....…… 10–12

*Rental Properties Owners Ass'n of Kent Co v Kent Co Treasurer*,
　　308 Mich. App. 498; 866 N.W.2d 817 (2014) …………………....……. 14

*Rogers v. Colonial Federal Savings & Loan Ass'n,*
     405 Mich. 607, 275 N.W.2d 499 (1979) …………………………..………... 5

*Thompson v. City of Memphis,*
     491 F. App'x 616, 620-21 (6th Cir. 2012) …………………………...… 18

*Tkachik v. Mandeville,*
     487 Mich. 38, 48, 790 N.W. 2d 160(2010) …………………….....……….. 15

**FEDERAL STATUTES:**

28 U.S.C. § 1738 …………………………………………………….……… 4

**FEDERAL RULES:**

Fed. R. Civ. P. 12(b)(6) ……………………………….…………….. 3, 18, 20

**STATE STATUTES:**

M.C.L. §§ 211.1 *et seq* ………………………………....………..……….. 2

M.C.L. § 211.78(1) …………………………....………………....………... 13

M.C.L. § 211.78k ………………………………………….……….………. 2

M.C.L. § 211.78m(1) …………………………………..………….……….. 2

**STATE COURT RULES:**

M.C.R. 2.116(C)(8) …………………………………….………….……… 6

**OTHER AUTHORITIES:**

Mich. Senate Bill 676 (reported out of committee on Oct. 6, 2020) …………… 12

Mich. Senate Bill 1137 …………………………………………………….. 12

## STATEMENT OF ISSUES PRESENTED

I.   Whether Plaintiffs, Carolyn Miller, American Internet Group, LLC, Anthony Akande, and Marcus Byers' claims are barred by *res judicata* and for lack of standing?

   The Non-Profit Defendants Answer:     Yes.

   Plaintiffs' Presumed Answer:     No.

   The Court Should Answer:     Yes.

II.   Whether the Plaintiffs' complaint fails to state a claim on which relief can be granted because they fail to state a claim for unjust enrichment against the Non-Profit Defendants?

   The Non-Profit Defendants Answer:     Yes.

   Plaintiffs' Presumed Answer:     No.

   The Court Should Answer:     Yes.

III.   Whether the Plaintiffs' complaint fails to state a claim on which relief can be granted because they fail to state any claim against Defendants, Southfield Non-Profit Housing Corporation, Mitchell Simon and E'Toile Libbett.

   The Non-Profit Defendants Answer:     Yes.

   Plaintiffs' Presumed Answer:     No.

   The Court Should Answer:     Yes.

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

Pursuant to E.D. Mich. LR 7.1(b), the controlling or most appropriate

authority for the relief sought, in addition to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is:

I.   Plaintiffs Carolyn Miller, American Internet Group, LLC, Anthony Akande, and Marcus Byers' claims are barred by the Doctrine of *Res Judicata*. 28 U.S.C. § 1738; *Heyliger v. State University and Community College System of Tennessee*, 126 F.3d 849 (1997), 851-52 (6th Cir. 1997); *Allen v. McCurry*, 449 U.S. 90, 96; 101 S. Ct. 411; 66 L. Ed. 2d 308 (1980); *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999).

II.  Fed. R. Civ. P. 12(b)(6) for the position that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiffs' complaint alleges seven causes of action against the thirteen Defendants. Plaintiffs' claims are predominantly constitutional-based claims against governmental unit Defendants. Plaintiffs' sole claim against Defendants Southfield Non-Profit Housing Corporation ("SNPHC"), Southfield Neighborhood Revitalization Initiative, LLC ("SNRI"), Mitchell Simon and E'Toile Libbett (collectively referred to herein as the "Non-Profit Defendants") is a common law claim for unjust enrichment (Count VII, labeled as Count VI).

