UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANDA HALL, CAROLYN MILLER,
AMERICAN INTERNET GROUP, LLC,
ANTHONY AKANDE, CURTIS LEE and
CORETHA LEE, MARCUS BYERS and
KRISTINA GOVAN, individually and all
those similarly situated in the City of Southfield,

    Plaintiffs,

v.           Case No. 20-cv-12230-PDB-EAS
            Hon. Paul D. Borman

OAKLAND COUNTY TREASURER ANDREW
MEISNER, in his official and individual capacities,
OAKLAND COUNTY, SOUTHFIELD NEIGHBORHOOD
REVITALIZATION INITIATIVE, LLC, CITY OF SOUTHFIELD,
FREDERICK ZORN in his official and individual capacities,
SOUTHFIELD MAYOR KENSON SIVER, in his official
and individual capacities, SOUTHFIELD NON-PROFIT
HOUSING CORPORATION, HABITAT FOR HUMANITY
OF OAKLAND COUNTY INC., SUE WARD-WITKOWSKI, in
her former official and individual capacities, GERALD
WITOKOWSKI in his official and individual capacities,
TREASURER IRVIN LOWENBERG and in his official and
individual capacities, MITCHELL SIMON and E'TOILE LIBBETT,

    Defendants.

---

## OAKLAND COUNTY DEFENDANTS' MOTION TO DISMISS

---

Defendants Oakland County and Andrew Meisner move for dismissal pursuant to F.R.C.P. 12(b)(6) on Plaintiffs' Complaint (ECF No. 1 PageID. 1-56) for the following reasons:

1.     Plaintiffs claim various constitutional and common law violations related to the foreclosure of their properties because they failed to pay their taxes. They assert claims against Oakland County and its Treasurer, Andrew Meisner, (the "OC Defendants") as well as the City of Southfield and a related entity.

2.     The claims of Plaintiffs Miller, American Internet Group and Akande should be dismissed because they have previously litigated with the OC Defendants regarding their foreclosure and lost.  Their claims in this case are *res judicata* and are barred by the Full Faith and Credit Act.

3.     Plaintiff Byers fails to state a claim because the Complaint (ECF No. 1 PageID. 1-56) and the public record show he did not have an interest in the property which was foreclosed.  As a result, he lacks standing and his claim should be dismissed.

4.     Counts I-IV and VII claim Defendants, apparently including the OC Defendants, violated various constitutional or common law protections because they allegedly retained funds above the amount of taxes and other fees which were due.  However, the Complaint and the exhibits attached to the Complaint

(ECF No. 1 PageID. 1-56) show the OC Defendants received only that which Plaintiffs admit was due.  As a result, Plaintiffs have failed to state a claim against the OC Defendants.

5.     Count V claims a procedural due process violation.  Plaintiffs allege they entered into payment plans to avoid foreclosure but did not comply with those plans.  They claim they were entitled to receive more notice after they failed to pay.  Plaintiffs do not allege a failure of notice related to the foreclosure proceedings.  Plaintiffs were not entitled to further notice and fail to state a claim.

6.     Count VI claims a substantive due process violation.  This count should be dismissed because Plaintiffs have failed to adequately plead the claim and have other available remedies.   In addition, since the OC Defendants complied with the Michigan General Property Tax Act, Plaintiffs fail to assert a claim that the OC Defendants actions "shock the judicial conscience."  Plaintiffs fail to state a claim.

7.     The OC Defendants also adopt the arguments by their Co-Defendants.

8.     Pursuant to L.R. 7.1(a)(2), there was a conference between counsel in which Defendants' counsel explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

3

**WHEREFORE**, for the reasons stated in the attached brief in support, Defendants request the Court dismiss the Complaint (ECF No. 1 PageID. 1-56) with prejudice and award them costs and fees.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton

**WILLIAM H. HORTON** (P31567)
**JOHN R. FLEMING** (P79748)
Attorneys for Defendants Andrew Meisner and Oakland County
101 West Big Beaver Road, Tenth Floor
Troy, Michigan 48084-5280
(248) 457-7000
bhorton@gmhlaw.com
jfleming@gmhlaw.com

Date:  November 5, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANDA HALL, CAROLYN MILLER,
AMERICAN INTERNET GROUP, LLC,
ANTHONY AKANDE, CURTIS LEE and
CORETHA LEE, MARCUS BYERS and
KRISTINA GOVAN, individually and all
those similarly situated in the City of Southfield,

