UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANDA HALL, CAROLYN MILLER,
AMERICAN INTERNET GROUP, LLC,
ANTHONY AKANDE, CURTIS LEE AND
CORETHA LEE, MARCUS BYERS, and
KRISTINA GOVAN, individually and
all those similarly situated in the City
of Southfield

      Plaintiffs,

v.

OAKLAND COUNTY TREASURER ANDY
MEISNER, in his official and individual
capacities; OAKLAND COUNTY, SOUTHFIELD
NEIGHBORHOOD REVITALIZATION INITIATIVE,
 LLC,  CITY OF SOUTHFIELD, FREDERICK ZORN
 in his official and individual capacities,
SOUTHFIELD MAYOR KENSON SIVER in his
official and individual capacities, SOUTHFIELD
 NON-PROFIT HOUSING CORPORATION, HABITAT
 FOR HUMANITY OF OAKLAND COUNTY, INC.,
SUSAN WARD-WITKOWSKI, in her former official
and individual capacities, GERALD WITKOWSKI,
in his official and individual capacities,
TREASURER IRVIN LOWENBERG, and in his official
and individual capacities, MITCHELL SIMON, and
E'TOILE LIBBETT,

      Defendants.

_____

Case No. 3:20-cv-12230-RHC-EAS
Hon.  Robert H. Cleland
Mag. Judge Elizabeth A. Stafford

| DEFENDANTS CITY OF SOUTHFIELD, FREDERICK ZORN,  KENSON SIVER, SUE WARD-WITKOWSKI, GERALD WITKOWSK, AND IRVIN LOWENBERG'S MOTION TO DISMISS |
| --- |

**SMITH LAW GROUP**
By: Scott F. Smith (P28472)
30833 Northwestern Hwy, Ste 200
Farmington Hills, Michigan 48075
P: (248) 302-7181
E: smithsf.law@gmail.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
     Michael A. Knoblock (P77544)
*Attorneys for Defendants City of*
*Southfield, Siver, Zorn, Ward-Witkowski*
*Witkowski, and Lowenberg, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com
     mknoblock@sewardhenderson.com

**PENTIUK, COUVREUR & KOBILJAK**
By: Joseph G. Couvreur (P41836)
     Matthew T. Nicols (P78297)
*Attorneys for Defendants Southfield*
*Non-Profit Housing Corp., SNRI, LLC,*
*Simon, and Libbett, only*
2915 Biddle Avenue, Suite 200
Wyandotte, Michigan 48192
P: (734) 281-7100
F: (734) 281-7102
E: jcouvreur@pck-law.com
     mnicols@pck-law.com

**GIARMARCO, MULLINS & HORTON**
By: William H. Horton (P31567)
     John R. Fleming (P79748)
*Attorneys for Defendants Meisner*
*and Oakland County, only*
101 West Big Beaver Road
Tenth Floor
Troy, Michigan 48084
P: (248) 457-7000
E: bhorton@gmhlaw.com
     jfleming@gmhlaw.com

**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**
By: Gayle S. McGregor (P43500)
*Attorneys for Defendant Habitat*
*for Humanity of Oakland Co., only*
380 N. Old Woodward Ave., Suite 300
Birmingham, Michigan 48009
P: (248) 642-0333
E: gsmcgregor@wwrplaw.com

## DEFENDANTS CITY OF SOUTHFIELD, FREDERICK ZORN, KENSON SIVER, SUSAN WARD-WITKOWSKI, GERALD WITKOWSKI, AND IRVIN LOWENBERG'S MOTION TO DISMISS

Defendants **CITY OF SOUTHFIELD, FREDERICK ZORN, KENSON SIVER, SUSAN WARD-WITKOWSKI, GERALD WITKOWKSI,** and **IRVIN LOWENBERG**, only, (hereafter, "Southfield Defendants") by and through the undersigned counsel, submit the following as their Motion to Dismiss. In support of their motion, the Southfield Defendants rely on the attached brief. The Southfield Defendants sought concurrence under E.D. Mich. LR 7.1(a) by e-mailing Plaintiffs' counsel a copy of this motion on November 6, 2020. Plaintiffs denied concurrence on that date.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Michael A. Knoblock (P77544)
*Attorneys for Defendants City of Southfield,*
*Siver, Zorn, Ward-Witkowski, Witkowski,*
*and Lowenberg, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: mknoblock@sewardhenderson.com

Dated:   November 6, 2020

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANDA HALL, CAROLYN MILLER,
AMERICAN INTERNET GROUP, LLC,
ANTHONY AKANDE, CURTIS LEE AND
CORETHA LEE, MARCUS BYERS, and
KRISTINA GOVAN, individually and
all those similarly situated in the City
of Southfield

      Plaintiffs,

v.

OAKLAND COUNTY TREASURER ANDY
MEISNER, in his official and individual
capacities; OAKLAND COUNTY, SOUTHFIELD
NEIGHBORHOOD REVITALIZATION INITIATIVE,
 LLC,  CITY OF SOUTHFIELD, FREDERICK ZORN
 in his official and individual capacities,
SOUTHFIELD MAYOR KENSON SIVER in his
official and individual capacities, SOUTHFIELD
 NON-PROFIT HOUSING CORPORATION, HABITAT
 FOR HUMANITY OF OAKLAND COUNTY, INC.,
SUSAN WARD-WITKOWSKI, in her former official
and individual capacities, GERALD WITKOWSKI,
in his official and individual capacities,
TREASURER IRVIN LOWENBERG, and in his official
and individual capacities, MITCHELL SIMON, and
E'TOILE LIBBETT,

      Defendants.

