This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

<div style="writing-mode: vertical">Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30</div>

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

RONALD . HAYES, CARLOYN MILLER,
ADENIKE IJLWOYE, ANTHONY AKANDE,
Individuals, AMERICAN INTERNET GROUP, LLC
AND SMFJ, LLC both Michigan Limited Liability Companies

2017-157366-CZ
JUDGE MATTHEWS

        Plaintiffs,

CASE NO.:  17-
HON.

~vs~

OAKLAND COUNTY TREASURERS OFFICE,
ANDY MEISNER, CITY OF SOUTHFIELD, a
Municipal Corporation, SOUTHFIELD NEIGHBORHOOD
REVITALIZATION INITIATIVE, LLC, a for profit limited
liability company,

        Defendant.

---

JOSHUA GORDON (P37782)
Attorney for Plaintiffs
3129 Caniff Avenue
Hamtramck, Michigan 48212
(313) 221-3584

---

There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in this Complaint.

---

Joshua Gordon (P37782)

---

## COMPLAINT FOR HOUSING DISCRIMINATION AND UNEQUAL TREATMENT UNDER THE MICHIGAN CONSTITUTION RESULTING IN DE FACTO REDLINING AGAINST AFRICAN AMERICANS

**NOW COMES,** the Plaintiffs, by and through their Attorney, JOSH GORDON, and

complains to this Honorable Court against the Defendants, as follows:

### Background

The Suburb City of Southfield lies north of Eight Mile Road and west of Greenfield with

geographical location to the City of Detroit.  It was widely accepted that the Detroit Metropolitan

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

Wayne, Oakland and Macomb tri-county areas was and still in many instances continues to be racially polarized as to Caucasian, whites, Jewish middle-east ethnicities and native African Americans. The exoduses from the City of Detroit, whites and Jewish ethnic groups during and after the 1967 race riots in the City of Detroit is widely documented. Simply stated, racial segregation from African Americans by Caucasian whites and Jewish ethnic people was popular and desired to residential housing, education for youth in public schools and public safety police departments. During the years defined as the civil rights movement, much progress was made in easing the racial tension between the races mentioned. Through the political process, both citizens defined as being pro Democrats and Republicans, melded their differences as to racial biases, racial prejudice and class-income status. However, in recent years, a decline of racial tolerance has re-emerged and certain communities have taken advantage of such racial divisions to permit the ugly-head of racial profiling and racial discrimination to resurface. This phenomenon can be seen more apparent in the City of Southfield. African-Americans that became more prosperous as to their incomes and affluent professionals sought out housing in the City of Southfield especially due to its proximity to the City of Detroit and desirable available single-family housing. To counter-act the migration of African-Americans to the City of Southfield in the area of residential housing, over the past decade a racial tool by City officials was implemented to African-Americans by discouraging settling in the City of Southfield.

The opportunity made itself available during the great-recession of the economy and housing market during the Bush 43 years in office (2000 through 2008). African-American homeowners in Oakland County especially the City of Southfield were enduring tax foreclosures, seeking to hold on to their personal wealth and investment in residential homes. A crisis of this magnitude has not been experienced by African-American homeowners in Michigan

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

since the Great Depression.  The City of Southfield-Treasurers Office and other Southfield City officials Fredrick E. Zorn (City Administrator)acting in the housing capacity of selecting tax foreclosed upon homes in the City of Southfield sought out a strategy to permanently divest African-Americans of their ability to service real estate tax foreclosure and recapture possession of their property rights in the homes that their purchased for good-faith value.

The scheme was simple, deny African-Americans proper notice of foreclosure proceedings, deny advice to African-American homeowners of federal MHDA and other state programs designed to assist homeowners in financial distress, re-direct foreclosure upon homes to a private "for profit organization" – Southfield Neighborhood Revitalization Initiative, LLC so as to deny African-Americans to bid at a public auction an opportunity to reacquire their homes.

The designed mission was to eliminate as much as possible those African-Americans from their communities (City of Southfield) whose incomes had fail and replace them with other ethnic groups that were non African-Americans.  The City of Southfield Defendants actions have an unjustified disparate impact on African-American homeowners in the City of Southfield in violation of the Fair Housing Act of 1968. 42 U.S.C. 3601-3619 and State of Michigan Constitutional Housing statutes.  City of Southfield homeowners at risk of foreclosure or having been foreclosed upon – bring this housing discriminationtory class action on behalf of themselves and all similarly situated City of Southfield homeowners who are at risk of losing their homes as a result of unlawfully imposed, discrimination housing practices and excessive taxes.  Plaintiffs seek a preliminary injunction and final order halting the foreclosures and sales of all owner-occupied homes that have been improperly over-assessed, foreclosed upon and sold to 5NRI, LLC.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

City of Southfield homeowners who are at risk of losing their homes as a result of this unlawfully imposed, discrimination housing practices and excessive taxes levied. Plaintiffs seek a preliminary injunction (TRO) and final order halting the foreclosures and sales of all African American owner-occupied homes that have been improperly over-assessed, foreclosed upon and sold to SNRI, LLC.

