Act No. 255
Public Acts of 2020
Approved by the Governor
December 22, 2020
Filed with the Secretary of State
December 22, 2020
EFFECTIVE DATE: January 1, 2021

## STATE OF MICHIGAN
## 100TH LEGISLATURE
## REGULAR SESSION OF 2020

**Introduced by Senator Lucido**

# ENROLLED SENATE BILL No. 676

AN ACT to amend 1893 PA 206, entitled "An act to provide for the assessment of rights and interests, including leasehold interests, in property and the levy and collection of taxes on property, and for the collection of taxes levied; making those taxes a lien on the property taxed, establishing and continuing the lien, providing for the sale or forfeiture and conveyance of property delinquent for taxes, and for the inspection and disposition of lands bid off to the state and not redeemed or purchased; to provide for the establishment of a delinquent tax revolving fund and the borrowing of money by counties and the issuance of notes; to define and limit the jurisdiction of the courts in proceedings in connection with property delinquent for taxes; to limit the time within which actions may be brought; to prescribe certain limitations with respect to rates of taxation; to prescribe certain powers and duties of certain officers, departments, agencies, and political subdivisions of this state; to provide for certain reimbursements of certain expenses incurred by units of local government; to provide penalties for the violation of this act; and to repeal acts and parts of acts," by amending section 78m (MCL 211.78m), as amended by 2014 PA 501.

*The People of the State of Michigan enact:*

Sec. 78m. (1) Not later than the first Tuesday in July immediately succeeding the entry of judgment under section 78k vesting absolute title to tax delinquent property in the foreclosing governmental unit, this state may exercise the right of first refusal to purchase foreclosed property at the greater of the minimum bid or its fair market value by paying that amount to the foreclosing governmental unit if the foreclosing governmental unit is not this state. If this state elects not to purchase the property under its right of first refusal and 1 or more claimants have filed a claim for remaining proceeds from the foreclosed property under section 78t(2), a city, village, township, or city authority may purchase foreclosed property located within that city, village, township,

or area of the city authority included in the judgment and subject to sale under this section by paying the foreclosing governmental unit the greater of the minimum bid or the fair market value of the property. If this state elects not to purchase the property under its right of first refusal and no claimant has filed a claim for remaining proceeds from the foreclosed property under section 78t(2), a city, village, township, or city authority may purchase the foreclosed property by paying the foreclosing governmental unit the minimum bid. If a city, village, township, or city authority does not purchase that property and 1 or more claimants have filed a claim for remaining proceeds from the foreclosed property under section 78t(2), the county in which that property is located may purchase that property under this section by paying the foreclosing governmental unit the greater of the minimum bid or the fair market value of the property. If a city, village, township, or city authority does not purchase that property and no claimant has filed a claim for remaining proceeds from the foreclosed property under section 78t(2), the county in which the property is located may purchase that property under this section by paying the foreclosing governmental unit the minimum bid. If a city, village, township, city authority, or county does not purchase that property, 1 or more claimants have filed a claim for remaining proceeds from the foreclosed property under section 78t(2), and the property is within the area of a county authority, the county authority may purchase the property under this section by paying the foreclosing governmental unit the greater of the minimum bid or the fair market value of the property. If a city, village, township, city authority, or county does not purchase that property and no claimant has filed a claim for remaining proceeds from the foreclosed property under section 78t(2), the county authority in which the property is located may purchase that property under this section by paying the foreclosing governmental unit the minimum bid. If property is purchased by a city, village, township, city authority, county, or county authority under this subsection, the foreclosing governmental unit shall convey the property to the purchasing city, village, township, city authority, county, or county authority within 30 days.

