STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

RONALD HAYES, CAROLYN MILLER,
ADENIKE AJLWOYE, ANTHONY
AKANDE, Individuals, AMERICAN
INTERNET GROUP, LLC & SMFJ, LLC
both Michigan Limited Liability
Companies,

    Plaintiffs,

-vs-                                    CASE NO. 2017-157366-CZ
                                         Honorable Judge Cheryl Matthews

OAKLAND COUNTY TREASURERS
OFFICE, ANDY MEISNER, CITY OF
SOUTHFIELD, a Municipal Corporation,
SOUTHFIELD NEIGHBORHOOD
REVITALIZATION INITIATIVE, LLC, a
for profit Limited Liability Company,

    Defendants.
_____/

| Richelle C. Lester (P53383) | Pentiuk Couvreur & Kobiljak |
|---|---|
| Law Office of Richelle C. Lester, PLLC | By: Joseph G. Couvreur P41836 |
| Attorney for Plaintiffs, except SMFJ LLC | Attorney for Southfield NRI |
| 24901 Northwestern Hwy, Suite 302 | 2915 Biddle Ave.., Suite 200 |
| Southfield, MI 48075 | Wyandotte, MI 48192 |
| (248)915-8990/(866)849-6332 | (248) 858-281-7100/(734)281-7102 |
| | |
| Law Offices of Joshua Gordon | GIAMARCO MULLINS & HORTON |
| By: Joshua Gordon P37782 | William H. Horton P31567 |
| Lindsey A. Peck P74579 | Christopher J. Ryan P74053 |
| Attorney for SMFJ, LLC only | Attorney for Oakland Co & Andy Meisner |
| 210 East 3rd Street, Suite 212 | 101 W. Big Beaver Rd. 10th Flooe |
| Royal Oak, MI 48067 | Troy, MI 48084 |
| (248) 733-3580/(248)733-3633 | (248) 457-7000/(248)404-6360 |

_____/

## MOTION TO AMEND COMPLAINT

NOW COMES PLAINTIFFS, RONALD HAYES, CAROLYN MILLER, ADENIKE

AJLWOYE, ANTHONY AKANDE, and AMERICAN INTERNET GROUP, LLC, by

FEE

Received for Filing Oakland County Clerk 2017 APR 20 AM 08:00

and through their attorneys, Law Office of Richelle C. Lester, PLLC and presents the following as its Response to Defendant's Motion for Summary Disposition:

1. Subsequent to the filing of the complaint and responsive pleadings in this matter, investigation and discovery have provided information indicating a need to amend the Complaint previously submitted by Plaintiff. Plaintiffs retained another attorney who requests leave to amend the Complaint.

2. Plaintiff requests permission of the Court to amend this pleading in the following manner: to remove the discrimination counts and add allegations that Plaintiffs made timely payments that were rejected by Defendant Oakland County Treasurer or incorrectly applied to the wrong tax years.

4. MCR 2.118(A)(2) states that leave to amend pleadings "shall be freely given when justice so requires."

5. The amendment requested will not be prejudicial to the opposing party.

WHEREFORE, Plaintiffs request this Honorable Court allows Plaintiffs to amend their complaint within 14 days.

Dated: April 19, 2017

Respectfully Submitted,

By: /s/ Richelle C. Lester
Richelle C. Lester P53383
Attorney for Plaintiff
24901 Northwestern Hwy Suite 302
Southfield, MI 48075
(248) 915-8990
attorneyrichelle@gmail.com

2

Received for Filing Oakland County Clerk 2017 APR 20 AM 08:00

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

RONALD HAYES, CAROLYN MILLER, ADENIKE AJLWOYE, ANTHONY AKANDE, Individuals, AMERICAN INTERNET GROUP, LLC & SMFJ, LLC both Michigan Limited Liability Companies,

    Plaintiffs,

-vs-

CASE NO. 2017-157366-CZ
Honorable Judge Cheryl Matthews

OAKLAND COUNTY TREASURERS OFFICE, ANDY MEISNER, CITY OF SOUTHFIELD, a Municipal Corporation, SOUTHFIELD NEIGHBORHOOD REVITALIZATION INITIATIVE, LLC, a for profit Limited Liability Company,

    Defendants.

---

| | |
|---|---|
| Richelle C. Lester (P53383)<br>Law Office of Richelle C. Lester, PLLC<br>Attorney for Plaintiffs, except SMFJ LLC<br>24901 Northwestern Hwy, Suite 302<br>Southfield, MI 48075<br>(248)915-8990/(866)849-6332 | Pentiuk Couvreur & Kobiljak<br>By: Joseph G. Couvreur P41836<br>Attorney for Southfield NRI<br>2915 Biddle Ave.., Suite 200<br>Wyandotte, MI 48192<br>(248) 858-281-7100/(734)281-7102 |
| Law Offices of Joshua Gordon<br>By: Joshua Gordon P37782<br>Lindsey A. Peck P74579<br>Attorney for SMFJ, LLC only<br>210 East 3rd Street, Suite 212<br>Royal Oak, MI 48067<br>(248) 733-3580/(248)733-3633 | GIAMARCO MULLINS & HORTON<br>William H. Horton P31567<br>Christopher J. Ryan P74053<br>Attorney for Oakland Co & Andy Meisner<br>101 W. Big Beaver Rd. 10th Flooe<br>Troy, MI 48084<br>(248) 457-7000/(248)404-6360 |