Plaintiffs' claims, including their claim of unjust enrichment, must be dismissed as to the Non-Profit Defendants because it is both legally and factually deficient under Fed. R. Civ. P. 12(b)(6). There is no law to support Plaintiffs' claims. Moreover, Plaintiffs do not state a claim against Defendants, SNPHC, Mitchell Simon and E'Toile Libbett, as they are not included in any of the Plaintiffs' seven causes of action. In addition, four of the eight named Plaintiffs' claims are barred by *res judicata* for having previously litigated claims against the same Defendants relative to claims arising out of the tax foreclosure of their properties. One Plaintiff, Marcus Byers, also lacks standing to bring claims. For the reasons stated herein, Plaintiffs' Complaint must be dismissed.

## STATEMENT OF FACTS

Plaintiffs and the purported class members of this action previously owned real property located in the City of Southfield. All Plaintiffs failed to pay property taxes and their properties were foreclosed by the Oakland County Treasurer (hereafter, "OCT") on the basis of non-payment of taxes. (See Michigan's General Property Tax Act ("GPTA"), M.C.L. §§ 211.1 *et seq*. In each of the Plaintiffs' cases, except Marcus Byers, a judgment of foreclosure was entered against them and pertaining to the properties by the Oakland County Circuit Court. A judgement of foreclosure was not entered against Plaintiff Marcus Byers because he did not own real property which was foreclosed upon due to non-payment of taxes.

As a result of lawfully conducted tax foreclosures, Plaintiffs lost all title and interest in their properties, and title in fee vested to the foreclosing governmental unit ("FGU"), here, the OOCT. See M.C.L. § 211.78k. Pursuant to the directive in M.C.L. § 211.78m(1), the OCT offered the properties to the City of Southfield (hereafter, the "City") under the City's right of first refusal.

Except for vacant land, the City of Southfield purchased all the tax foreclosed properties offered by the OCT, including Plaintiffs' properties, pursuant to the above-cited directive of the GPTA. The OCT conveyed those subject properties to the City of Southfield. The City of Southfield then conveyed the properties to SNRI.

SNRI was created by the Southfield Nonprofit Housing Corporation ("SNPHC"). The SNPHC is the sole member of SNRI. SNRI was formed for the purpose of purchasing tax foreclosed and other properties, improving such properties, selling such properties to persons of low to moderate income when possible, and improving housing and homeownership opportunities in the City of Southfield and to otherwise restore tax-foreclosed properties to the tax-roll. (**Exhibit 1**, SNRI Operating Agreement). SNRI works with Habitat for Humanity to rehabilitate buildings which are salvageable. The program improves neighborhoods in the City by rehabilitating tax-foreclosed buildings and homes. Single-family homes have been sold and will continue to be sold to individuals and families who must reside in the homes as their primary residence.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Here, this Court should dismiss Plaintiffs' claims against the Non-Profit Defendants because they fail to state a claim under Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss brought pursuant to 12(b)(6), a plaintiff must allege enough facts to make it plausible that the defendant has legal liability. Facts and conclusory allegations cannot make it merely possible that the defendant is liable; rather, they must make it plausible. Bare assertions of legal liability absent some corresponding facts are

insufficient to state a claim. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S. Ct. 1934; 173 L. Ed. 2d 868 (2009) (internal citations omitted)). Here, Plaintiffs' claims fall well short of these fundamental standards.

## LEGAL ARGUMENT

I.   **PLAINTIFFS CAROLYN MILLER, AMERICAN INTERNET GROUP, LLC, ANTHONY AKANDE AND MARCUS BYERS' CLAIMS ARE BARRED BY *RES JUDICATA* AND LACK OF STANDING.**

Several of the named Plaintiffs have previously filed claims against the Defendants in prior actions. Here, Plaintiffs, Carolyn Miller, American Internet Group, LLC ("AIG"), Anthony Akande and Marcus Byers through his ex-spouse, Debbie Byers, have previously litigated claims against the Defendants based on the same facts and occurrences of the tax foreclosure of their properties. As such, *res judicata* is a bar to these Plaintiffs' claims, even where here, Plaintiffs assert claims that were not specifically raised in prior proceedings. Moreover, Plaintiff Marcus Byers lacks standing to bring his claims because he lacks any former interest in the property (21666 Hidden Rivers Drive) upon which his claims are based.