             Plaintiffs,                  Case No. 20-cv-12230-PDB-EAS

v.                                 Hon. Paul D. Borman

OAKLAND COUNTY TREASURER ANDREW
MEISNER, in his official and individual capacities,
OAKLAND COUNTY, SOUTHFIELD NEIGHBORHOOD
REVITALIZATION INITIATIVE, LLC, CITY OF SOUTHFIELD,
FREDERICK ZORN in his official and individual capacities,
SOUTHFIELD MAYOR KENSON SIVER, in his official
and individual capacities, SOUTHFIELD NON-PROFIT
HOUSING CORPORATION, HABITAT FOR HUMANITY
OF OAKLAND COUNTY INC., SUE WARD-WITKOWSKI, in
her former official and individual capacities, GERALD
WITOWSKI in his official and individual capacities,
TREASURER IRVIN LOWENBERG and in his official and
individual capacities, MITCHELL SIMON AND E'TOILE LIBBETT,

             Defendants.

---

OAKLAND COUNTY DEFENDANTS' BRIEF RE MOTION TO
DISMISS/SUMMARY JUDGMENT

## TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................... iii

CONTROLLING AUTHORITY................................................................ iv

STATEMENT OF ISSUE INVOLVED .......................................................... v

INDEX OF EXHIBITS ........................................................................ vi

INTRODUCTION............................................................................vii

FACTS .................................................................................... 1

ARGUMENT ............................................................................... 4

RELIEF REQUESTED ........................................................................ 12

# INDEX OF AUTHORITIES

## Cases

*Adair v. State*, 470 Mich. 105, 121 (2004)....................................................4

*Albright v. Oliver*, 510 U.S. 266, 275 (1994) ...............................................12

*Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 437 (6th Cir. 2008) ....................................................................................................11

*Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) . 3, 5

*County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)...........................12

*Curry v. Detroit*, 394 Mich. 327 (1975)..........................................................5

*Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).......2

*Jackson v. Southfield Neighborhood Revitalization Initiative*, Michigan Court of Appeals Docket #344058 (Dec. 19, 2019)          vii,10

*Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App 187, 195 (2006)......13

*Rafaeli v. Oakland County*, __ Mich. __ (2020) (2020 WL 4037642) ............2

*Range v. Douglas*, 763 F.3d 573 (6th Cir. 2014).........................................11

*Rogers v. Stratton Industries*, 798 F.2d 913, 917 (6th Cir. 1986)....................5

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)...........................11

*Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547-49 .....................6

*Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) ........................3

*U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998) ......6

*White v. Sadler*, 350 Mich. 511, 518 (1957)...............................................10

*Whittiker v. Deutsche Bank*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009) ......3

*Wrobel v. Huron-Clinton Metropolitan Authority*, 2014 WL 1440305 (April 15, 2014) ...........................................................................................................5

## Statutes

M.C.L. 211.78 ...............................................................................................1

M.C.L. 211.78l.............................................................................................12

M.C.L. 211.78l(3)........................................................................................12

## Other Authorities

Full Faith and Credit Act, 28 U.S.C. § 1738 .................................................4

<u>CONTROLLING AUTHORITY</u>

Rule 12

## STATEMENT OF ISSUE INVOLVED

Does the Complaint fail to state a claim?

Plaintiffs say "No."
Defendants say "Yes."

## <u>INDEX OF EXHIBITS</u>

A       2018 Property Tax Payment Plan (Tawanda Hall)

B       Plaintiffs' First Amended Class Action Complaint for Declaratory Relief, Injunctive Relief and Damages

C       Motion to Amend Complaint

D       Order on Defendants' Motion for Summary Disposition and Plaintiffs' Motion to Amend Complaint

E       Deed

F       Opinion, *Jackson v. Southfield Neighborhood Revitalization Initiative*, Michigan Court of Appeals Docket #344059 (Dec. 19, 2019)

## INTRODUCTION

Plaintiffs' putative class action Complaint (ECF No. 1 PageID. 1-56) alleges Defendants violated various provisions of the United States and Michigan Constitutions and the common law when they foreclosed on Plaintiffs' property and retained the "surplus/equity." Plaintiffs' Complaint as to Defendants Oakland County and its Treasurer, Andrew Meisner (the OC Defendants), should be dismissed for the following reasons:

- Plaintiffs Carolyn Miller, American Internet Group, LLC and Anthony Akande have already litigated and lost. Their claims are barred by *res judicata* and the Full Faith and Credit Act.