Case No. 3:20-cv-12230-RHC-EAS
Hon.  Robert H. Cleland
Mag. Judge Elizabeth A. Stafford

> BRIEF IN SUPPORT OF
> DEFENDANTS CITY OF
> SOUTHFIELD, FREDERICK
> ZORN,  KENSON SIVER,
> SUE WARD-WITKOWSKI,
> GERALD WITKOWSK, AND
> IRVIN LOWENBERG'S
> MOTION TO DISMISS

_____

**SMITH LAW GROUP**
By: Scott F. Smith (P28472)
30833 Northwestern Hwy, Ste 200
Farmington Hills, Michigan 48075
P: (248) 302-7181
E: smithsf.law@gmail.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
   Michael A. Knoblock (P77544)
*Attorneys for Defendants City of*
*Southfield, Siver, Zorn, Ward-Witkowski*
*Witkowski, and Lowenberg, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com
   mknoblock@sewardhenderson.com

**PENTIUK, COUVREUR & KOBILJAK**
By: Joseph G. Couvreur (P41836)
   Matthew T. Nicols (P78297)
*Attorneys for Defendants Southfield*
*Non-Profit Housing Corp., SNRI, LLC,*
*Simon, and Libbett, only*
2915 Biddle Avenue, Suite 200
Wyandotte, Michigan 48192
P: (734) 281-7100
F: (734) 281-7102
E: jcouvreur@pck-law.com
   mnicols@pck-law.com

**GIARMARCO, MULLINS & HORTON**
By: William H. Horton (P31567)
   John R. Fleming (P79748)
*Attorneys for Defendants Meisner*
*and Oakland County, only*
101 West Big Beaver Road
Tenth Floor
Troy, Michigan 48084
P: (248) 457-7000
E: bhorton@gmhlaw.com
   jfleming@gmhlaw.com

**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**
By: Gayle S. McGregor (P43500)
*Attorneys for Defendant Habitat*
*for Humanity of Oakland Co., only*
380 N. Old Woodward Ave., Suite 300
Birmingham, Michigan 48009
P: (248) 642-0333
E: gsmcgregor@wwrplaw.com

## BRIEF IN SUPPORT OF DEFENDANTS CITY OF SOUTHFIELD, FREDERICK ZORN, KENSON SIVER, SUSAN WARD-WITKOWSKI, GERALD WITKOWSKI, AND IRVIN LOWENBERG'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Questions Presented** ..........................................................iii

**Most Controlling Authorities** .........................................v

**Index of Authorities** ........................................................vi

**Introduction and Statement of Facts** ........................ 1

**Standard of Review** ......................................................... 6

**Law and Argument** .......................................................... 7

  **I.   Res Judicata Bars the Claims of Plaintiffs Hall, Miller, American Internet Group, LLC, and Akande** ............................................... 7

    a.   Law - Res Judicata, Voluntary Dismissal, and Prior Lawsuits ....... 7

    b.   Analysis – Res Judicata Bars Plaintiffs Hall, Miller, American Internet Group, and Akande's Claims ........................................ 8

  **II.  Plaintiff Byers Lacks Standing** ...........................................10

    a.   Law – Standing and Property Rights.................................10

    b.   Analysis – Plaintiff Byers Lacks Standing.......................11

  **III. Plaintiffs Have Failed to State a Fifth Amendment Takings Claim Against the Southfield Defendants** ...........................................12

    a.   Law – Takings Under the Fifth Amendment...................12

    b.   Analysis – Plaintiffs Cannot State a Takings Claim Against the Southfield Defendants ...................................................13

  **IV.  Plaintiffs Have Failed to State an Eighth Amendment Excessive Fines Claim Against the Southfield Defendants** ......................................14

    a.   Law – Excessive Fines Under the Eighth Amendment...................14

    b.   Analysis – Plaintiffs Cannot State an Eighth Amendment Excessive Fines Claim Against the Southfield Defendants....................15

  **V.  Plaintiffs Have Failed to State a Due Process Claim Against the Southfield Defendants** .................................................................16

i

a.    Law – Deprivation of a Property Interest and Post-Deprivation
Remedies ....................................................................................16

b.    Analysis – Plaintiffs Cannot State a Due Process Claim Against the
Southfield Defendants ................................................................17

**VI.   Plaintiffs Have Failed to State an Unjust Enrichment Claim
Against the Southfield Defendants** ...........................................20

a.    Law – Unjust Enrichment and Foreclosures Under Michigan
Law.. ..........................................................................................20

b.    Analysis – Plaintiffs Cannot State an Unjust Enrichment Claim
Against the Southfield Defendants Because There Was No Receipt of
Benefit from Plaintiffs ................................................................21

**Conclusion** ....................................................................................21

## QUESTIONS PRESENTED

1. Whether the claims of Plaintiffs Hall, Miller, American Internet Group, LLC, and Akande are barred by res judicata because of their prior lawsuits involving the tax foreclosures of their properties?

The Southfield Defendants answer, "*Yes.*"

Plaintiffs answer, "*No.*"

2. Whether Plaintiff Marcus Byers lacks standing because he never had title to the property that is the subject of his claims?

The Southfield Defendants answer, "*Yes.*"

Plaintiffs answer, "*No.*"

3. Whether Plaintiffs fail to adequately plead a takings claim because they have no cognizable property interest in the alleged equity in the foreclosed properties and the Southfield Defendants never took property from them?