Additionally multiple-tens of Southfield homeowners who qualify for a poverty exemption excusing them from paying property taxes have been unlawfully prevented from obtaining that exemption due to needlessly complex and impenetrable application procedures improperly administered by the City of Southfield. Numerous unknown African American homeowners have been illegally precluded from receiving the poverty exemption and are anticipated to join in this class action lawsuit -- and challenge under 42 USC 1983 on behalf of themselves and all similarly situated African American homeowners, in the City of Southfield. All class-action Plaintiffs seek a preliminary injunction and final order finding that their constitutional right to "due process" was violated by the misadministration of the exclusion of housing fair practices, actual discrimination and poverty exemption application process; requiring the Defendants City of Southfield to allow members of the class action to take advantage of such available programs retroactively for poverty exemptions for each tax year from 2013 to 2016; and requiring the Defendants City of Southfield both to remove unduly burdensome documentary requirements from the application process and to ensure that adequate procedural due process is extended to all poverty exemption applicants going forward.

Under Michigan law, a homeowner's property taxes must be based on the "True Cash Value" of their home. Michigan law requires that each municipality conduct annual assessments to determine the True Cash Value of all homes. If a homeowner does not pay property taxes

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

based on these assessments within three years, the county of Oakland will foreclose upon the property having given the homeowner fair and proper notice of such tax foreclosure proceedings.

<u>**Common Allegations**</u>

1.      That all African American individuals and limited liability company are homeowners of residential homes located in the City of Southfield, County of Oakland, State of Michigan during the period that this Cause of Action arose.

2.      That the City of Southfield and Southfield Treasurer's Office are municipal corporations organized under the laws of the State of Michigan, having its principal business offices and doing business located within the city limits of the City of Southfield.

3.      That the Southfield Neighborhood Revitalization Initiative, LLC (hereinafter SNRI) is a limited liability company organized in the State of Michigan, doing business within the city limits of Southfield and having its principal business offices located within the City of Southfield.      *(Exhibit A)*

4.      That the properties (residential homes) that once legally belonged to the African-American Plaintiffs and limited liability company are all located within the city limits of the City of Southfield having been placed on the "<u>tax rolls</u>" for city taxes to be assessed as to their respective state equalized values (SEV).

5.      That the discriminatory activities associated with housing discrimination, red-lining alleged and scheme to disenfranchise African-American residents of their residential homes occurred by participations of individuals either agents or independent contractors of the City of Southfield that performed and presumably such discriminatory activities within such city limits of Southfield.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

6.    That the manner which the alleged discriminatory scheme was employed, commenced with the targeting of residential homes owned by African-Americans with limited or no mortgage debt attached of the property.

7.    The tax assessors or representatives of the Tax Assessor's Office for the City of Southfield charged with the responsibility of posting notice of tax delinquencies to select African-Americans homeowners — "faked" the postings by taking the notice to be posted, attaching such notice to the property, taking a photograph of such attached notice and then after removing and carrying away the tax delinquency notice so as where to conceal such actual notice to the African American homeowner.

8.    That this practice of posting, photographing and removing the tax delinquency notices to homeowners of African-American ethnicity was repeated continuously, throughout the City of Southfield on numerous occasions, whereas to create a denial of actual notice to multiples of tes of African-American homeowners in an effort to deprive them of their ability to protect their respective interests in the real estate owned.

9.    Thereafter, once certain properties owned by African-Americans were foreclosed upon for non-payment of delinquent real estate taxes, systematically the officials of the City of Southfield that designed this discriminatory scheme made sure that these properties were requested to be held-back from public auction by the Oakland County Treasurers Office and subsequently designated for purchase by the City of Southfield, Non-Profit Housing Corporation.

*(Exhibit B)*

10.    That immediately upon the City of Southfield reacquiring the real estate foreclosed upon, which comprised mostly the exclusive properties previously owned by African-Americans, then after  placed the properties out-of-the-reach of the previous owners by

transferring by Quit Claim Deed to an agency known as the Southfield Neighborhood

Revitalization Initiative, LLC, a for profit limited liability company. This was performed in a

clandestine in a can destine attempt to camouflage the scheme to punish African-Americans

unduly that had experienced financial hardship and to furthermore thwart their attempts to

reacquire their distress real estate.

11.     That to further conceal the City of Southfield's discriminatory practices, a non-

sworn person having close ties to the City of Southfield's law department then after contacts in

person the African-American homeowners and informs them to "get out" without the execution

of a writ of restitution by the 46th District Court ordering such homeowners to vacate the

premises.

12.     That often times without advising the African-American homeowners of their

rights to "challenge" possession in the 46th District Court for the City of Southfield, this non-

sworn bailiff baits the owner with an invitation to accept $2,000 cash for keys and possession.

13.     that the activities of this not sworn to office Baliff with ties to the City of

Southfield's law department is taramount to ethic intimidation and duress.

14.     That the fair market values exceeded $100,000 of all the properties previously

owned free and clear by African-Americans targeted by this discriminatory scheme.

15.     That the median values of the properties targeted which exceeds fifty (50)

properties; with values ranging from $175,000 to $300,000 that have no mortgage debt

whatsoever attached as an encumbrance.

16.     That the result is the "red-lining" of residential real estate owned by African-

Americans and other minorities of non-Caucasian or Jewish descent.