  (2) Subject to subsection (1), beginning on the third Tuesday in July immediately succeeding the entry of the judgment under section 78k vesting absolute title to tax delinquent property in the foreclosing governmental unit and ending on the immediately succeeding first Tuesday in November, the foreclosing governmental unit, or its authorized agent, at the option of the foreclosing governmental unit, shall hold 1 or more property sales at 1 or more convenient locations at which property foreclosed by a judgment entered under section 78k will be sold by auction sale, which may include an auction sale conducted via an internet website. Notice of the time and location of a sale must be published not less than 30 days before a sale in a notice publication circulated in the county in which the property is located, if there is one. If no notice publication is circulated in that county, publication must be made in a notice publication circulated in an adjoining county. Each sale must be completed before the first Tuesday in November immediately succeeding the entry of judgment under section 78k vesting absolute title to the tax delinquent property in the foreclosing governmental unit. Except as provided in this subsection and subsection (5), property must be sold to the person bidding the minimum bid, or if a bid is greater than the minimum bid, the highest amount above the minimum bid. The foreclosing governmental unit may sell properties individually or may offer 2 or more properties for sale as a group. The minimum bid for a group of properties must equal the sum of the minimum bid for each property included in the group. The foreclosing governmental unit may adopt procedures governing the conduct of the sale and the payment for conveyance of properties under this section and may cancel the sale before the issuance of a deed under this subsection if authorized under the procedures. The foreclosing governmental unit shall require full payment at the close of each day's bidding or by a date not more than 21 days after the sale. Before the foreclosing governmental unit conveys a property sold at a sale, the purchaser shall provide the foreclosing governmental unit with proof of payment to the local tax collecting unit in which the property is located of any property taxes owed on the property at the time of the sale. A foreclosing governmental unit shall cancel a sale if unpaid property taxes owed on a property or properties at the time of a sale are not paid within 21 days of the sale. If a sale is canceled under this subsection, the foreclosing governmental unit may offer the property to the next highest bidder and convey the property to that bidder under this subsection, subject to the requirements of this subsection for the highest bidder. Not more than 14 days after payment to the foreclosing governmental unit of all amounts required by the highest bidder or the next highest bidder under this subsection, the foreclosing governmental unit shall convey the property by deed to the person bidding the minimum bid, or if a bid is greater than the minimum bid, the highest amount above the minimum bid, or the next highest bidder if the sale to the highest bidder is canceled and the next highest bidder pays the amount required under this section to purchase the property. The deed must vest fee simple title to the property in the person bidding the highest amount above the minimum bid, unless the foreclosing governmental unit discovers a defect in the foreclosure of the property under sections 78 to 78*l* or the sale is canceled under this subsection or subsection (5). If this state is the foreclosing governmental unit within a county, the department of treasury is responsible for conducting the sale of property under this subsection and subsections (4) and (5) on behalf of this state. Before issuing a deed to a person purchasing property under this subsection or subsection (5),

the foreclosing governmental unit shall require the person to execute and file with the foreclosing governmental unit an affidavit under penalty of perjury. If the person fails to execute and file the affidavit required by this subsection by the date payment for the property is required under this section, the foreclosing governmental unit shall cancel the sale. An affidavit under this section must indicate that the person meets all of the following conditions:

(a) The person does not directly or indirectly hold more than a minimal legal interest in any property with delinquent property taxes located in the same county as the property.

(b) The person is not directly or indirectly responsible for any unpaid civil fines for a violation of an ordinance authorized by section 4*l* of the home rule city act, 1909 PA 279, MCL 117.4*l*, in the local tax collection unit in which the property is located.

(3) For sales held under subsection (2), after the conclusion of that sale, and before any additional sale held under subsection (2), a city, village, township, or city authority may purchase any property not previously sold under subsection (1) or (2) by paying the foreclosing governmental unit the minimum bid. If a city, village, township, or city authority does not purchase that property, the county in which that property is located may purchase that property under this section by paying the foreclosing governmental unit the minimum bid. If a city, village, township, city authority, or county does not purchase that property and the property is within the area of a county authority, the county authority may purchase the property under this section by paying the foreclosing governmental unit the minimum bid.

(4) If property is purchased by a city, village, township, city authority, county, or county authority under subsection (3), the foreclosing governmental unit shall convey the property to the purchasing city, village, township, city authority, county, or county authority within 30 days.

(5) All property subject to sale under subsection (2) must be offered for sale at 1 or more sales conducted as required by subsection (2). If the foreclosing governmental unit elects to hold more than 1 sale under subsection (2), the final sale held under subsection (2) must be held not less than 28 days after the immediately preceding sale under subsection (2). At the final sale held under subsection (2), the sale is subject to the requirements of subsection (2), except that the minimum bid is not required. However, the foreclosing governmental unit may establish a reasonable opening bid at the sale to recover the cost of the sale of the property or properties, and the foreclosing governmental unit shall require a person who held an interest in property sold under this subsection at the time a judgment of foreclosure was entered against the property under section 78k to pay the minimum bid for the property before issuing a deed to the person under subsection (2). If the person fails to pay the minimum bid for the property and other amounts by the date required under this section, the foreclosing governmental unit shall cancel the sale of the property.