---

## BRIEF IN SUPPORT OF MOTION
## FOR LEAVE TO AMEND PLEADINGS

    Michigan Court Rules and case law evidence a long-standing policy in favor of liberally granting litigants leave to amend pleadings. MCR 2.118 allows parties to amend

3

Received for Filing Oakland County Clerk 2017 APR 20 AM 08:00

pleadings at will within 14 days of filing of the pleading or responsive pleading or by leave of court after that time. If a litigant seeks the approval of the court, the rule directs that: "leave shall be freely given when justice so requires." MCR 2.118(A)(2).

The meaning and policy behind this language was discussed in great detail by the Supreme Court in *Ben P. Fyke & Sons v. Gunter Co.*, 390 Mich 649; 213 NW2d 134 (1973). The Court began its analysis by noting that the rule was designed to facilitate the amendment of pleadings. In ruling the requested amendment should be permitted, the court held:

> The allowance of an amendment is not an act of grace, but a right of a litigant seeking to amend "in the absence of any apparent or declared reason-such as undue delay, bad faith, or dilatory motive ***, repeated failure to cure deficiencies....., undue prejudice ***, futility of amendment, etc."

390 Mich at 656, quoting *Forman v Davis*, 37 US 178, 83 S Ct 227, 230; 9 L Ed2d 222, 226 (1962).

Absent a showing of undue prejudice to the opposing party, the *Fyke* court stated that a motion to amend should ordinarily be granted. The court limited findings of prejudice to those situations in which the opposing party would be prevented from having a fair trial. Nor will delay alone be sufficient for denial of a motion to amend since there is always some delay associated with the amendment of pleadings. *Stanke v State Farm Ins.*, 200 Mich App 307, 321 (1993).

MCL 2.1178m (1) grants governmental entities the right of first refusal on tax foreclosures. It provides in relevant part:

"If this state elects not to purchase the property under its right of first refusal, a city, village, or township may purchase **for a public purpose** any property located within that city, village, or township set forth in the judgment and subject to sale under this

section by payment to the foreclosing governmental unit of the minimum bid." (Emphasis added.)

Plaintiff requests permission of the Court to amend this pleading in the following manner: to remove the discrimination counts and add allegations that Plaintiffs made timely payments that were rejected by Defendant Oakland County Treasurer or incorrectly applied to the wrong tax years.

Plaintiffs ADENIKE AJLWOYE (hereafter "Ms. Ajlwoye") and ANTHONY AKANDE (hereafter "Mr. Akande") paid the property taxes during the foreclosed tax years. Ms. Ajlwoye entered into an installment agreement with the Oakland County Treasurer where she made installments to the Defendant Oakland County Treasurer (hereafter "Treasurer"). The Treasurer received and processed her payments for a period of time and breached the agreement by refusing to accept her payments. The Treasurer subsequently foreclosed on the property. Plaintiffs should be allowed to amend their complaint to add these allegations.

Plaintiff, ANTHONY AKANDE (hereafter "Mr. Akande") paid his property taxes for 2010 through 2016. In July 2015, he personally presented a check in the amount of $2,075.09 to the Southfield Treasurer to pay for the 2013 property taxes. The Southfield Treasurer's office incorrectly applied his payment to the 2014 tax year instead of the 2013 tax year. On March 4, 2015, he tendered a check for $2,000 made payable to the City of Southfield which was intended to pay for the 2014 property tax year. The City of Southfield failed to cash the check. The Treasurer never should have foreclosed on the property when he was not three years delinquent on his taxes and because of the City of Southfield's error. Plaintiffs should be allowed to amend their complaint to add these allegations.

Received for Filing Oakland County Clerk 2017 APR 20 AM 08:00

Received for Filing Oakland County Clerk 2017 APR 20 AM 08:00

Upon information and belief, Southfield did not purchase the property for the minimum bid. Southfield quit claimed its interest to SNRI for no consideration. SNRI's Directors and/or Officers are City of Southfield officials who used their inside knowledge about these mortgage-free properties to acquire the properties for their own personal benefit and not for public purpose.

Clearly the policy in Michigan favors the right to amend pleadings during the course of litigation in the absence of prejudice to the opposing party. Therefore, this motion should be granted.

Dated: April 19, 2017

**Respectfully Submitted,**

By: /s/ Richelle C. Lester
Richelle C. Lester P53683
Attorney for Plaintiff
24901 Northwestern Hwy Suite 302
Southfield, MI 48075
(248) 915-8990
attorneyrichelle@gmail.com

6