**a. *Plaintiffs Carolyn Miller, American Internet Group, LLC, Anthony Akande and Marcus Byers' Claims are Barred by Res Judicata.***

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give a state court judgment the same preclusive effect it would have under the law of the state whose court issued the judgment. *Heyliger v. State University and*

*Community College System of Tennessee*, 126 F.3d 849 (1997), 851-52 (6th Cir. 1997) (citing *Migra v. Warren City School Dist.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96; 101 S. Ct. 411; 66 L. Ed. 2d 308 (1980)). *Res judicata*, under Michigan law, bars a subsequent action between the same parties, or their privies, when the evidence or essential facts are identical. *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz*, 521 N.W.2d 847 (Mich. Ct. App. 1994)). *Res judicata* precludes subsequent claims when three requisites are met: "(1) both actions involve the same parties or their privies; (2) the prior action resulted in a decision "on the merits;" and (3) the second action concerns "the same matter in issue" as the first action." *Id*. (citing *Curry v. Detroit,* 394 Mich. 327, 231 N.W.2d 57 (1975); *Rogers v. Colonial Federal Savings & Loan Ass'n,* 405 Mich. 607, 275 N.W.2d 499 (1979)).

Moreover, *res judicata* is defined broadly to prevent litigation in a second action, "not only in claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v. Dart,* 460 Mich at 586 (emphasis added). As stated by this Court, the test ". . . is whether the same facts or evidence are crucial to prove the two claims, not whether the basis for relief are the same." *Anderson v. Co. of Wayne*, No. 10-13708, 2011 WL 2470467, at *6 (E.D. Mich., June 20, 2011) (**Exhibit 2**).

Here, Plaintiffs Miller, AIG and Akande were plaintiffs in a prior lawsuit filed against Defendants OCT, the City of Southfield and SNRI in which they raised various discriminatory housing practices claims in relation to the foreclosure of their properties. These Plaintiffs' prior state court lawsuit was dismissed on summary disposition pursuant to M.C.R. 2.116(C)(8) for failure to state a claim. (See **Exhibit 3**, Order on Motion for Summary Disposition in *Hayes, et al. v. Oakland County Treasurer's Office, et al.*, Oakland County Circuit Court Case No. 2017-157366-CZ). Under Michigan law, summary disposition pursuant M.C.R. 2.116(C)(8) constitutes a final judgment on the merits for purposes of invoking the doctrine of *res judicata. McBrayer v. Baker Coll. of Allen Park*, No. 07-CV-13872, 2008 WL 2731798, at *6 (ED Mich, July 9, 2008) (citing *Chakan v. City of Detroit,* 998 F.Supp. 779 (E.D. Mich. 1998); *ABB Paint Finishing v. Nat'l Fire Ins.,* 223 Mich.App. 559, 567 N.W.2d 456 (1997)).

Additionally, Plaintiff Marcus Byers' former spouse, and former owner of record of the 21666 Hidden Rivers Drive property, filed a lawsuit against OCT and SNRI challenging the tax foreclosure and bringing claims seeking monetary relief. (See **Exhibit 4**, Byers' Verified Petition for Reinstatement of Tile, Oakland County Circuit Court Case No. 2019-172083-CZ; and **Exhibit 5**, Opinion and Order Granting Summary Disposition in Case No. 2019-172083-CZ). Byers appealed the circuit court's opinion and order arguing to the Michigan Court of Appeals that she

was entitled to "just compensation," however, the Court of Appeals denied Byers' appeal. (See **Exhibit 6**, Byers' Appeal Packet in Court of Appeals Case No. 350277; and **Exhibit 7**, Court of Appeals Order Denying Appeal).

Dissatisfied with the state court's dismissal of her lawsuit, Debbie S. Byers filed Chapter 13 Bankruptcy on August 3, 2020 and initiated an Adversary Complaint against Defendants OCT and SNRI. (**Exhibit 8**, Byers' Adversary Complaint, see e.g., *In re Debbie S. Byers*, Case No. 20-48373-mar, ECF No. 48; *Debbie S. Byers v. [SNRI and OCT]*, Adversary Case No. 20-04385-mar, ECF No. 1). The adversary complaint raises claims challenging the tax foreclosure, the subsequent conveyances of the property including SNRI's title, and seeks a monetary judgment of the "surplus equity" in the property. Debbie Byers' adversary complaint seeks the same relief that Plaintiff, Marcus Byers seeks before this Court. A motion to dismiss Debbie Byers' adversary complaint against SNRI and OCT has been filed and is pending before the Bankruptcy Court. (*Debbie S. Byers v. [SNRI and OCT]*, Adversary Case No. 20-04385-mar, ECF No. 5).