- Plaintiff Marcus Byers did not own the real estate at the time of the foreclosure. He lacks standing and Defendants are entitled to dismissal.

- Counts I-IV and VII fail to state a claim as to the OC Defendants because the OC Defendants took only what Plaintiffs acknowledge was due them.

- Count V (procedural due process) fails to state a claim because Plaintiffs received all the notice they were due.

- Count VI (substantive due process) fails to state a claim because it is inadequately pled, there are or were other available remedies and the conduct by the OC Defendants was authorized by statute.

## FACTS

Under Michigan's General Property Tax Act (GPTA), the county treasurer acts as the collection agent for the municipality where the property is located when taxpayers become delinquent on their property taxes.  After three years of delinquency, multiple notices and various hearings, a judgment of foreclosure is entered in favor of the county and title is transferred to the county treasurer. M.C.L. 211.78, *et seq*.

If the property is not redeemed by March 31, title is vested in the county treasurer and the property is disposed of as follows: (1) the state or municipality where the property is located has the right to claim the property in exchange for the payment to the county of the unpaid taxes, interest and other costs (the "minimum bid") or (2) if the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction in July and, if not sold, again in October.  M.C.L. 211.78m.

The Michigan Supreme Court recently held that when a property is sold at a tax foreclosure auction, the foreclosing governmental unit must return to the taxpayer the difference between the sale price at the auction and the minimum bid.  Otherwise, retention of the surplus is a taking under the Michigan Constitution.  *Rafaeli v. Oakland County*, __ Mich. __ (2020) (2020 WL

4037642).

In this case, Plaintiffs allege they entered into payment plans with the OC Defendants to try to save their properties from foreclosure but they failed to pay pursuant to those agreements and were foreclosed.   None of the Plaintiffs appealed.  In part, Plaintiffs allege they were entitled to further notice after they defaulted on the payment plans.  An example of a payment plan with Tawanda Hall is attached as Exhibit A – 2018 LS Delinquent Property Tax Payment Plan.[1] After foreclosure and, since Plaintiffs' properties were located in the City of Southfield, Southfield claimed the properties, as was their statutory right pursuant to M.C.L. 211.78m, by paying the OC Defendants the minimum bid and title was transferred to Southfield.  Complaint, ¶¶21-27 (ECF No. 1 PageID. 5, 6).

In 2017, Plaintiffs Carolyn Miller, American Internet Group, LLC, Anthony Akande and others filed a lawsuit in Oakland County Circuit Court against Oakland County, Andrew Meisner (its Treasurer), Southfield and a related party, generally alleging they were foreclosed because they are African-American. Exhibit B – Complaint for Housing Discrimination and Unequal Treatment Under

---

[1] This document is referred to in the Complaint, ¶¶ 31-33, 126-134 (ECF No. 1 PageID. 7, 26, 27) and is central to the Plaintiffs' claim and, therefore, does not take the motion out of Rule 12.  *E.g., Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

the Michigan Constitution Resulting in De Facto Redlining Against African Americans. [2]   They alleged they were not given proper notice of the foreclosure proceedings, ¶7, they were targeted for foreclosure because they are African-American, ¶14, and they were not offered assistance to avoid foreclosure.  ¶24. They asserted claims on behalf of Plaintiff Miller (Count II), American Internet (Count V) and Akande (Count IV).  Plaintiffs subsequently moved to amend the complaint to allege that "Plaintiffs made timely payments that were rejected by Defendant Oakland County Treasurer."  Exhibit C - Motion to Amend Complaint, ¶2.

The OC Defendants, Southfield and Southfield Neighborhood Revitalization Initiative all moved to dismiss.  The state court judge dismissed the case with prejudice and assessed costs and attorney fees against counsel.  Exhibit D – Order on Defendants' Motions for Summary Disposition and Plaintiffs' Motion to Amend Complaint.  No appeal was taken and the judgment is final.

Separately, the real estate records indicate that Plaintiff Marcus Byers did not own the property at issue when it was foreclosed.  In 2008, as shown by

---

[2] Under Rule 12(b)(6), the Court may consider matters of "public record."  *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017).  State court proceedings are such records, *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010), as are foreclosure judgments.  *Whittiker v. Deutsche Bank*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009).