The Southfield Defendants answer, "*Yes.*"

Plaintiffs answer, "*No.*"

4. Whether Plaintiffs fail to state an excessive fines claim because the Southfield Defendants never took punitive action against the Plaintiffs?

The Southfield Defendants answer, "*Yes.*"

Plaintiffs answer, "*No.*"

5. Whether Plaintiffs fail to state a due process claim because they cannot identify a property interest they were deprived of and they had adequate post-deprivation remedies?

The Southfield Defendants answer, "*Yes.*"

Plaintiffs answer, "*No.*"

6. Whether Plaintiffs fail to state an unjust enrichment claim because the Southfield Defendants never received a benefit from Plaintiffs?

The Southfield Defendants answer, "*Yes.*"

Plaintiffs answer, "*No.*"

## Most Controlling Authorities

1. *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538 (6th Cir. 2001) and *Limbach v. Oakland Cty. Bd. of Cty. Rd. Comm'rs*, 226 Mich. App. 389, 573 N.W.2d 336 (1997) for the position that the claims of Plaintiffs Hall, Miller, American Internet Group, LLC, and Akande are barred by res judicata.

2. *United States v. Real Prop. Located at 4527-4535 Michigan Ave., Detroit, Mich.*, 489 F. App'x 855 (6th Cir. 2012) for the position that Plaintiff Byers lacks standing to bring his claims.

3. *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590 (6th Cir. 2016) and *Rafaeli, LLC v. Oakland Cty.*, No. 156849, 2020 WL 4037642 (Mich. July 17, 2020) for the position that Plaintiffs have failed to state a Fifth Amendment Takings claim against the Southfield Defendants.

4. *Helvering v. Mitchell*, 303 U.S. 391 (1938) and *F.P. Dev., LLC v. Charter Twp. of Canton*, 456 F. Supp. 3d 879, 896 (E.D. Mich. 2020) for the position that Plaintiffs fail to state an Eighth Amendment Excessive Fines claim against the Southfield Defendants.

5. *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) and *Parratt v. Taylor*, 451 U.S. 527, 538 (1981), *overruled on other grounds by Daniels v Williams*, 474 US 327 (1986), for the position that Plaintiffs fail to state a due process claim against the Southfield Defendants.

6. *Karaus v. Bank of New York Mellon*, 300 Mich. App. 9 (2012) for the position that Plaintiffs fail to state an unjust enrichment against the Southfield Defendants.

## INDEX OF AUTHORITIES

**Cases**

*Allen v. McCurry*,
  449 U.S. 90 (1980) ............................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................ 6

*Bd. of Regents of State Colleges v. Roth*,
  408 U.S. 564 (1972) .........................................10, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................ 7

*Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*,
  492 U.S. 257 (1989) .........................................14, 15

*Dallaire v. Treatment Works, Inc.*,
  No. 308028, 2012 WL 6602029 (Mich. Ct. App. Dec. 18, 2012).................... 9

*F.P. Dev., LLC v. Charter Twp. of Canton*,
  456 F. Supp. 3d 879 (E.D. Mich. 2020)...................................... v, 15

*Helvering v. Mitchell*,
  303 U.S. 391 (1938) .................................................. v, 15

*Hutcherson v. Lauderdale Cty., Tennessee*,
  326 F.3d 747 (6th Cir. 2003) ........................................... 8

*In re Treasurer of Wayne Cty. for Foreclosure*,
  478 Mich. 1 (2007) ....................................................19

*Jones v. State Farm Mut. Auto. Ins. Co.*,
   202 Mich. App. 393, 509 N.W.2d 829 (1993) .................................................. 8

*Karaus v. Bank of New York Mellon*,
   300 Mich. App. 9 (2012) ............................................................................. v, 20

*Ken-N.K., Inc. v. Vernon Twp.*,
   18 F. App'x 319 (6th Cir. 2001) ....................................................................10

*Limbach v. Oakland Cty. Bd. of Cty. Rd. Comm'rs*,
   226 Mich. App. 389, 573 N.W.2d 336 (1997) ............................................. v, 8

*Little v. Comm'r*,
   106 F.3d 1445 (9th Cir. 1997) .......................................................................15

*Macene v. MJW, Inc.*,
   951 F.2d 700 (6th Cir. 1991) .........................................................................16

*McCreary v. Shields*,
   333 Mich. 290 (1952) ....................................................................................20

*McNichols v. Comm'r*,
   13 F.3d 432 (1st Cir. 1993) ...........................................................................15

*Meth v. Kilpatrick*,
   No. 08-11589, 2008 WL 4960171 (E.D. Mich. Nov. 20, 2008) ......................11

*MX Grp., Inc. v. City of Covington*,
   293 F.3d 326 (6th Cir. 2002) .........................................................................10

*O'Connell v. Berrien Cty. Treasurer*,
   No. 338827, 2018 WL 910714 (Mich. Ct. App. Feb. 15, 2018) .....................20

*Parratt v. Taylor,*
  451 U.S. 527 (1981), *overruled on other grounds by Daniels v Williams,*
  474 US 327 (1986) ...................................................................................... v, 17

*Parsons Steel, Inc. v. First Alabama Bank,*
  474 U.S. 518 (1986) ............................................................................................ 7

*Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.,*
  732 F.3d 645 (6th Cir. 2013) ............................................................................. 7

*Puckett v. Lexington-Fayette Urban Cty. Gov't,*
  833 F.3d 590 (6th Cir. 2016) ....................................................................... v, 12