### Count I – Discriminatory Housing Practices

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

## Count I – Discriminary Housing Practices

~ ~      The Plaintiff's to this class action lawsuit reallege the allegations contained in paragraph one (1) through fifteen (15) and hereby make a similar allegation against Defendants to this cause of action as to this Count.

17.      That the Plaintiff  Ronald Hayes (hereinafter referred to as "Plaintiff Hayes ") at the time of this cause of action resided or either owned as investment, the property having legal address of  22946 N. Bellwood., Southfield, Michigan.  *(Exhibit  1 - Recorded Deed)*

18.      That the fair market value (FMV) of the above referenced parcel of real estate at the time of the tax foreclosure was $ 232,000.00.

19.      That the Plaintiff during the time of possession, occupancy and fee-simple ownership, made improvements in the residential real estate which enhanced the market value considerably and made the property desirable for residency, investment in personal wealth and quiet enjoyment.

20.      That Plaintiff , knew that a tax delinquency exited, however, did not comprehend fully the severity of the tax delinquency, the ability to pay the delinquent taxes, where such tax delinquencies could be discussed with City of Southfield officials to resolve such delinquencies without complete tax foreclosure.

21.      That the City of Southfield did not through any kind of certified attempt to make actual contact with Plaintiff Hayes to assist the Plaintiff in informing and advising of the federal and state programs available to assist in the payment (through STEP Program), or other poverty assistance programs or arrangements that could be made to resolve such tax delinquencies without tax foreclosure.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

22.     That at no time did the City of Southfield cause any tax delinquency or forfeiture notice for delinquent taxes to be posted to Plaintiff Hayes's property by attaching such notices to the residential property where most likely it would be seen or recovered by the homeowner.

23.     That it is an actual fact that if such alleged postings were made by attaching the notice of tax delinquency/tax forfeiture to the Plaintiff's property it would have been discovered and immediately acted upon by the Plaintiff Hayes to prevent further actions by the City of Southfield and County of Oakland in forfeiting Plaintiff's real estate.

24.     That Plaintiff Hayes, however, was eventually notified of such tax delinquency and was informed by City of Southfield officials that there was no assistance available to assist them in meeting the financial obligations of paying the delinquent taxes, to wit: (Approximately $8,000.00).

25.     That ultimately, the tax forfeiture was completed against Plaintiff, Hayes and the homeowners' property rights were extinguished with title under state law being invested in the County of Oakland for auction through bid to the highest person/organization seeking to acquire such property.

26.     That the City of Southfield through the scheme alleged in the common allegations, seeking to camouflage their discriminatory intent to remove African-American homeowners from the single family housing through ownership of their homes, targeted their homes for designation for non-bid transfer to the Southfield Non-Profit Housing Commission, a Michigan entity established under the State of Michigan corporations and securities division. *(Exhibit I)*

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

27.     That in violation of federal, state and criminal statutes, the transfer of these non-bid homes previously owned by African-Americans were actually transferred to a "for profit" organization-SNRI, LLC, for the ultimate personal gain of yet to be exposed individuals.

28.     That most likely against the City of Southfield's local ordinances, nepotism occurred between Southfield officials and relatives in the discriminatory practices and violations of fair housing.

29.     Thenafter, Plaintiff Hayes most likely was visited by or contacted a person who is known as Gerry Wikowski.

30.     That the person known as Gerry Wikowski at no time identified himself as a sworn police officers, bailiff or city official authorized to conduct such evictions without a court ordered writ of eviction.

31.     That the person, Gerry Wikowski operating under the authority of SNRI, LLC informed Plaintiff , that they were in illegal possession of the real estate known as 22946 N Bellwood Dr., Southfield, Michigan and to "get our" immediately.

32.     That Plaintiff Hayes, took these verbal commands as a threat of immediate eviction and became extremely intimidated as to being put out on the streets and publicly embarrassed by neighbors.

33.     That the invitation to leave cash for keys and possession was made as the only viable alternative to the Plaintiff.

**WHEREFORE,** the Plaintiffs to this class action lawsuit respectfully pray that the following relief be granted:

A.     That if the merits of their class action lawsuit are found to exist as to the Defendants activities of housing discrimination, red-lining and violations of fair housing

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

practices, that Plaintiff Hayes be entitled to equitable relief if possible, or actual damages sustained including the loss of equity (FMV) in their residential properties, foreseeable costs of relocating actual costs incurred, attorneys fees, court costs and all other expenses recoverable at law;

B.      That this Court order such other relief that is just, proper and fit under the circumstances;

C.      That bad faith damages are prayed to be awarded to Plaintiff `if the Defendants activities are found to be repugnant;

Respectfully submitted,

By:     _____
        JOSHUA GORDON (P37782)
        Attorney for Plaintiffs
        3129 Caniff Avenue
        Hamtramck, Michigan 48212
        (313) 221-3584

Dated:  February /5, 2017

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

## Count II – Discriminatory Housing Practices

The Plaintiffs to this class action lawsuit reallege the allegations contained in paragraph one (1) through fifteen (15) and hereby make a similar allegation against Defendants to this cause of action as to this Count.