(6) On or before December 1 immediately succeeding the entry of judgment under section 78k, a list of all property not previously sold by the foreclosing governmental unit under this section must be transferred to the clerk of the city, village, or township in which the property is located. The city, village, or township may object in writing to the transfer of 1 or more properties. On or before December 30 immediately succeeding the entry of judgment under section 78k, all property not previously sold by the foreclosing governmental unit under this section must be transferred to the city, village, or township in which the property is located, except those properties to which the city, village, or township has objected. Property located in both a village and a township may be transferred under this subsection only to a village. The city, village, or township may make the property available under the urban homestead act, 1999 PA 127, MCL 125.2701 to 125.2709, or for any other lawful purpose.

(7) If property not previously sold is not transferred to the city, village, or township in which the property is located under subsection (6), the foreclosing governmental unit shall retain possession of that property. If the foreclosing governmental unit retains possession of the property and the foreclosing governmental unit is this state, title to the property must vest in the land bank fast track authority created under section 15 of the land bank fast track act, 2003 PA 258, MCL 124.765. If the foreclosing governmental unit retains possession of the property and the foreclosing governmental unit is not this state, the foreclosing governmental unit may do any of the following:

(a) Transfer the property to a land bank fast track authority created under the land bank fast track act, 2003 PA 258, MCL 124.751 to 124.774.

(b) Convey the property pursuant to section 78r.

(c) Offer the property for sale, including, but not limited to, a subsequent sale under this section.

(8) A foreclosing governmental unit shall deposit the proceeds from the sale of property under this section into a restricted account designated as the "delinquent tax property sales proceeds for the year _____". The foreclosing governmental unit shall direct the investment of the account. The foreclosing governmental unit shall credit to the account interest and earnings from account investments. The foreclosing governmental unit shall use proceeds in that account only for the following purposes in the following order of priority:

(a) For each property that was sold or transferred for an amount equal to or greater than the minimum bid, the delinquent tax revolving fund created pursuant to section 87b or 87f by the county in which the property is located must be reimbursed for all taxes, interest, penalties, and fees on each property that was transferred or sold that year.

(b) For each property that was sold or transferred for an amount equal to or greater than the minimum bid, fees incurred by the foreclosing governmental unit in connection with the forfeiture, foreclosure, sale, maintenance, repair, and remediation of foreclosed property and the administration of this act, including costs for the defense of title actions and other legal expenses, must be paid up to the amount for which the property was sold on a property-by-property basis.

(c) Payments to claimants of remaining proceeds for the year ordered under section 78t and any other payments ordered under section 78t must be paid on a property-by-property basis.

(d) For each property that was sold or transferred for an amount less than the minimum bid or that was not sold or transferred, the delinquent tax revolving fund created pursuant to section 87b or 87f by the county in which the property is located must be reimbursed for all taxes, interest, penalties, and fees.

(e) For each property that was sold or transferred for an amount greater than the minimum bid, fees incurred by the foreclosing governmental unit in connection with the forfeiture, foreclosure, sale, maintenance, repair, or remediation of foreclosed property or the administration of this act for the year but not paid under subdivision (b) must be paid.

(f) For each property that was sold or transferred for an amount less than the minimum bid or that was not sold or transferred, fees incurred by the foreclosing governmental unit in connection with the forfeiture, foreclosure, sale, maintenance, repair, or remediation of foreclosed property or the administration of this act, including costs for the defense of title actions and other legal expenses, for the year must be paid.

(g) Any fees incurred by the foreclosing governmental unit in connection with the forfeiture, foreclosure, sale, maintenance, repair, or remediation of foreclosed property or the administration of this act, including costs for the defense of title actions and other legal expenses, for any prior year that have not been paid or reimbursed from a prior year's delinquent tax property sales proceeds must be paid.

(h) If the foreclosing governmental unit is this state, any remaining balance must be transferred to the land reutilization fund created under section 78n. If the foreclosing governmental unit for a county is this state, not later than September 30 of the second calendar year after foreclosure, the department of treasury shall, subject to subparagraph (*xiii*), submit an electronic report to the house and senate committees with jurisdiction over taxation that includes, for each county, all of the information described in subparagraphs (*i*) to (*xii*), as follows:

(*i*) The total number of properties that were ordered foreclosed at the judicial hearing for that foreclosure and not redeemed.