Plaintiffs' current claims arise from the exact set of facts and circumstances as their prior cases -- their failure to pay taxes, subsequent foreclosure by the OCT and subsequent transfers of the tax foreclosed properties. Because the subject matter and issues of this lawsuit rely on the same core operative facts and issues as the prior suits, Plaintiffs cannot re-litigate these issues or claims. See *Hicks v. Holland*, 235

F.2d 183, 183 (6th Cir. 1956); *Korfhage v. Great Fin. Corp.*, 127 F.3d 1102 (6th Cir. 1997) (dismissal under *res judicata* where the "current allegations clearly arise from the same subject matter" as the initial complaint dismissed for lack of subject matter jurisdiction).

Where Plaintiffs' claims and relief sought in this case involve the same facts relied on by Plaintiffs in their prior state court cases, *res judicata* should bar the action. Here, Plaintiffs' claims were either raised in the prior proceedings or are those that could have been brought in the prior proceedings. Nevertheless, Plaintiffs claims rely entirely on the same facts and issues determined by the prior courts. These Plaintiffs seek nothing other than to re-litigate their prior actions and subsequent dismissals. Therefore, *res judicata* bars Plaintiffs, Miller, AIG, Akande and Byers' claims and the case must be dismissed as to these Plaintiffs.

### b. *Plaintiff Marcus Byers' Claims are Barred Due to Lack of Standing.*

Plaintiff, Marcus Byers lacks standing to bring suit against the Defendants because he was not the owner of the Hidden Rivers Drive property. As noted above, all former title and interest in the Hidden Rivers Drive property prior to the tax foreclosure, was held by Marcus Byer's former spouse, Debbie Byers who is presently litigating claims in Bankruptcy Court. (See **Exhibit 9**, Deed, Liber: 40534, Page: 530, Oakland County Records; and **Exhibit 10**, Judgment of Divorce, *Debbie*

*Sue Byers v. Marcus Maurice Byers, Sr.*, Oakland County Circuit Court Case No. 16-842430-DO).

"To have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *Barclae v. Zarb*, 300 Mich. App. 455, 483 (2013), quoting *Dep't. of Treasury v. Comerica Bank*, 201 Mich. App. 318, 329-330 (1993). "A plaintiff must have a 'special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large . . . .." *Barclae*, 300 Mich. App. at 483, quoting *Lansing Sch. Ed. Ass'n. v. Lansing Bd. of Ed.*, 487 Mich. 349, 372 (2010).

Plaintiff, Marcus Byers apparently believes that he somehow has an ownership interest in the property or claim to "surplus proceeds" or "surplus equity" in the property. Plaintiff Marcus Byers alleges that he "owed $4,113.00 in delinquent property taxes …" (see Compl. at ¶ 26, ECF No. 1). However, prior records show that Debbie Byers, not Marcus Byers, was the previous owner and taxpayer who owed delinquent taxes to OCT. Moreover, Marcus Byers has made no effort to assert these rights in the previous cases brought by his former spouse. The Judgment of Divorce and prior deed of record (**Exhibits 9** and **10**) show that Marcus Byers did not hold an interest in the Hidden Rivers Drive property. Plaintiff Marcus Byers lacks standing to bring his claims.