Exhibit G to the Complaint (ECF No. 1 PageID. 51), Mr. Byers then-wife, Debbie, purchased the property from Wells Fargo Bank.  A copy of that deed is attached as Exhibit E – Deed.  The property was foreclosed in 2018.  Complaint (ECF No. 1 PageID.51).

Plaintiffs all claim that the surplus value in their property was taken by the Defendants.  But, as shown below, the OC Defendants received only what Plaintiffs acknowledge they owed – the minimum bid.

<u>ARGUMENT</u>

1. <u>*Res Judicata* Bars Miller, American Internet and Akande</u>.

The claims of Plaintiffs Miller, American Internet Group and Akande are barred by *res judicata* and the Full Faith and Credit Act, 28 U.S.C. § 1738.  These Plaintiffs have litigated against the OC Defendants regarding the foreclosure and lost.  They fail to state a claim.

Michigan employs the broad form of *res judicata*.  "R*es judicata* applies if '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Adair v. State*, 470 Mich. 105, 121 (2004).  The broad form of *res judicata* applies not only to those claims which were actually litigated but also to those claims which could have been litigated.  *Id*.  Whether

claims could have been litigated "is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Id*. at 125. The Sixth Circuit and this Court have recognized and applied Michigan's rule. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812 (6th Cir. 2010); *Wrobel v. Huron-Clinton Metropolitan Authority*, 2014 WL 1440305 (April 15, 2014).

The claims of Miller, American Internet and Akande in this case and the claims they made in the state court case are related in time, space, origin and motivation. The state court claims and the claims in this case both originate from the foreclosure of their properties. They involve exactly the same time and they involve the same motivation – to obtain damages related to the foreclosure of their properties. A dismissal for failure to state a claim is a dismissal on the merits. *E.g., Rogers v. Stratton Industries*, 798 F.2d 913, 917 (6th Cir. 1986) ("Rule 12(b)(6) judgments are dismissals on the merits"); *Curry v. Detroit*, 394 Mich. 327 (1975).

This case is not materially different than the issues before this Court in *Wrobel*. In that case, the plaintiffs brought a claim of discrimination and harassment in state court and lost. They later filed a claim in this Court alleging a violation of plaintiff's First Amendment rights. This Court dismissed on the basis

that the First Amendment claim could have been brought in the state court proceeding and, therefore, the federal case was barred by *res judicata*.

Just like in *Wrobel*, "Plaintiffs offer no reasonable excuse for failing to raise" these claims in state court.  The OC Defendants are entitled to Full Faith and Credit regarding the state court judgment and these three Plaintiffs' claims are precluded. They are entitled to full faith and credit here.  28 U.S.C. § 1738.  They should be dismissed.

2. <u>Plaintiff Byers Lacks Standing.</u>

Plaintiff Byers did not own the property which was foreclosed.  As a result, he lacks standing and his claim should be dismissed.

In order to have standing, Plaintiff Byers must show he suffered an injury in fact which is particularized and tangible.  *E.g., Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547-49.  He must be able to assert that he had an ownership interest in the property at issue.  *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998).

Plaintiff Byers did not have an ownership interest in the property at issue.  In 2008, his then-wife purchased the property from Wells Fargo Bank (Complaint, ECF No. 1 PageID.51); Exhibit E - Deed.  The property was foreclosed in 2018.  Complaint, ¶26 (ECF No. 1 PageID. 6).  Without an ownership interest in the

property, Plaintiff Byers was not injured and lacks standing.  His claims should be dismissed.

3. <u>The Remaining Defendants Fail to State a Claim.</u>

A. <u>Counts I-IV.</u>

Counts I, II, III, and IV all make the same fundamental allegation: Defendants took more than what was due. At the outset of their Complaint, Plaintiffs make the blanket statement that they "do not contest the tax assessed…but only seek compensation for the taking of their equity/surplus equity…."  Complaint, ¶17 (ECF No. 1 PageID. 4).  Count I asserts Defendants took property "beyond the amount of unpaid taxes and administrative expenses, costs and interest" (i.e., the minimum bid).  Complaint, ¶90 (ECF No. 1 PageID. 18).  Count II claims the "equity and/or surplus equity" was taken.  Complaint, ¶96 (ECF No. 1 PageID. 19).  Count III states Defendants retained "profits from the auction of their properties over and above the amount of unpaid taxes and administrative expenses, costs and interest owed by each debtor…."  Complaint, ¶112 (ECF No. 1 PageID. 24).  Count IV claims Defendants violated the excessive fines clause of the Eighth Amendment by "retaining all the surplus equity in Plaintiffs' property…."  Complaint, ¶119 (ECF No. 1 PageID. 25).