*Rafaeli, LLC v. Oakland Cty.,*
  No. 156849, 2020 WL 4037642 (Mich. July 17, 2020) .............................. v, 13

*Ronald Hayes, et al. v. Oakland County Treasurer's Office, et al.,*
  Case No. 2017-157366-CZ (Michigan Sixth Judicial Circuit, 2017) ............. 4

*Schwartz v. City of Flint,*
  187 Mich. App. 191, 466 N.W.2d 357 (1991) ................................................. 8

*Spokeo, Inc. v. Robins,*
  136 S. Ct. 1540 (2016) ...................................................................................10

*Stockler v. City of Detroit,*
  885 F.2d 871 (6th Cir. 1989) ....................................................................17, 20

*Tam Travel, Inc. v. Delta Airlines, Inc.,*
  583 F.3d 896 (6th Cir.2009) ............................................................................ 6

*United States v. Real Prop. Located at 4527-4535 Michigan Ave., Detroit, Mich.,*
  489 F. App'x 855 (6th Cir. 2012) ................................................................ v, 11

*Warfield v. AlliedSignal TBS Holdings, Inc.,*
   267 F.3d 538 (6th Cir. 2001) ........................................................................ v, 7

*Warren v. City of Athens, Ohio,*
   411 F.3d 697 (6th Cir. 2005) ...........................................................................16

*Wojcik v. City of Romulus,*
   257 F.3d 600 (6th Cir. 2001) ...................................................................... v, 16

*Wright v. Genesee Co.,*
   504 Mich. 410 (2019) ........................................................................................20

**Statutes**

28 U.S.C. §1738 ...................................................................................................... 7

Mich. Comp. Laws § 211.78m .............................................................................21

Mich. Comp. Laws § 566.106 ...............................................................................11

Mich. Comp. Laws §211.78(8)(a) .........................................................................13

Mich. Comp. Laws §211.78k(6) ...........................................................................13

Mich. Comp. Laws §211.78q .................................................................................18

Mich. Comp. Laws 211.78b ...................................................................................19

Mich. Comp. Laws 211.78c ...................................................................................19

Mich. Comp. Laws 211.78f ....................................................................................19

Mich. Comp. Laws 211.78i .....................................................................................19

Mich. Comp. Laws 211.78k ...................................................................................19

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................... passim

Fed. R. Civ. P. 41(a)(1)(A)(ii) ............................................................ 8

Fed. R. Civ. P. 8(a) ....................................................................... 6

Mich. Ct. R. 2.116(C)(8).............................................................4, 9

Mich. Ct. R. 2.612(C)(1)(a) ....................................................... 19

Mich. Ct. R. 2.612(C)(1)(b) ....................................................... 19

Mich. Ct. R. 2.612(C)(1)(c) ....................................................... 19

Mich. Ct. R. 2.612(C)(1)(f)........................................................ 19

x

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs allegedly owned property in the City of Southfield that was foreclosed on by the Oakland County Treasurer for unpaid property taxes. [ECF No. 1, PageID.5-7]. The City merely purchased the properties from Oakland County after the foreclosures for the delinquent tax amount – pursuant to its right of first refusal under Michigan law – and subsequently deeded them to the Southfield Neighborhood Revitalization Initiative ("SNRI") for $1.00. [ECF No. 1, PageID.5-7]. This is the second bite at the apple for many of these Plaintiffs, having brought prior lawsuits regarding the same underlying facts related to the foreclosures, and Plaintiff Marcus Byers never owned the property that is the subject of this lawsuit.

The underlying property interest related to the claims in this case, alleged forfeited equity in the foreclosed properties, is not cognizable under Michigan law. Moreover, the City had no direct involvement with the foreclosure of the properties or the retention of any proceeds after the foreclosures. As such, Plaintiffs are unable to state a claim against the Southfield Defendants.

<u>Plaintiff Tawanda Hall</u>

Plaintiff Hall claims her property was foreclosed on for a $22,642.00 tax debt. [ECF No. 1, PageID.5]. After foreclosure the City exercised its right of first refusal under Michigan's General Property Tax Act ("GPTA") and purchased the property for the tax debt amount. [ECF No. 1, PageID.5; ECF No. 1-3, PageID.36]. The City then deeded the property to the SNRI for $1.00. [ECF No. 1-3, PageID.36].

Ms. Hall subsequently filed suit in the Eastern District of Michigan against the Southfield Defendants (City of Southfield, Frederick Zorn, Kenson Siver, Sue Ward-Witkowski, Gerald Witkowski,[1] and Irvin Lowenberg), and the other Defendants in this case. [2:18-cv-14086 ECF No. 9, PageID.71-123]. In that case, she made claims related to the foreclosure and subsequent sale of her tax-foreclosed property. This includes a violation of the Fair Housing Act, a violation of due process, conspiracy and fraud under the RICO Act, and a state-law fraud claim. [2:18-cv-14086 ECF No. 9, PageID.88-96].

---

[1] Although Gerald Witkowski is not named by Ms. Hall in the caption of that case, she names him as a defendant later in her amended complaint. [2:18-cv-14086 ECF No. 9, PageID.81].

2

After filing a motion to dismiss, counsel for the Southfield Defendants asked Ms. Hall if she would be willing to dismiss the case due to the issues raised in their motion and because the City was not involved in the foreclosure process. Ms. Hall agreed to the dismissal through counsel from the Federal Pro Se Legal Assistance Clinic, and the Southfield Defendants were dismissed from the case with prejudice through a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  [2:18-cv-14086 ECF No. 21, PageID.251-252].