34.     That the Plaintiff Carolyn Miller (hereinafter referred to as "Miller") at the time of this cause of action resided or either owned as investment, the property having legal address of 17600 George Washington, Southfield, Michigan.  *(Exhibit II – Recorded Deed)*

35.     That the fair market value (FMV) of the above referenced parcel of real estate at the time of the tax foreclosure was $ 132,000.00.

36.     That the Plaintiff during the time of possession, occupancy and fee-simple ownership, made improvements in the residential real estate which enhanced the market value considerably and made the property desirable for residency, investment in personal wealth and quiet enjoyment.

37.     That Plaintiff , knew that a tax delinquency existed, however, did not comprehend fully the severity of the tax delinquency, the ability to pay the delinquent taxes, where such tax delinquencies could be discussed with City of Southfield officials to resolve such delinquencies without complete tax foreclosure.

38.     That the City of Southfield did not through any kind of certified attempt to make actual contact with Plaintiff Miller to assist the Plaintiff in informing and advising of the federal and state programs available to assist in the payment (through STEP Program), or other poverty assistance programs or arrangements that could be made to resolve such tax delinquencies without tax foreclosure.

39.     That at no time did the City of Southfield cause any tax delinquency or forfeiture notice for delinquent taxes to be posted to Plaintiff Miller's property by attaching such notices to the residential property where most likely it would be seen or recovered by the homeowner.

40.     That it is an actual fact that if such alleged postings were made by attaching the notice of tax delinquency/tax forfeiture to the Plaintiff's property it would have been discovered and immediately acted upon by the Plaintiff Miller to prevent further actions by the City of Southfield and County of Oakland in forfeiting Plaintiff's real estate.

41.     That Plaintiff Miller however, was eventually notified of such tax delinquency and was informed by City of Southfield officials that there was no assistance available to assist them in meeting the financial obligations of paying the delinquent taxes, to wit: 17600 George Washington, Southfield, Michigan, 48075..

42.     That ultimately, the tax forfeiture was completed against Plaintiff, Miller and the homeowners' property rights were extinguished with title under state law being invested in the County of Oakland for auction through bid to the highest person/organization seeking to acquire such property.

43.     That the City of Southfield through the scheme alleged in the common allegations, seeking to camouflage their discriminatory intent to remove African-American homeowners from the single family housing through ownership of their homes, targeted their homes for designation for non-bid transfer to the Southfield Non-Profit Housing Commission, a Michigan entity established under the State of Michigan corporations and securities division. *(Exhibit II)*

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

44.    That in violation of federal, state and criminal statutes, the transfer of these non-bid homes previously owned by African-Americans were actually transferred to a "for profit" organization-SNRI, LLC, for the ultimate personal gain of yet to be exposed individuals.

45.    That most likely against the City of Southfield's local ordinances, nepotism occurred between Southfield officials and relatives in the discriminatory practices and violations of fair housing.

46.    Thenafter, Plaintiff Miller most likely was visited or contacted by a person who is known as Gerry Wikowski.

47.    That the person known as Gerry Wikowski at no time identified himself as a sworn police officers, bailiff or city official authorized to conduct such evictions without a court ordered writ of eviction.

48.    That the person, Gerry Wikowski or Maria Calhoun operating under the authority of SNRI, LLC informed Plaintiff, that they were in illegal possession of the real estate known as 17600 George Washington., Southfield, Michigan and to "get out" immediately.

49.    That Plaintiff Miller, took these verbal commands as a threat of immediate eviction and became extremely intimidated as to being put out on the streets and publicly embarrassed by neighbors.

50.    That the invitation to leave cash for keys and possession was made as the only viable alternative to the Plaintiff.

**WHEREFORE,** the Plaintiffs to this class action lawsuit respectfully pray that the following relief be granted:

A.    That if the merits of their class action lawsuit are found to exist as to the Defendants activities of housing discrimination, red-lining and violations of fair housing

practices, that Plaintiff Miller be entitled to equitable relief if possible, or actual damages sustained including the loss of equity (FMV) in their residential properties, foreseeable costs of relocating actual costs incurred, attorneys fees, court costs and all other expenses recoverable at law;

      B.      That this Court order such other relief that is just, proper and fit under the circumstances;

      C.      That bad faith damages are prayed to be awarded to Plaintiff `if the Defendants activities are found to be repugnant;

                      Respectfully submitted,

                      By:                                      
                                    JOSHUA GORDON (P37782)
                                    Attorney for Plaintiffs
                                    3129 Caniff Avenue
                                    Hamtramck, Michigan 48212
                                    (313) 221-3584

Dated:  February /5, 2017

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

## Count III – Discriminatory Housing Practices

51.     The Plaintiffs to this class action lawsuit reallege the allegations contained in paragraph one (1) through fifteen (15) and hereby make a similar allegation against Defendants to this cause of action as to this Count.

52.     That the Plaintiff Adenike Ijlwoye (hereinafter referred to as "Ijlwoye") at the time of this cause of action resided or either owned as investment, the property having legal address of 17299 Bonstelle, Southfield, Michigan. *(Exhibit III - Recorded Deed)*

53.     That the fair market value (FMV) of the above referenced parcel of real estate at the time of the tax foreclosure was $ 145,000.00.