(*ii*) The sum of the minimum bids for the properties described in subparagraph (*i*).

(*iii*) The total number of properties sold to a governmental entity under subsections (1) and (4).

(*iv*) The sum of the minimum bids for the properties described in subparagraph (*iii*).

(*v*) The total amount paid for the properties described in subparagraph (*iii*).

(*vi*) The total number of properties sold under subsections (2) and (5).

(*vii*) The sum of the minimum bids for the properties described in subparagraph (*vi*).

(*viii*) The total amount paid for the properties described in subparagraph (*vi*).

(*ix*) The total amount of all taxes, penalties, interest, fees, and costs owed on properties described in subsection (1).

(*x*) The total amount paid for all properties described in subparagraphs (*iii*) and (*vi*).

(*xi*) The total amount of remaining proceeds paid to persons holding a legal interest in the property described in subparagraphs (*iii*) and (*vi*).

(*xii*) The remaining net amount after subtracting the amount described in subparagraph (*xi*) from the difference of the amounts described in subparagraphs (*x*) and (*xi*).

(*xiii*) The reporting requirement provided for in this subdivision does not apply after December 31, 2025.

(i) If the foreclosing governmental unit is not this state, not later than September 30 of the second calendar year after foreclosure, the foreclosing governmental unit shall, subject to subparagraph (*xiii*), submit a written report to its board of commissioners and the state treasurer identifying any remaining balance and any contingent costs of title, environmental remediation, or other legal claims relating to foreclosed property as determined by the foreclosing governmental unit. Any remaining balance must be used for costs incurred by the foreclosing governmental unit in connection with the forfeiture, foreclosure, sale, maintenance, repair, or remediation of foreclosed property, the defense of title actions and other legal expenses, or the administration of this act, or for the payment of claims for remaining proceeds or other amounts ordered under section 78t. The report required under this subdivision must include, in a form determined by the department of treasury, all of the information described in subparagraphs (*i*) to (*xii*), as follows:

(*i*) The total number of properties that were ordered foreclosed at the judicial hearing for that foreclosure and not redeemed.

(*ii*) The sum of the minimum bids for the properties described in subparagraph (*i*).

(*iii*) The total number of properties sold to a governmental entity under subsections (1) and (4).

(*iv*) The sum of the minimum bids for the properties described in subparagraph (*iii*).

(*v*) The total amount paid for the properties described in subparagraph (*iii*).

(*vi*) The total number of properties sold under subsections (2) and (5).

(*vii*) The sum of the minimum bids for the properties described in subparagraph (*vi*).

(*viii*) The total amount paid for the properties described in subparagraph (*vi*).

(*ix*) The total amount of all taxes, penalties, interest, fees, and costs owed on properties described in subsection (1).

(*x*) The total amount paid for all properties described in subparagraphs (*iii*) and (*vi*).

(*xi*) The total amount of remaining proceeds paid to persons holding a legal interest in the property described in subparagraphs (*iii*) and (*vi*).

(*xii*) The remaining net amount after subtracting the amount described in subparagraph (*xi*) from the difference of the amounts described in subparagraphs (*x*) and (*xi*).

(*xiii*) The reporting requirement provided for in this subdivision does not apply after December 31, 2025.

(9) Two or more county treasurers of adjacent counties may elect to hold a joint sale of property as provided in this section. If 2 or more county treasurers elect to hold a joint sale, property may be sold under this section at a location outside of the county in which the property is located. The sale may be conducted by any county treasurer participating in the joint sale or by an authorized agent of each county treasurer participating in the sale. A joint sale held under this subsection may include or be an auction sale conducted via an internet website.

(10) The foreclosing governmental unit shall record a deed for any property transferred under this section with the county register of deeds. The foreclosing governmental unit may charge a fee in excess of the minimum bid and any sale proceeds for the cost of recording a deed under this subsection.

(11) For property transferred to this state, a city, a village, a township, a city authority, a county, or a county authority under subsection (1), a city, village, or township under subsection (6), or retained by a foreclosing governmental unit under subsection (7), all taxes due on the property as of the December 31 following the transfer or retention of the property are canceled effective on that December 31 and the property is exempt from the collection of taxes under this act while held by the city, village, township, city authority, county, county authority, or foreclosing governmental unit.