II.   **PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED BECAUSE THERE IS NO BASIS FOR THE NON-PROFIT DEFENDANTS TO BE LIABLE UNDER A THEORY OF UNJUST ENRICHMENT.**

Plaintiffs' only claim against the Non-Profit Defendants appears to be based on a common law theory of unjust enrichment. (See *Compl.*, ECF No. 1, Page ID. 29 (Count VII, labeled as Count VI)). Plaintiffs claim appears to be premised upon the recent Michigan Supreme Court decision in *Rafaeli, LLC v. Oakland Co*, No. 156849, 2020 WL 4037642 (Mich., July 17, 2020) (**Exhibit 11**). However, *Rafaeli* does not support Plaintiffs' claim or theory of unjust enrichment in their efforts to seek the return of "surplus equity" post-foreclosure.

   a.   *Rafaeli v. Oakland County.*

The Michigan Supreme Court in *Rafaeli* did not establish a cause of action for the Plaintiffs to sue the Non-Profit Defendants in this case. The *Rafaeli* court, dealing with a case in which the taxpayer's property was sold at auction for amounts in excess of the amounts required to redeem the property and stop the foreclosure, held that:

> "Defendants' retention of those surplus proceeds under the GPTA amounts to a taking of a vested property right requiring just compensation. To the extent the GPTA permits [the FGU] to retain these surplus proceeds and transfer them into the county general fund, the GPTA is unconstitutional as applied to former property owners whose properties were sold at a tax-foreclosure sale for more than the amount owed in unpaid taxes, interest, penalties, and fees related to the forfeiture, foreclosure, and sale of their properties." *Rafaeli*, supra at *21.

Moreover, the claims addressed in *Rafaeli*, were claims against the FGU and governmental entities. The Non-Profit Defendants are not the FGU in the foreclosure proceedings. Additionally, *Rafaeli* limited the plaintiff's claim to that of the excess proceeds realized from the foreclosure sale (i.e., the difference between the redemption amount and the sale price). As stated by the *Rafaeli* court:

> " … when property is taken to satisfy an unpaid tax debt, just compensation requires the foreclosing governmental unit to return any proceeds from the tax-foreclosure sale in excess of the delinquent taxes, interest, penalties, and fees reasonably related to the foreclosure and sale of the property—*no more, no less*." *Rafaeli*, 2020 WL 4037642, at *25 (emphasis added).

The *Rafaeli* decision confirms that a lawfully conducted foreclosure sale vests title in the real estate in the name of the FGU and terminates the defaulting taxpayer's ownership interest in the property. Here, the properties previously owned by the Plaintiffs were lawfully foreclosed upon by the OCT. Once the title vested in the OCT, the Plaintiffs ceased to have any claims arising out of their ownership of the properties with respect to subsequent transferees.

Per *Rafaeli*, defaulting taxpayers are entitled to "no more, no less" than the amount of proceeds from the OCT's sale of the properties. Thus, Plaintiffs have no valid claim here, whether under a theory of unjust enrichment or otherwise, to seek the return of the "surplus equity" in the real estate formerly owned by them. *Rafaeli* does not provide Plaintiffs with a basis to recover the alleged loss of "surplus equity" in their tax foreclosed homes. Rather, it bars such claims. Here, no such "surplus"

exists for the FGU to return to the Plaintiffs. Importantly, *Rafaeli* did not find unconstitutional the provisions of the GPTA that result in the loss of the former owners' interest and title to the property. Upon foreclosure, Plaintiffs' lost all prior interest and title to the subject properties. *Rafaeli* does not alter that effect of the GPTA. *Id.* at *21.

Here, Plaintiffs seek to create a cause of action that would allow for a former property owner to claim monetary damages from a subsequent transferee of property previously foreclosed on the basis of non-payment of taxes. Plaintiffs' equitable theory of unjust enrichment asks the Court to create law rather than to interpret the law. Plaintiffs' theory would in fact yield unjust results to any party obtaining tax foreclosed property, and result in perpetual uncertainty as to the insurability of title with respect to of tax foreclosed properties.

Plaintiffs' unjust enrichment claim against the Non-Profit Defendants is also not grounded in existing law. Rather, Plaintiffs' quarrel is a legislative one, that the *Rafaeli* court left open for the state legislature to fix. *Rafaeli*, supra at * 39 n. 108 ("Nothing in our holding today prevents the Legislature from enacting legislation that would require former property owners to avail themselves of certain procedural avenues to recover the surplus proceeds."). That "fix" is currently in the works within the state legislature. *See* Mich. Senate Bill 676 (reported out of committee on Oct. 6, 2020); Senate Bill 1137 (same).