However, while Plaintiffs use the general term "Defendants," they do not and cannot mean or cannot legitimately assert that the OC Defendants received more than the minimum bid.  The Complaint alleges that each of the Plaintiffs' properties were foreclosed, recites the minimum bid amount which Plaintiffs acknowledge was due,  correctly claims that Southfield took title pursuant to its statutory right of first refusal under the GPTA, and that Southfield paid the OC Defendants only what Plaintiffs owed.  Complaint, ¶¶21-27 (ECF No. 1 PageID. 5, 6).

The OC Defendants received only that which Plaintiffs acknowledge was owed to the OC Defendants.  The exhibits attached to the Complaint show that the OC Defendants received only the minimum bid amount and no "surplus," "surplus equity" or any other amount.  The chart below – taken directly from the Complaint – shows the OC Defendants received only the amount they were due:

| PLAINTIFF | AMOUNT DUE | SOLD AMOUNT |
|---|---|---|
| Hall | $22,642 (Complaint, ¶21) | $22,642 (ECF No. 1 PageID. 36) |
| Miller | $29,759 (Complaint, ¶22) | $29,759 (ECF No. 1 PageID. 39) |
| American Internet | $9,974   (Complaint, ¶23) | $9,974   (ECF No. 1 PageID. 42) |
| Akande | $2,415   (Complaint, ¶24) | $2,415   (ECF No. 1 PageID. 45) |
| Lee | $30,547 (Complaint, ¶25) | $30,547 (ECF No. 1 PageID. 48) |
| Byers | $4,113   (Complaint, ¶26) | $4,113   (ECF No. 1 PageID. 51) |
| Govan | $45,350 (Complaint, ¶27) | $43,350 (ECF No. 1 PageID. 54) |

The essence of the holding of *Rafaeli* is that the foreclosing governmental unit cannot take more than it is owed. If it takes any surplus, it must return it to the taxpayer.

> Accordingly, when property is taken to satisfy an unpaid tax debt, just compensation requires the foreclosing government unit to return an proceeds from the tax-foreclosure sale in excess of the delinquent taxes, interest, penalties, and fees reasonably related to the foreclosure and sale of the property – no more, no less.

*Rafaeli* at p. 48.

Here, the OC Defendants did not violate Plaintiffs' alleged rights because the OC Defendants only received the "delinquent taxes, interest, penalties, and fees reasonably related to the foreclosure and sale of the property – no more, no less." Plaintiffs have failed to state a claim against the OC Defendants.

B. <u>Procedural Due Process</u>.

Count V alleges the OC Defendants did not take "additional reasonable steps" to notify Plaintiffs that they had defaulted on their payment plans. Complaint, ¶132 (ECF No. 1 PageID. 27). However, no additional notice is required.

The payment plans Plaintiffs entered into clearly state that if they do not make payments in accordance with the plan, "I will lose my property." Exhibit A – 2018 Delinquent Property Tax Payment Plan. They will continue "the tax

foreclosure process" including the receipt of additional notices.  If payments are made pursuant to the plan, the property may be "withheld from auction."  Plaintiffs do not claim they made the required payments.

Plaintiffs do not cite a statutory or constitutional provision requiring additional notice.  Completing the foreclosure was simply a "matter of course" and no advance notice is required.  *See White v. Sadler*, 350 Mich. 511, 518 (1957).  Like the appellant in *White*, Plaintiffs can "cite no controlling authority and we find none." *Id.* at 517.

In addition, the Michigan Court of Appeals has addressed this exact issue and held that no notice is required.   In *Jackson v. Southfield Neighborhood Revitalization Initiative*, Michigan Court of Appeals Docket #344058 (Dec. 19, 2019) (Exhibit F), the Court affirmed dismissal of the exact same claims brought by the same attorney as this case, stating "no further notice was required.  The Oakland County Treasurer, having complied with all notice requirements, did not deprive plaintiffs of their right to due process."  *Id.* at 9.  So here too.