<u>Plaintiffs Carolyn Miller, American Internet Group, LLC, and Anthony Akande</u>

Plaintiff Miller claims her property was foreclosed on for a $29,759.00 tax debt. [ECF No. 1, PageID.5]. After foreclosure the City purchased the property from Oakland County for the $29,759.00 tax debt amount and deeded the property to the SNRI for $1.00. [ECF No. 1-4, PageID.39]. Plaintiff American Internet Group claims its property was foreclosed on for $9,974.00 of delinquent property taxes. [ECF No. 1, PageID.5]. The City also purchased this property for the tax debt and transferred it to the SNRI for $1.00. [ECF No. 1-5, PageID.42]. Similarly, Anthony Akande's property was allegedly foreclosed for $2,415.00, and the City purchased the property for that

3

amount and transferred it to the SNRI for $1.00. [ECF No. 1, PageID.6; ECF No. 1-6, PageID.45].

After the foreclosures and transfers, Miller, American Internet, and Akande filed suit in Oakland County Circuit Court against the Treasurer, City of Southfield, and SNRI. *Ronald Hayes, et al. v. Oakland County Treasurer's Office, et al.,* Case No. 2017-157366-CZ (Michigan Sixth Judicial Circuit, 2017). [Exhibit 1 – State Court Complaint][2]. That complaint was based on the same premise as this case – that the County, City, and SNRI created a scheme to divest Southfield citizens of their homes and procure a profit through application of Michigan's tax-foreclosure process. [Exhibit 1 – State Court Complaint, p. 3]. After dispositive motions were filed, Judge Matthews dismissed the case as to all Defendants under Mich. Ct. R. 2.116(C)(8). [Exhibit 2 – Order Granting Summary Disposition].

<u>Plaintiffs Curtis and Coretha Lee</u>

The Lee Plaintiffs' property was allegedly foreclosed on by Oakland County for $30,547, and then purchased for that amount by the City of

---

[2] The Court may rely on "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice" when analyzing a motion under Fed. R. Civ. P. 12(b)(6). *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).

Southfield. [ECF No. 1, PageID.6; ECF No. 1-7, PageID.48]. The City then transferred the property to SNRI for $1.00. [ECF No. 1-7, PageID.48].

<u>Plaintiff Marcus Byers</u>

Plaintiff Byers alleges that he held "equitable title" with his guardian in property that was foreclosed on for $4,113.00 in delinquent taxes. [ECF No. 1, PageID.6]. However, the records Plaintiff Byers attached to the complaint indicate the property was owned by, and foreclosed under the ownership of, Debbie Byers, who is not a named Plaintiff. [ECF No. 1-8, PageID.51]. This is confirmed by a copy of a deed from 2008 showing the property was deeded only to Debbie Byers. [Exhibit 8 – Debbie Byers' Deed]. After the foreclosure, the property was sold to the City for the tax debt amount, and then transferred to SNRI for $1.00. [ECF No. 1-8, PageID.51].

<u>Plaintiff Kristina Govan</u>

Plaintiff Govan's property was allegedly foreclosed on by the County for $45,450.00 in unpaid taxes. [ECF No. 1, PageID.6-7]. The City purchased this property for the tax debt amount and then transferred it to the SNRI for $1.00. [ECF No. 1-9, PageID.54].

<u>Plaintiffs' Requested Relief</u>

Plaintiffs now ask this Court to award them the "forfeited equity" in their foreclosed properties along with money damages for violations of the Takings Clause of the United States and Michigan Constitutions, Due Process Clause of the Fourteenth Amendment, and Excessive Fines Clause of the Eighth Amendment. [ECF No. 1, PageID.18-31]. They also make claims of unjust enrichment and inverse condemnation under Michigan state law. [ECF No. 1, PageID.21-23, 29-30].

## STANDARD OF REVIEW

A complaint must allege directly or inferentially the necessary elements for recovery under a viable legal theory to survive a motion to dismiss. *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir.2009). Complaints that aver "labels and conclusions" or "naked assertions" that have no additional factual support do not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires more than a simple "the-defendant-unlawfully-harmed-me accusation." *Id.*

Instead, Plaintiff must plead facts, including "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The factual allegations must rise above speculation and the claim

6

must be stated so it is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the Plaintiff's facts do not plausibly state a claim, dismissal is appropriate as a matter of law. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013); *Bell Atl. Corp* 550 U.S. at 555.

## LAW AND ARGUMENT

### I. Res Judicata Bars the Claims of Plaintiffs Hall, Miller, American Internet Group, LLC, and Akande

#### a. Law - Res Judicata, Voluntary Dismissal, and Prior Lawsuits

"A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001). Res judicata "precludes the parties or their privies from relitigating issues that were or could have been raised" in the previous action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Moreover, under 28 U.S.C. §1738, federal courts must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986).