54.     That the Plaintiff during the time of possession, occupancy and fee-simple ownership, made improvements in the residential real estate which enhanced the market value considerably and made the property desirable for residency, investment in personal wealth and quiet enjoyment.

55.     That Plaintiff , knew that a tax delinquency existed, however, did not comprehend fully the severity of the tax delinquency, the ability to pay the delinquent taxes, where such tax delinquencies could be discussed with City of Southfield officials to resolve such delinquencies without complete tax foreclosure.

56.     That the City of Southfield did not through any kind of certified attempt to make actual contact with Plaintiff Ijlwoye to assist the Plaintiff in informing and advising of the federal and state programs available to assist in the payment (through STEP Program), or other poverty assistance programs or arrangements that could be made to resolve such tax delinquencies without tax foreclosure.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

57.     That at no time did the City of Southfield cause any tax delinquency or forfeiture notice for delinquent taxes to be posted to Plaintiff Ijlwoye's property by attaching such notices to the residential property where most likely it would be seen or recovered by the homeowner.

58.     That it is an actual fact that if such alleged postings were made by attaching the notice of tax delinquency/tax forfeiture to the Plaintiff's property it would have been discovered and immediately acted upon by the Plaintiff Ijlwoye to prevent further actions by the City of Southfield and County of Oakland in forfeiting Plaintiff's real estate.

59.     That Plaintiff Ijlwoye however, was eventually notified of such tax delinquency and was informed by City of Southfield officials that there was no assistance available to assist them in meeting the financial obligations of paying the delinquent taxes, to wit: 17299 Bonstelle Southfield, Michigan, 48075.

60.     That ultimately, the tax forfeiture was completed against Plaintiff, Ijlwoye and the homeowners' property rights were extinguished with title under state law being invested in the County of Oakland for auction through bid to the highest person/organization seeking to acquire such property.

61.     That the City of Southfield through the scheme alleged in the common allegations, seeking to camouflage their discriminatory intent to remove African-American homeowners from the single family housing through ownership of their homes, targeted their homes for designation for non-bid transfer to the Southfield Non-Profit Housing Commission, a Michigan entity established under the State of Michigan corporations and securities division. *(Exhibit III)*

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

62.     That in violation of federal, state and criminal statutes, the transfer of these non-bid homes previously owned by African-Americans were actually transferred to a "for profit" organization-SNRI, LLC, for the ultimate personal gain of yet to be exposed individuals.

63.     That most likely against the City of Southfield's local ordinances, nepotism occurred between Southfield officials and relatives in the discriminatory practices and violations of fair housing.

64.     Thenafter, Plaintiff Ijlwoye most likely was visited or contacted by a person who is known as Gerry Wikowski.

65.     That the person known as Gerry Wikowski at no time identified himself as a sworn police officers, bailiff or city official authorized to conduct such evictions without a court ordered writ of eviction.

66.     That the person, Gerry Wikowski or Maria Calhoun operating under the authority of SNRI, LLC informed Plaintiff , that they were in illegal possession of the real estate known as 17299 Bonstelle., Southfield, Michigan and to "get out" immediately.

67.     That Plaintiff Ijlwoye, took these verbal commands as a threat of immediate eviction and became extremely intimidated as to being put out on the streets and publicly embarrassed by neighbors.

68.     That the invitation to leave cash for keys and possession was made as the only viable alternative to the Plaintiff.

**WHEREFORE,** the Plaintiffs to this class action lawsuit respectfully pray that the following relief be granted:

A.     That if the merits of their class action lawsuit are found to exist as to the Defendants activities of housing discrimination, red-lining and violations of fair housing

practices, that Plaintiff Ijlwoye be entitled to equitable relief if possible, or actual damages sustained including the loss of equity (FMV) in their residential properties, foreseeable costs of relocating actual costs incurred, attorneys fees, court costs and all other expenses recoverable at law;

      B.     That this Court order such other relief that is just, proper and fit under the circumstances;

      C.     That bad faith damages are prayed to be awarded to Plaintiff `if the Defendants activities are found to be repugnant;

Respectfully submitted,

By: _____
JOSHUA GORDON (P37782)
Attorney for Plaintiffs
3129 Caniff Avenue
Hamtramck, Michigan 48212
(313) 221-3584

Dated: February 15, 2017

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

## Count IV – Discriminatory Housing Practices

69.    The Plaintiffs to this class action lawsuit reallege the allegations contained in paragraph one (1) through fifteen (15) and hereby make a similar allegation against Defendants to this cause of action as to this Count.

70.    That the Plaintiff Anthony Akande (hereinafter referred to as "Akande") at the time of this cause of action resided or either owned as investment, the property having legal address of 29800 Chemsford, Southfield, Michigan. *(Exhibit IV - Recorded Deed)*

71.    That the fair market value (FMV) of the above referenced parcel of real estate at the time of the tax foreclosure was $ 115,000.00.

72.    That the Plaintiff during the time of possession, occupancy and fee-simple ownership, made improvements in the residential real estate which enhanced the market value considerably and made the property desirable for residency, investment in personal wealth and quiet enjoyment.