(12) For property sold, transferred, or retained under this section, all liens for costs of demolition, safety repairs, debris removal, or sewer or water charges due on the property as of the December 31 immediately succeeding the sale, transfer, or retention of the property are canceled effective on that December 31. This subsection does not apply to liens recorded by the department of environment, Great Lakes, and energy under this act or the land bank fast track act, 2003 PA 258, MCL 124.751 to 124.774.

(13) If property foreclosed under section 78k and held by or under the control of a foreclosing governmental unit is a facility as defined under section 20101 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101, before the sale or transfer of the property under this section, the property is subject to all of the following:

(a) Upon reasonable written notice from the department of environment, Great Lakes, and energy, the foreclosing governmental unit shall provide access to the department of environment, Great Lakes, and energy, its employees, contractors, and any other person expressly authorized by the department of environment, Great Lakes, and energy to conduct response activities at the foreclosed property. Reasonable written notice under this

subdivision may include, but is not limited to, notice by electronic mail, if the foreclosing governmental unit consents to notice by electronic mail before the provision of notice by the department of environment, Great Lakes, and energy.

(b) If requested by the department of environment, Great Lakes, and energy to protect public health, safety, and welfare or the environment, the foreclosing governmental unit shall grant an easement for access to conduct response activities on the foreclosed property as authorized under chapter 7 of article II of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101 to 324.20302.

(c) If requested by the department of environment, Great Lakes, and energy to protect public health, safety, and welfare or the environment, the foreclosing governmental unit shall place and record deed restrictions on the foreclosed property as authorized under chapter 7 of article II of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101 to 324.20302.

(d) The department of environment, Great Lakes, and energy may place an environmental lien on the foreclosed property as authorized under section 20138 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20138.

(14) If property foreclosed under section 78k and held by or under the control of a foreclosing governmental unit is a facility as defined under section 20101 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.20101, before the sale or transfer of the property under this section, the department of environment, Great Lakes, and energy shall request and the foreclosing governmental unit shall transfer the property to the state land bank fast track authority created under section 15 of the land bank fast track act, 2003 PA 258, MCL 124.765, if all of the following apply:

(a) The department of environment, Great Lakes, and energy determines that conditions at a foreclosed property are an acute threat to the public health, safety, and welfare, to the environment, or to other property.

(b) The department of environment, Great Lakes, and energy proposes to undertake or is undertaking state-funded response activities at the property.

(c) The department of environment, Great Lakes, and energy determines that the sale, retention, or transfer of the property other than under this subsection would interfere with response activities by the department of environment, Great Lakes, and energy.

(15) A person convicted for executing a false affidavit under subsection (5) is prohibited from bidding for a property or purchasing a property at any sale under this section.

(16) As used in this section:

(a) "City authority" means a land bank fast track authority created under section 23(5) of the land bank fast track act, 2003 PA 258, MCL 124.773.

(b) "County authority" means a land bank fast track authority created under section 23(4) of the land bank fast track act, 2003 PA 258, MCL 124.773.

(c) "Minimum bid" is the minimum amount established by the foreclosing governmental unit for which property may be sold or transferred under subsections (1) to (3). The minimum bid must include all of the delinquent taxes, interest, penalties, and fees due on the property, and may include any additional expenses incurred by the foreclosing governmental unit in connection with the forfeiture, foreclosure, maintenance, repair, or remediation of the property or the administration of this act for the property, including, but not limited to, foreclosure avoidance, mailing, publication, personal service, legal, personnel, outside contractor, and auction expenses.

Enacting section 1. Section 78m of the general property tax act, 1893 PA 206, MCL 211.78m, as amended by this amendatory act, takes effect January 1, 2021.

Enacting section 2. This amendatory act does not take effect unless Senate Bill No. 1137 of the 100th Legislature is enacted into law.

Enacting section 3. This amendatory act is curative and intended to codify and give full effect to the right of a former holder of a legal interest in property to any remaining proceeds resulting from the foreclosure and sale of the property to satisfy delinquent real property taxes under the general property tax act, 1893 PA 206, MCL 211.1 to 211.155, as recognized by the Michigan supreme court in *Rafaeli, LLC v Oakland County*, docket no. 156849, consistent with the legislative findings and intent under section 78 of the general property tax act, 1893 PA 206, MCL 211.78.

This act is ordered to take immediate effect.

_____
Secretary of the Senate

_____
Clerk of the House of Representatives

Approved_____

_____
Governor