Plaintiffs nevertheless believe that the law provides a claim against subsequent transferees of tax-foreclosed properties, notwithstanding the tax foreclosure. Plaintiffs are attempting to create a cause of action which would enable those who have failed to pay real property taxes and failed to timely redeem the assessed real estate after the entry of a judgement of foreclosure to maintain an interest in the property notwithstanding the foreclosure process. This claim or theory is inconsistent with the lawful purpose of the SNRI program and existing public policy as stated in MCL 211.78(1) of the GPTA, which states:

> "The legislature finds that there exists in this state a continuing need to strengthen and revitalize the economy of this state and its municipalities by encouraging the efficient and expeditious return to productive use of property returned for delinquent taxes. Therefore, the powers granted in this act relating to the return of property for delinquent taxes constitute the performance by this state or a political subdivision of this state of <u>essential public purposes and functions</u>." *Id.* (emphasis added).

Here, SNRI works with Habitat to rehabilitate buildings which are salvageable. The program and partnership is designed to improve neighborhoods in the City by rehabilitating tax-foreclosed buildings and homes. The single-family homes are sold to individuals and families who must reside in the homes as their primary residence. Not only is the program not a violation of law, the actions of the Non-Profit Defendants in administering SNRI is not unique to the city of Southfield as other communities have engaged in similar programs. Michigan courts have upheld the City of Grand Rapids purchase of tax foreclosed properties and

subsequent conveyance of the tax foreclosed properties. In *Rental Properties Owners Ass'n of Kent Co v Kent Co Treasurer*, the Court of Appeals upheld the program and noted:

> "[i]n fact, Grand Rapids purchased the properties as part of its obligation to provide for the health, safety and welfare of its community and then conveyed them to KCLBA to fulfill the public purpose of restoring blighted properties and neighborhoods and to provide housing on tax foreclosed properties." 308 Mich. App. 498, 516; 866 N.W.2d 817, 828 (2014); see also, *City of Bay City v. Bay Co. Treasurer*, 292 Mich. App. 156, 166; 807 N.W.2d 892, 898 (2011).

Moreover, the Michigan Court of Appeals has held, other than the restriction that the purchase of tax-foreclosed properties be for a public purpose, that the state legislature did not restrict in any way how Grand Rapids may convey the property thereafter. *Rental Properties Owners Ass'n*, at 517. In a similar factual situation, the *Rental Properties Owners Ass'n of Kent Co Court* held that a city, village, township or county's acquisition of tax-foreclosed properties for the purpose of revitalizing neighborhoods and local economy did fulfill the public purpose requirement. 308 Mich. App. at 525.

Plaintiff's attempt to create law enabling the retainage of an interest tied to real property subsequent to a tax foreclosure is clearly against the public policy expressed in the GPTA. Admittedly, the tax foreclosure process often results in hardships to former owners. However, the purposes of terminating the years of tax delinquencies and turning tax delinquent lands over to taxpaying owners with

finality is an essential public purpose. Plaintiffs' attempt to create an equitable loophole to bypass the well-established tax foreclosure process is not grounded in existing legal authority. The equitable theory of recovery based on unjust enrichment is not applicable in this case. Therefore, Plaintiffs fail to state a cause of action based on unjust enrichment.

### b. *There Is No Legal Basis for a Claim of Unjust Enrichment.*

Since Plaintiffs do not raise federal claims against the Non-Profit Defendants, this Court must look to state law in addressing Plaintiffs' unjust enrichment claim.

"Not all enrichment is unjust in nature, and the key to determining whether enrichment is unjust is determining whether a party unjustly received and retained an independent benefit." *Karaus v. Bank of New York Mellon*, 300 Mich. App. 9, 23; 831 N.W.2d 897, 905 (2012) (citing *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 196; 729 N.W.2d 898, 904 (2006)). "One is not unjustly enriched …. by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution." *Tkachik v. Mandeville*, 487 Mich. 38, 48, 790 N.W. 2d 160(2010) (quotation marks omitted), quoting *Buell v. Orion State Bank*, 327 Mich. 43, 56, 41 N.W.2d 472 (1950). Here, there is no obligation of the Non-Profit Defendants to make restitution to the Plaintiffs for their failure to pay taxes.