C. <u>Substantive Due Process</u>.

Count VI claims a substantive due process violation.  Plaintiffs allege the Defendants conspired to send "deceptive communications" to Plaintiffs, Complaint, ¶136 (ECF No. 1 PageID. 28), which led them to believe "they had

the ability to maintain their property rights."   Complaint, ¶138 (ECF No. 1
PageID. 28).   Plaintiffs do not identify who, what, where or when these alleged
communications occurred or the substance of the communications.   "It is well-
settled that conspiracy claims must be pled with some degree of specificity and
that vague and conclusory allegations unsupported by material facts will not be
sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d
849, 854 (6th Cir. 2003).   "The complaint must 'give the defendants fair notice
of what the plaintiff's claim is and the grounds upon which it rests.'" *Bassett v.
National Collegiate Athletic Association*, 528 F.3d 426, 437 (6th Cir. 2008).   The
allegations in Plaintiffs' Complaint (ECF No. 1 PageID. 1-56) meet neither of
these requirements.

Substantively, Plaintiffs had another available remedy and failed to pursue
it.   They attempt to use this case as their vehicle to avoid their failure to act which,
under Michigan  law, is now time barred.   In order to state a claim for a violation
of substantive rights under the due process clause by executive action, there must
be no other available remedy and the actions of the executive must be so arbitrary
as to "shock the judicial conscience." *Range v. Douglas*, 763 F.3d 573 (6th Cir.
2014).   Conduct which shocks the conscience, and thus violates substantive due
process under the Fourteenth Amendment, means conduct so brutal and offensive

that they do not comport with traditional ideas of fair play and decency. *Id.*[3]

The GPTA provides another "available remedy." Pursuant to M.C.L. 211.78l, a person who did not receive notice may bring an action in the Michigan Court of Claims. However, they must do so within two years of the foreclosure. M.C.L. 211.78l(3). Plaintiffs have failed to do so and cannot justify this count because of their lack of diligence. As to the claim for any alleged surplus, they may have a remedy under *Rafaeli* (but not against the OC Defendants).

But the OC Defendants have not taken any executive action which can shock the judicial conscience – they have simply followed the GPTA. As to the OC Defendants, under any scenario related to the facts in this case, action authorized by the GPTA cannot be considered "arbitrary" or an "abuse of power." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

D. Unjust Enrichment.

Plaintiffs assert a common law claim for unjust enrichment in Count VII. However, it appears this claim is only against Defendant SNRI or, at least, not

---

[3] Due process relates to process – procedure – not substance. A fair and simple reading of the due process clause and case law over more than 200 years states that a person can be deprived of "life, liberty or property" (i.e., substance) if they are afforded "due process of law" (procedure). Implying that a substantive right arises out of a procedural guaranty requires monumental gymnastic skills. But, it appears to currently be a recognized right, so it must be addressed. *See Albright v. Oliver*, 510 U.S. 266, 275 (1994) (Scalia, J, concurring).

against the OC Defendants.  The heading of the count says it is "against all Defendants except Oakland County."  The OC Defendants assume this means both the County and its Treasurer.  The claimed unjust enrichment is allegedly only by Defendant SNRI.  Complaint, ¶¶145, 146, 148 (ECF No. 1 PageID. 29).

However, to the extent it relates to the OC Defendants, Plaintiffs do not and cannot claim the OC Defendants have been unjustly enriched.  As indicated above, the OC Defendants received only that which they were entitled to – the minimum bid.  Complaint, ¶¶21-27 (ECF No. 1 PageID. 5, 6).  It is axiomatic that in order to state a claim for unjust enrichment, the defendant must have been unjustly enriched. *E.g., Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App 187, 195 (2006) ("the law will imply a contract to prevent unjust enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense").  The OC Defendants were not unjustly enriched – they received only that which they were due.

## RELIEF REQUESTED

The OC Defendants request the Court to dismiss the Complaint.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Defendants Andrew Meisner
and Oakland County
101 West Big Beaver Road, Tenth Floor
Troy, Michigan 48084-5280
(248) 457-7000
Date: November 5, 2020         bhorton@gmhlaw.com

## CERTIFICATE OF SERVICE

On November 5, 2020, I certify that I electronically filed this document with

the Clerk of the Court for the ECF System, which will send notice of such electronic

filing to all counsel of record registered electronically, and will serve via First Class

U.S. Mail to the following:  None.

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Defendants Oakland
County and Andrew Meisner
bhorton@gmhlaw.com