Michigan broadly applies res judicata "both to claims actually raised in the prior action and to every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did

not." *Limbach v. Oakland Cty. Bd. of Cty. Rd. Comm'rs*, 226 Mich. App. 389, 396, 573 N.W.2d 336, 340 (1997) (quotation omitted). Res judicata applies if the "same facts or evidence are essential to the maintenance of the two actions." *Jones v. State Farm Mut. Auto. Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829, 834 (1993) (citation omitted). In this context, the focus is on whether the Court would have to "revisit issues and claims that were litigated or could have been litigated in state court." *Hutcherson v. Lauderdale Cty., Tennessee*, 326 F.3d 747, 759 (6th Cir. 2003).

    b. <u>Analysis – Res Judicata Bars Plaintiffs Hall, Miller, American Internet Group, and Akande's Claims</u>

       i.    Plaintiff Hall

In her prior suit, Plaintiff Hall stipulated with the Southfield Defendants to dismiss her claims with prejudice pursuant Fed. R. Civ. P. 41(a)(1)(A)(ii). Under *Warfield*, this was a final adjudication on the merits that implicates the effects of res judicata. This case involves the same parties and the same set of facts as the previous case. That is, the facts surrounding (1) Plaintiff's failure to pay taxes, (2) the County's foreclosure of her property because of that failure, (3) the City's purchase of the property after the foreclosure, and (3) the subsequent transfer of the property to SNRI. Any

claims related to those facts either were, or could have been, raised in the first lawsuit, and Plaintiff Hall is precluded from asserting them now.

      ii.     Plaintiffs Miller, American Internet Group, and Akande

Plaintiffs Miller, American Internet Group, and Akande's prior lawsuit in Oakland County Circuit Court was dismissed pursuant to Mich. Ct. R. 2.116(C)(8). This is an adjudication on the merits that implicates res judicata. *Dallaire v. Treatment Works, Inc.*, No. 308028, 2012 WL 6602029, at *4 (Mich. Ct. App. Dec. 18, 2012) [Exhibit 3 - *Dallaire v. Treatment Works, Inc.*]. That case also involved the same core set of facts that are applicable here. That is, the facts related to (1) the Plaintiffs' failure to pay property taxes, (2) the County's foreclosure on their properties due to the delinquent taxes, (3) the City's purchase of the properties after the foreclosures, and (3) the transfer of the properties from the City to SNRI. This overlap is apparent through the overarching allegation in each case – that the County, City, and SNRI conspired to take the homes of Southfield residents through the foreclosure process to procure a profit. Plaintiffs certainly could have brought their present claims in the state court proceedings, and they are precluded from doing so now.

## II.     Plaintiff Byers Lacks Standing

a. <u>Law – Standing and Property Rights</u>

Standing is a threshold question that asks "whether a plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction to justify exercise of the court's remedial powers on his behalf." *MX Grp., Inc. v. City of Covington*, 293 F.3d 326, 332 (6th Cir. 2002) (internal quotation marks and citations omitted). If a plaintiff cannot "demonstrate with specific, concrete facts that he personally would benefit in a tangible way from the court's intervention", he lacks standing. *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 326 (6th Cir. 2001) [Exhibit 4 - *Ken-N.K., Inc. v. Vernon Twp.*] (cleaned up) (citation omitted). Accordingly, plaintiff bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Interests in property are not created under the Constitution and instead must flow from an independent source like state law. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A party must show an interest in property created under state law to establish standing when claims relate to the ownership of real property. *See United States v. Real Prop.*

10

*Located at 4527-4535 Michigan Ave., Detroit, Mich.,* 489 F. App'x 855, 857 (6th Cir. 2012) [Exhibit 5 - *United States v. Real Prop. Located at 4527-4535 Michigan Ave., Detroit, Mich.*]; *Meth v. Kilpatrick*, No. 08-11589, 2008 WL 4960171, at *4-*5 (E.D. Mich. Nov. 20, 2008) [Exhibit 6 - *Meth v. Kilpatrick*].

In *Real Prop.*, claimants alleged an interest in a motorcycle clubhouse to establish standing to challenge a forfeiture action against the clubhouse. *Id.* at 857. The interest was based on an alleged understanding that they paid monthly dues in exchange for an ownership interest in the clubhouse. *Id.* Rejecting this assertion, the Court recognized that under Michigan law, "an interest in real property can only be created 'by act or operation of law, or by a deed or conveyance in writing.'" *Id.* (citing Mich. Comp. Laws § 566.106). Thus, the claimants lacked standing because the deed was not in their name nor did any other writing exist showing their interest in the property. *Id.*

b.  Analysis – Plaintiff Byers Lacks Standing

The claims in this case all depend on the ownership of tax-delinquent property that was foreclosed and then sold. Records Plaintiff Byers attached to the complaint clearly indicate that: (1) the property was conveyed from Wells Fargo Bank to Debbie Byers in 2008, and (2) the property was

11

conveyed from Debbie Byers to the Oakland County Treasurer by way of the foreclosure in 2018. [ECF No. 1-8, PageID.51]. Moreover, a deed confirms that the property was deeded to Debbie Byers only in 2008. [Exhibit 8 – Debbie Byers' Deed]. Like the *Real Prop.* case, title to the property never existed in Plaintiff Marcus Byers' name, nor has he provided a writing showing his interest in the property. Accordingly, he lacks standing to bring claims related to tax-foreclosed property that Debbie Byers previously held title in.

### III.   Plaintiffs Have Failed to State a Fifth Amendment Takings Claim Against the Southfield Defendants

   a.   Law – Takings Under the Fifth Amendment

The Sixth Circuit employs a two-part test for determining whether a government's actions take private property requiring just compensation under the Fifth Amendment: (1) the Plaintiffs must establish "a cognizable property interest" in the property and (2) when "a cognizable interest is implicated", a taking of private property by the government must occur. *Puckett v. Lexington-Fayette Urban Cty. Gov't,* 833 F.3d 590, 609 (6th Cir. 2016) (citations and internal quotation marks omitted).  As indicated above, interests in property are not created under the Constitution and must flow

from independent sources like state law. *Bd. of Regents of State Colleges*, 408 U.S. at 577.