73.    That Plaintiff , knew that a tax delinquency existed, however, did not comprehend fully the severity of the tax delinquency, the ability to pay the delinquent taxes, where such tax delinquencies could be discussed with City of Southfield officials to resolve such delinquencies without complete tax foreclosure.

74.    That the City of Southfield did not through any kind of certified attempt to make actual contact with Plaintiff Akande to assist the Plaintiff in informing and advising of the federal and state programs available to assist in the payment (through STEP Program), or other poverty assistance programs or arrangements that could be made to resolve such tax delinquencies without tax foreclosure.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

75.    That at no time did the City of Southfield cause any tax delinquency or forfeiture notice for delinquent taxes to be posted to Plaintiff Akande's property by attaching such notices to the residential property where most likely it would be seen or recovered by the homeowner.

76.    That it is an actual fact that if such alleged postings were made by attaching the notice of tax delinquency/tax forfeiture to the Plaintiff's property it would have been discovered and immediately acted upon by the Plaintiff Akande to prevent further actions by the City of Southfield and County of Oakland in forfeiting Plaintiff's real estate.

77.    That Plaintiff Akandee however, was eventually notified of such tax delinquency and was informed by City of Southfield officials that there was no assistance available to assist them in meeting the financial obligations of paying the delinquent taxes, to wit: 29800 Chelmsford, Southfield, Michigan, 48075.

78.    That ultimately, the tax forfeiture was completed against Plaintiff, Akande and the homeowners' property rights were extinguished with title under state law being invested in the County of Oakland for auction through bid to the highest person/organization seeking to acquire such property.

79.    That the City of Southfield through the scheme alleged in the common allegations, seeking to camouflage their discriminatory intent to remove African-American homeowners from the single family housing through ownership of their homes, targeted their homes for designation for non-bid transfer to the Southfield Non-Profit Housing Commission, a Michigan entity established under the State of Michigan corporations and securities division. *(Exhibit IV)*

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

80.     That in violation of federal, state and criminal statutes, the transfer of these non-bid homes previously owned by African-Americans were actually transferred to a "for profit" organization-SNRI, LLC, for the ultimate personal gain of yet to be exposed individuals.

81.     That most likely against the City of Southfield's local ordinances, nepotism occurred between Southfield officials and relatives in the discriminatory practices and violations of fair housing.

82.     Thenafter, Plaintiff Akande most likely was visited or contacted  by a person who is known as Gerry Wikowski.

83.     That the person known as Gerry Wikowski at no time identified himself as a sworn police officers, bailiff or city official authorized to conduct such evictions without a court ordered writ of eviction.

84.     That the person, Gerry Wikowski or Maria Calhoun operating under the authority of SNRI, LLC informed Plaintiff , that they were in illegal possession of the real estate known as N/A., Southfield, Michigan and to "get out" immediately.

85.     That Plaintiff Akande, took these verbal commands as a threat of immediate eviction and became extremely intimidated as to being put out on the streets and publicly embarrassed by neighbors.

86.     That the invitation to leave cash for keys and possession was made as the only viable alternative to the Plaintiff.

**WHEREFORE,** the Plaintiffs to this class action lawsuit respectfully pray that the following relief be granted:

A.     That if the merits of their class action lawsuit are found to exist as to the Defendants activities of housing discrimination, red-lining and violations of fair housing

practices, that Plaintiff Akande be entitled to equitable relief if possible, or actual damages sustained including the loss of equity (FMV) in their residential properties, foreseeable costs of relocating actual costs incurred, attorneys fees, court costs and all other expenses recoverable at law;

      B.     That this Court order such other relief that is just, proper and fit under the circumstances;

      C.     That bad faith damages are prayed to be awarded to Plaintiff `if the Defendants activities are found to be repugnant;

Respectfully submitted,

By: JOSHUA GORDON (P37782)
Attorney for Plaintiffs
3129 Caniff Avenue
Hamtramck, Michigan 48212
(313) 221-3584

Dated:  February _15_, 2017

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

## Count V – Discriminatory Housing Practices

87.    The Plaintiffs to this class action lawsuit reallege the allegations contained in paragraph one (1) through fifteen (15) and hereby make a similar allegation against Defendants to this cause of action as to this Count.

88.    That the Plaintiff American Internet Group, LLC a Michigan Based LLC, owned by John Edwards  (hereinafter referred to as "AIG, LLC") at the time of this cause of action resided or either owned as investment, the property having legal address of 25927 McAllister, Southfield, Michigan.  *(Exhibit V – Recorded Deed)*

89.    That the fair market value (FMV) of the above referenced parcel of real estate at the time of the tax foreclosure was $ 170,000.00, includes 2.6 acres of Land.

90.    That the Plaintiff during the time of possession, occupancy and fee-simple ownership, made improvements in the residential real estate which enhanced the market value considerably and made the property desirable for business, investment in personal wealth and quiet enjoyment.

91.    That Plaintiff , didn't that a tax delinquency existed, and was not connected by the City of Southfield officials to resolve such delinquencies without complete tax foreclosure.