Our Supreme Court explained that unjust enrichment describes:

"… the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefore. *Buell*, 327 Mich. At 56, 41 N.W.2d 471.

* * * * *

"An examination of the elements of unjust enrichment is dispositive of whether plaintiff has established his unjust enrichment claim. Again, in order to establish a claim of unjust enrichment, plaintiff must demonstrate: (1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other party. *Morris Pumps,* 273 Mich. App. at 195, 729 N.W.2d 898. Turning to the first element, plaintiff has not shown that he conferred a benefit to Mellon, because Mellon acquired its interest in the property through the assignment of the mortgage executed by the Carefs, not through any action of plaintiff. Thus, there was no receipt of a benefit by Mellon from plaintiff …" *Karaus*, 300 Mich. App. at 23–24.

In *Karaus*, the plaintiff did not prove that it conferred a benefit to defendant, Mellon because defendant acquired its interest in the property through the assignment of a mortgage. "Thus, there was no receipt of a benefit […] from plaintiff." *Karaus*, supra at 23–24. Likewise, in this case, Defendant SNRI acquired its interest in the subject properties through the actions of the OCT and the City. SNRI did not acquire its ownership of the subject properties from Plaintiffs.

Moreover, in *Buell vs. Orion State Bank*, the Michigan Supreme Court noted:

"The phrase 'unjust enrichment' is used in law to characterize the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. * * * <u>One is not unjustly enriched, however, by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make</u>

restitution." 46 Am. Jur. pp. 99, 100." 327 Mich. 43, 56; 41 NW2d 472, 478 (1950) (emphasis added).

Here, SNRI acquired the subject properties from the City. The City acquired the properties from the OCT, which acquired ownership by means of, and by operation of lawfully conducted foreclosures pursuant to the GPTA due to Plaintiffs' failure to pay taxes. Therefore, Plaintiffs' cannot establish the first element of a claim for unjust enrichment because SNRI, and the other Non-Profit Defendants, did not receive anything from the complaining parties. Moreover, SNRI will not be unjustly enriched if it is able to sell a property for more than the cost spent by SNRI to either completely rehabilitate a property or demolish any property which is beyond repair. Defendant, SNRI, as owner of the subject properties with both the benefits and burdens of ownership, has no obligation to the Plaintiffs. Any benefit inuring to SNRI is a benefit which law and equity give Defendants absolutely without any obligation of Defendants' to compensate anyone who had an ownership interest prior to the divestiture of such ownership by means of a tax foreclosure order and subsequent failure to redeem the ownership interest  within the redemption period.

### III.   PLAINTIFFS' FAIL TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED BECAUSE THEY FAIL TO STATE ANY CLAIM AGAINST DEFENDANTS, SOUTHFIELD NON-PROFIT HOUSING CORPORATION, MITCHELL SIMON AND E'TOILE LIBBETT.

Notwithstanding the above reasons for dismissal, Plaintiffs' complaint must be dismissed against Defendants SNPHC, Mitchell Simon and E'Toile Libbett because it does not allege any conduct that could substantiate a claim.

The Sixth Circuit affirms that a Plaintiff cannot overcome a 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the Defendant violated the law. Instead, the sufficiency of a complaint turns on its 'factual content,' requiring the Plaintiff to plead enough 'factual matter' to raise a 'plausible inference of wrongdoing. *6630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678, 683). As such, a pleading will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Rather, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Thompson v. City of Memphis*, 491 F. App'x 616, 620-21 (6th Cir. 2012).

Here, there is not once single reference to Defendants, SNPHC, Mitchell Simon ("Simon") or E'Toile Libbett ("Libbett") in any of Plaintiffs' counts. In fact, the only reference to Defendant, SNPHC appears when discussing the parties identities in paragraph 6 ("… [SNPHC] is a 501(c) 3 non-profit corporation

Page | 18

organized under the rules of the IRS and incorporated in the State of Michigan.")
(ECF No. 1, PageID.3). This lone allegation is no basis to impose liability against
the SNPHC, let alone sufficient to state a cause of action against.