In Michigan, the county treasurer is the foreclosing governmental unit for delinquent property taxes. Mich. Comp. Laws §211.78(8)(a). Once the treasurer forecloses and the redemption period passes, title vests absolutely in the foreclosing governmental unit. Mich. Comp. Laws §211.78k(6). The Michigan Supreme Court recently held that once a property is foreclosed on due to delinquent taxes, fee to the property rests with the county treasurer. *Rafaeli, LLC v. Oakland Cty.*, No. 156849, 2020 WL 4037642, at *21, n. 109, (Mich. July 17, 2020) [Exhibit 7 - *Rafaeli, LLC v. Oakland Cty.*]. The *Rafaeli* court made clear, once the property is foreclosed upon, title was divested from plaintiff and rests with the county. *Id.* at *24-25.

b. Analysis – Plaintiffs Cannot State a Takings Claim Against the Southfield Defendants

Plaintiffs cannot meet either prong of the two-part test under *Puckett*. First, they identify no cognizable property interest. In their relief requested, they seek the "forfeited equity" in their property. [ECF No. 1, PageID.30]. However, the constitution does not create property rights out of thin air – they must flow from a source like state law. Under Michigan law, as held in

*Rafaeli,* the only property interest that survives after title vests in the Treasurer is in any potential proceeds from a subsequent tax-foreclosure sale that are over and above the delinquent tax amount, "no more, no less." *Id.* at *25. Plaintiffs cannot state a takings claim because they have no cognizable property interest in any "forfeited equity" in the property, making dismissal under Fed. R. Civ. P. 12(b)(6) appropriate.

Plaintiffs also cannot show that the Southfield Defendants took any property from them. The Oakland County Treasurer is the foreclosing governmental unit under the GPTA, not the City. The *Rafaeli* court specifically rejected the claim being made here – that Plaintiffs retain a property right in the equity of the property following a tax foreclosure. As no state-created right exists, the City did not "*take"* Plaintiffs' property, and thus dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6)[3].

## IV. Plaintiffs Have Failed to State an Eighth Amendment Excessive Fines Claim Against the Southfield Defendants

### a. Law – Excessive Fines Under the Eighth Amendment

---

[3] Plaintiffs' takings and inverse condemnation claims under Michigan law likewise fail because the Southfield Defendants never "took" surplus proceeds from a tax foreclosure sale that Plaintiffs could possibly claim an interest in under *Rafaeli.*

The Eighth Amendment applies "primarily, and perhaps exclusively, to criminal prosecutions and punishments." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989) (citations omitted). To fall within the scope of the Eighth Amendment, Plaintiffs "must show that the fine is payment as 'punishment for some offense.'" *F.P. Dev., LLC v. Charter Twp. of Canton*, 456 F. Supp. 3d 879, 896 (E.D. Mich. 2020). When payments are remedial rather than punitive in nature, they do not fall within the scope of the Eighth Amendment. *Id.* Importantly, "sanctions imposing additions to a tax" are remedial rather than punitive. *Helvering v. Mitchell*, 303 U.S. 391, 401 (1938). Such sanctions are used "primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss" incurred from the taxpayer's actions. *Id. see also Little v. Comm'r,* 106 F.3d 1445, 1454 (9th Cir. 1997); *McNichols v. Comm'r*, 13 F.3d 432, 434 (1st Cir. 1993).

b.  <u>Analysis – Plaintiffs Cannot State an Eighth Amendment Excessive Fines Claim Against the Southfield Defendants</u>

The underlying logic of the above cases is focused upon the municipal entity that took action in the first place to exact some alleged penalty. As noted above, the Treasurer took action to foreclose Plaintiffs' property, not

the City. Once that occurred, title to the property rested with the County. The County then transferred the title to the City. At no time did the City take action against Plaintiffs. Thus, the Eighth Amendment claim as it relates to the City is meritless and is appropriately dismissed under Fed. R. Civ. P. 12(b)(6).

## V. Plaintiffs Have Failed to State a Due Process Claim Against the Southfield Defendants

### a. Law – Deprivation of a Property Interest and Post-Deprivation Remedies

For a procedural or substantive due process claim, Plaintiffs must first identify a protected liberty or property interest and how they were deprived of that interest. *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001). Plaintiffs have the burden of identifying an interest and showing how they were deprived of it before the Court even considers whether due process was given. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). Plaintiffs may not "manufacture" an interest, and "[u]nilateral expectations" of an interest do not suffice. *Wojcik*, 257 F.3d at 609. Instead, it must come from an independent source, like state law. *Id.* (citations omitted).

Moreover, a procedural due process claim based on a deprivation of property due to unauthorized actions of a government actor only survives

when there was no adequate post-deprivation remedy available to Plaintiffs. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). In this instance, due process is met when a state provides adequate post-deprivation remedies. *Parratt v. Taylor*, 451 U.S. 527, 538 (1981), *overruled on other grounds by Daniels v Williams*, 474 US 327 (1986).