92.    That the City of Southfield did not through any kind of certified attempt to make actual contact with Plaintiff AIG, LLC to assist the Plaintiff in informing and advising of the federal and state programs available to assist in the payment (through STEP Program), or other poverty assistance programs or arrangements that could be made to resolve such tax delinquencies without tax foreclosure.

93.    That at no time did the City of Southfield cause any tax delinquency or forfeiture notice for delinquent taxes to be posted to Plaintiff AIG, LLC's property by attaching such

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

notices to the residential property where most likely it would be seen or recovered by the homeowner.

94.    That it is an actual fact that if such alleged postings were made by attaching the notice of tax delinquency/tax forfeiture to the Plaintiff's property it would have been discovered and immediately acted upon by the Plaintiff AIG, LLC to prevent further actions by the City of Southfield and County of Oakland in forfeiting Plaintiff's real estate.

95.    That Plaintiff AIG, LLC however, was eventually notified of such tax delinquency and was informed by City of Southfield officials that there was no assistance available to assist them in meeting the financial obligations of paying the delinquent taxes, to wit: 25927 McAllister, Southfield, Michigan, 48033.

96.    That ultimately, the tax forfeiture was completed against Plaintiff, AIG, LLC and the homeowners' property rights were extinguished with title under state law being invested in the County of Oakland for auction through bid to the highest person/organization seeking to acquire such property.

97.    That the City of Southfield through the scheme alleged in the common allegations, seeking to camouflage their discriminatory intent to remove African-American homeowners from the single family housing through ownership of their homes, targeted their homes for designation for non-bid transfer to the Southfield Non-Profit Housing Commission, a Michigan entity established under the State of Michigan corporations and securities division. *(Exhibit V)*

98.    That in violation of federal, state and criminal statutes, the transfer of these non-bid homes previously owned by African-Americans were actually transferred to a "for profit" organization-SNRI, LLC, for the ultimate personal gain of yet to be exposed individuals.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

99.      That most likely against the City of Southfield's local ordinances, nepotism occurred between Southfield officials and relatives in the discriminatory practices and violations of fair housing.

100.     Thenafter, Plaintiff AIG, LLC most likely was visited or contacted  by a person who is known as Gerry Wikowski.

101.     That the person known as Gerry Wikowski at no time identified himself as a sworn police officers, bailiff or city official authorized to conduct such evictions without a court ordered writ of eviction.

102.     That the person, Gerry Wikowski or Maria Calhoun operating under the authority of SNRI, LLC informed Plaintiff , that they were in illegal possession of the real estate known as N/A., Southfield, Michigan and to "get out" immediately.

103.     That Plaintiff AIG, LLC, took these verbal commands as a threat of immediate eviction and became extremely intimidated as to being put out on the streets and publicly embarrassed by neighbors.

104.     That the invitation to leave cash for keys  was not an option..

**WHEREFORE,** the Plaintiffs to this class action lawsuit respectfully pray that the following relief be granted:

A.      That if the merits of their class action lawsuit are found to exist as to the Defendants activities of housing discrimination, red-lining and violations of fair housing practices, that Plaintiff AIG, LLC be entitled to equitable relief if possible, or actual damages sustained including the loss of equity (FMV) in their residential properties, foreseeable costs of relocating actual costs incurred, attorneys fees, court costs and all other expenses recoverable at law;

relocating actual costs incurred, attorneys fees, court costs and all other expenses recoverable at law;

      B.     That this Court order such other relief that is just, proper and fit under the circumstances;

      C.     That bad faith damages are prayed to be awarded to Plaintiff `if the Defendants activities are found to be repugnant;

Respectfully submitted,

By: _____

JOSHUA GORDON (P37782)
Attorney for Plaintiffs
3129 Caniff Avenue
Hamtramck, Michigan 48212
(313) 221-3584

Dated:  February 15, 2017

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

## Count VI – Discriminatory Housing Practices

105.    The Plaintiffs to this class action lawsuit reallege the allegations contained in paragraph one (1) through fifteen (15) and hereby make a similar allegation against Defendants to this cause of action as to this Count.

106.    That the Plaintiff SMFJ, LLC a Michigan Based LLC, owned by Malik Fuqua (hereinafter referred to as "SMFJ, LLC") at the time of this cause of action resided or either owned as investment, the property having legal address of 20999 McClung, Southfield, Michigan. *(Exhibit VI - Recorded Deed)*

107.    That the fair market value (FMV) of the above referenced parcel of real estate at the time of the tax foreclosure was $ 326,500.00.

108    That the Plaintiff during the time of possession, occupancy and fee-simple ownership, made improvements in the residential real estate which enhanced the market value considerably and made the property desirable for business, investment in personal wealth and quiet enjoyment.

109.    That Plaintiff , didn't that a tax delinquency existed, and was not connected by the City of Southfield officials to resolve such delinquencies without complete tax foreclosure.

110.    That the City of Southfield did not through any kind of certified attempt to make actual contact with Plaintiff SMFJ, LLC to assist the Plaintiff in informing and advising of the federal and state programs available to assist in the payment (through STEP Program), or other poverty assistance programs or arrangements that could be made to resolve such tax delinquencies without tax foreclosure.