Likewise, the only reference to Defendant Simon appears when discussing the
parties identities, in paragraph 10  ("Defendant Mitchell Simon is a CPA and the
Treasurer of the SNPHC and Board member of SNPHC."), and in the General
Allegations in paragraph 71 ("Meisner, Zorn, Simon, Susan Ward - Witkowski and
Siver knew that their acts would remove the subject properties from the tax rolls of
Southfield for the gain of SNRI"). *See Compl.*, ECF No. 1, Page ID.3 and .13.
Defendant, Mitchell Simon serving as a CPA and the Treasurer of SNPHC or SNRI
is not a basis for liability, and without any allegation or factual information related
to how Mitchell Simon's alleged role in these claims, it is impossible for Defendant,
Mitchell Simon to respond to any of these counts or theorize about where Plaintiffs
believe Simon's liability stems from. Additionally, Plaintiffs complaint does not
allege how the acts of removing the subject properties from the tax rolls resulted in
a benefit to Defendant, Simon.

Likewise, Plaintiffs' only reference to Defendant, Libbett appears in
paragraph 11 ("Defendant E'toile Libbett is a real estate broker and board member
of SNRI ") (ECF No. 1, PageID.3) and in General Allegations, paragraph 68
("Defendants Zorn, Siver, Libbett entered into a conspiracy which to engage in a

scheme that conducted a pattern of unlawful activity affecting interstate commerce.") (ECF No. 1, PageID.12). Like Defendant, Simon, Defendant Libbett serving as a real estate broker is not a basis for liability. Without any allegation or factual information related to how Libbett's alleged role in these claims or "scheme," it is impossible for Defendant, Libbett to respond to any of these counts or theorize about where Plaintiffs believe her liability stems from. Additionally, Plaintiffs complaint does not allege with any factual specificity, what the "conspiracy" or "scheme" of unlawful activity effecting interstate commerce was, or how it relates in any way to Plaintiffs' sole claim of unjust enrichment against the Non-Profit Defendants.

Even in their references that Simon and Libbett played a role in the alleged "scheme", there is not one allegation with respect to how or in what manner each individual Defendant participated in this alleged "scheme" or even with respect to which of their seven causes of action this allegation applies. As such, Plaintiffs' complaint against Defendants SNPHC, Simon and Libbett must be dismissed because it offers no factual basis for including them in any capacity as Defendants, let alone any support that could be the basis for any liability. Plaintiffs' attempt to group Defendants SNPHC, Simon and Libbett with the other defendants without any claim of how their conduct contributed is insufficient under Fed. R. Civ. P. 12(b)(6). As such, Plaintiffs' complaint must be dismissed in whole and with prejudice.

## CONCLUSION AND RELIEF REQUESTED

Based on the aforementioned, Plaintiff's claims against Defendants, Southfield Non-Profit Housing Corporation, Southfield Neighborhood Revitalization Initiative, LLC, Mitchell Simon and E'Toile Libbett should be dismissed. The Non-Profit Defendants request that Plaintiff be ordered to pay their costs and attorney's fees and enjoin Plaintiff from filing any further actions against the responding Defendants prior to seeking leave to this Honorable Court.

Respectfully submitted,
**Pentiuk, Couvreur & Kobiljak, P.C.**

/s/ Joseph G. Couvreur (P41836)
By: Joseph G. Couvreur (P41836)
And: Matthew T. Nicols (P78297)
*Attorneys for Defendants Southfield Non-Profit*
*Housing Corp., Southfield Neighborhood*
*Revitalization Initiative, LLC, Mitchell Simon, and*
*E'Toile Libbett, only*
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
Tel: (734) 281-7100
jcouvreur@pck-law.com
mnicols@pck-law.com

Date: November 5, 2020.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Thursday, November 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification to the following parties: All Parties and Attorneys of Record.

/s/ Kimberly Collins
Pentiuk, Couvreur & Kobiljak, P.C.
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
T: (734) 281-7100
kcollins@pck-law.com