In *Stockler v. City of Detroit*, 885 F.2d 871 (6th Cir. 1989) [Exhibit 9 - *Stockler v. City of Detroit*], plaintiffs appealed the dismissal of their due process claim that arose when the state demolished their building before doing a title search as required by ordinance.  On appeal, the Sixth Circuit recognized that their claim was related to the unauthorized omission of a required procedure. *Id.* at *3. Looking to Michigan law, plaintiffs could have brought an inverse condemnation claim in state court. *Id.* Accordingly, dismissal was appropriate because an adequate post-deprivation remedy existed under *Parratt*.

b. <u>Analysis – Plaintiffs Cannot State a Due Process Claim Against the Southfield Defendants</u>

i. No Property Interest

Plaintiffs' asserted property interest, the alleged forfeited equity in the properties, is not cognizable under Michigan law. As *Rafaeli* instructs, the

only property interest that survives the foreclosure is in surplus proceeds over and above the delinquent tax amount. Without a cognizable property interest, the due process claims fail and dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

    ii.    No Deprivation

For their procedural due process claim Plaintiffs allege the Treasurer: (1) entered into payment plan agreements with them, (2) told them to ignore foreclosure notices after the agreements were entered into, and (3) did not giving notice that they defaulted under the payment plans and that foreclosure would continue, resulting in the foreclosures and loss of alleged equity in the property. [ECF No. 1, PageID.27]. They claim their substantive due process rights were violated because they "were led to believe by the Oakland County [sic] and by Southfield and their respective officials that they had the ability to maintain their property rights." [ECF No. 1, PageID.28].

Under the GPTA, payment plans involve the delinquent taxpayer and the foreclosing governmental unit. Mich. Comp. Laws §211.78q. The City of Southfield is not involved with these payment plans. Plaintiffs' mere conclusion that the Southfield Defendants somehow led them to believe they

18

could maintain their property rights is not sufficient to meet their pleading requirements. *See Iqbal*, 556 U.S. at 679 (mere conclusions in a complaint "are not entitled to the assumption of truth"). Plaintiffs' due process claims fail because they have not pled a deprivation at the hands of the Southfield Defendants and dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

### iii.    Adequate Post-Deprivation Remedy

Plaintiffs' allegations relate to alleged unauthorized acts on behalf of the Treasurer regarding payment plans, not the procedural notice provisions of the GPTA. *See* Mich. Comp. Laws 211.78b, 211.78c, 211.78f, 211.78i, and 211.78k. Thus, under *Parratt*, Plaintiffs must show they did not have an adequate post-deprivation remedy for their procedural due process claim to survive – which they cannot do. Plaintiffs could have asked the state court to set aside the judgment due to: mistake or surprise, Mich. Ct. R. 2.612(C)(1)(a); newly discovered evidence, Mich. Ct. R. 2.612(C)(1)(b); fraud, misrepresentation, or other misconduct of an adverse party, Mich. Ct. R. 2.612(C)(1)(c); or lack of appropriate notice, Mich. Ct. R. 2.612(C)(1)(f).

Plaintiffs also could have filed suit in Michigan's courts alleging due process, takings, inverse condemnation, excessive fines, and unjust enrichment claims. *See In re Treasurer of Wayne Cty. for Foreclosure,* 478 Mich.

19

1, 8 (2007) (due process); *Rafaeli,* 2020 WL 4037642, \*19-\*20 (takings and unjust enrichment); *Stockler*, 885 F.2d 871 at \*3 (inverse condemnation); *O'Connell v. Berrien Cty. Treasurer*, No. 338827, 2018 WL 910714, at \*1 (Mich. Ct. App. Feb. 15, 2018) [Exhibit 10 - *O'Connell v. Berrien Cty. Treasurer*] (excessive fines). With numerous post-deprivation remedies, Plaintiffs' due process claim fails, making dismissal appropriate under Fed. R. Civ. P. 12(b)(6).

## VI. Plaintiffs Have Failed to State an Unjust Enrichment Claim Against the Southfield Defendants

### a. Law – Unjust Enrichment and Foreclosures Under Michigan Law

"Unjust enrichment is a cause of action to correct a defendant's unjust retention of a benefit owed to another." *Wright v. Genesee Co.*, 504 Mich. 410, 417 (2019) (citing Restatement Restitution, 1st, §1, comment a, p. 12). It is based on the premise that a party cannot profit or become enriched inequitably at someone else's expense. *Id.* (citing *McCreary v. Shields*, 333 Mich. 290, 294 (1952)). An unjust enrichment claim occurs when a party "retains money or benefits which in justice and equity belong to another." *Id.* (internal quotation marks omitted). When a defendant receives a benefit from a third party, and not through the action of the plaintiff directly, there

20

is no receipt of a benefit by defendant from the plaintiff, as required for an unjust enrichment claim. *Karaus v. Bank of New York Mellon*, 300 Mich. App. 9, 23 (2012).

    b. <u>Analysis – Plaintiffs Cannot State an Unjust Enrichment Claim Against the Southfield Defendants Because There Was No Receipt of Benefit from Plaintiffs</u>

The City of Southfield purchased the properties from the fee owner of the property, the Treasurer, pursuant to its legal right of first refusal under the GPTA, Mich. Comp. Laws § 211.78m, not the Plaintiffs. Thus, the first element of unjust enrichment is not fulfilled pursuant to *Karaus.* Moreover, no surplus funds were obtained by the county. Thus, dismissal of this claim is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

CONCLUSION

For the foregoing reasons, the Southfield Defendants respectfully request that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ Michael A. Knoblock (P77544)
*Attorneys for Defendants City of Southfield, Siver, Zorn, Ward-Witkowski, Witkowski,*

21

*and Lowenberg, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   November 6, 2020        E: mknoblock@sewardhenderson.com

### PROOF OF SERVICE

I hereby certify that on **Friday, November 6, 2020**, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification to the following: ***All Parties and Attorneys of Record.***

/s/ Fatten Saad
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
T: (248) 733-3580
F: (248) 733-3633
E: fsaad@sewardhenderson.com

22