111.    That at no time did the City of Southfield cause any tax delinquency or forfeiture notice for delinquent taxes to be posted to Plaintiff SMFJ, LLC's property by attaching such

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

notices to the residential property where most likely it would be seen or recovered by the homeowner.

112.    That it is an actual fact that if such alleged postings were made by attaching the notice of tax delinquency/tax forfeiture to the Plaintiff's property it would have been discovered and immediately acted upon by the Plaintiff SMFJ, LLC to prevent further actions by the City of Southfield and County of Oakland in forfeiting Plaintiff's real estate.

113.    That Plaintiff SMFJ, LLC however, was eventually notified of such tax delinquency and was informed by City of Southfield officials that there was no assistance available to assist them in meeting the financial obligations of paying the delinquent taxes, to wit: 20999 McClung, Southfield, Michigan, 48033.

114.    That ultimately, the tax forfeiture was completed against Plaintiff, SMFJ, LLC and the homeowners' property rights were extinguished with title under state law being invested in the County of Oakland for auction through bid to the highest person/organization seeking to acquire such property.

115.    That the City of Southfield through the scheme alleged in the common allegations, seeking to camouflage their discriminatory intent to remove African-American homeowners from the single family housing through ownership of their homes, targeted their homes for designation for non-bid transfer to the Southfield Non-Profit Housing Commission, a Michigan entity established under the State of Michigan corporations and securities division. *(Exhibit VI)*

116.    That in violation of federal, state and criminal statutes, the transfer of these non-bid homes previously owned by African-Americans were actually transferred to a "for profit" organization-SNRI, LLC, for the ultimate personal gain of yet to be exposed individuals.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

117.    That most likely against the City of Southfield's local ordinances, nepotism occurred between Southfield officials and relatives in the discriminatory practices and violations of fair housing.

118.    Thenafter, Plaintiff SMFJ, LLC most likely was visited or contacted  by a person who is known as Gerry Wikowski.

119.    That the person known as Gerry Wikowski at no time identified himself as a sworn police officers, bailiff or city official authorized to conduct such evictions without a court ordered writ of eviction.

120.    That the person, Gerry Wikowski or Maria Calhoun operating under the authority of SNRL, LLC informed Plaintiff , that they were in illegal possession of the real estate known as N/A., Southfield, Michigan and to "get out" immediately.

121.    That Plaintiff SMFJ, LLC, took these verbal commands as a threat of immediate eviction and became extremely intimidated as to being put out on the streets and publicly embarrassed by neighbors.

122.    That the invitation to leave cash for keys and possession was made as the only viable alternative to the Plaintiff.

**WHEREFORE,** the Plaintiffs to this class action lawsuit respectfully pray that the following relief be granted:

A.    That if the merits of their class action lawsuit are found to exist as to the Defendants activities of housing discrimination, red-lining and violations of fair housing practices, that Plaintiff SMFJ, LLC be entitled to equitable relief if possible, or actual damages sustained including the loss of equity (FMV) in their residential properties, foreseeable costs of

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

practices, that Plaintiff Hayes to entitled to equitable relief if possible, or actual damages sustained including the loss of equity (FMV) in their residential properties, foreseeable costs of relocating actual costs incurred, attorneys fees, court costs and all other expenses recoverable at law;

      B.     That this Court order such other relief that is just, proper and fit under the circumstances;

      C.     That bad faith damages are prayed to be awarded to Plaintiff in the Defendants activities are found to be repugnant;

                                        Respectfully submitted,

                          By:    _____

                                JOSHUA GORDON (P37782)
                                Attorney for Plaintiffs
                                3129 Caniff Avenue
                                Hamtramck, Michigan 48212
                                (313) 221-3584

Dated:  February ___, 2017

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

**WHEREFORE,** the Plaintiffs to this class action lawsuit respectfully pray that the following relief be granted:

A.    That an Order to Show Cause be issued requiring the above named Defendants to appear before this Honorable Court;

B.    That upon a hearing on such show cause Motion, the Court order that a permanent injunction be ordered preserving the status quo of such African-American homeowners until a consent judgment is agreed to between the parties or a resolution is fairly decided by this Court;

C.    That all properties identified in this class action lawsuit that have been or ear-marked to be transferred to the SNRI, LLC, be ordered stayed as to their transfer to any other person(s), organizations (for profit or non-profit) until a resolution between the parties after a trial on the merits or consent judgment of this Court;

D.    That if need be rents at fair market values (FMV) to set and ordered to be paid to the SNRI, LLC by hold-over homeowners (tenants) until such time as there is a lawful legal resolution to this lawsuit;

E.    That all eviction proceedings in the 46th District Court for the City of Southfield by stayed by order of this Court's preliminary injunction (TRO) or until further order of this Court;

F.    That such other relief be ordered by this Court to preserve the status quo of the Plaintiffs and thereafter such damages including costs, attorney fees and expenses so wrongfully sustained be awarded to the Plaintiffs.

Received for Filing Oakland County Clerk 2017 FEB 16 AM 09:30

Respectfully submitted,

By: _____

JOSHUA GORDON (P37782)
Attorney for Plaintiffs
3129 Caniff Avenue
Hamtramck, Michigan 48212
(313) 221-3584

Dated: February ___, 2017