UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANDA HALL, et al.,

           Plaintiffs,           Case No. 20-12230

v.                                       Paul D. Borman
                                       United States District Judge

OAKLAND COUNTY TREASURER
ANDREW MEISNER, et al.,

           Defendants,

_____/

**<u>OPINION AND ORDER GRANTING HABITAT FOR HUMANITY
OF OAKLAND COUNTY INC.'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) (ECF NO. 24)</u>**

On August 18, 2020, Plaintiffs, alleged former real property owners in the City of Southfield, Michigan, filed a proposed class action complaint against 13 defendants. The defendants can be separated into four groups: (1) Oakland County Treasurer Andrew Meisner ("Treasurer") and Oakland County (collectively, the "Oakland County Defendants"); (2) City of Southfield ("Southfield"), City Manager Frederick Zorn, Mayor Ken Siver, Former City Attorney Susan Ward-Witkowski, Gerald Witkowski (Code Enforcement and Eviction Administrator for SNRI), and Treasurer Irvin Lowenberg (collectively, the "Southfield Defendants"); (3) SNRI, SNPHC, Director E' Toille Libbett ("Director SNRI"), and Mitchel Simon

("Treasurer SNPHC") (collectively, the "SNRI Defendants"); and (4) Habitat for Humanity of Oakland County, Inc. ("Habitat"). (ECF No. 1, Complaint.)

The Complaint contains seven counts: Count I – Taking Without Just Compensation – Fifth Amendment, under 42 U.S.C. § 1983, against the Oakland County Defendants and Southfield Defendants only; Count II – Inverse Condemnation – Fifth Amendment; Count III – Violation of the Takings Clause of the Michigan Constitution; Count IV – Eighth Amendment Violation – Excessive Fine Forfeiture, against Oakland County only; Count V – Procedural Due Process, against Southfield and Oakland County Treasurer only; Count VI – Substantive Due Process, against Southfield and Oakland County Treasurer only; and Count VII (mislabeled "Count VI") – Unjust Enrichment, against all Defendants except Oakland County. (Compl.) Plaintiffs ask the Court to award them the "taken and/or forfeited equity" in their foreclosed properties along with money damages for the alleged constitutional violations and claim of unjust enrichment. (*Id.*, Relief Requested, PgID 30-31.)

Now before the Court is Defendant Habitat for Humanity of Oakland County Inc.'s Motion to Dismiss (ECF No. 24).[1] Defendant's motion is fully briefed. The

---

[1] The three other groups of Defendants also filed separate motions to dismiss, which have been fully briefed and which will be separately addressed by the Court. (See ECF No. 31, SNRI Defendants' Motion to Dismiss; ECF No. 32, Oakland County Defendants' Motion to Dismiss; ECF No. 34, Southfield Defendants' Motion to Dismiss.)

2

Court does not believe oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons set forth below, the Court GRANTS Defendant Habitat for Humanity of Oakland County's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The eight named Plaintiffs in this action allege that they previously owned real property located in the City of Southfield, Michigan. All named Plaintiffs failed to pay property taxes and their properties were foreclosed by Defendant Oakland County Treasurer on the basis of non-payment of taxes pursuant to Michigan's General Property Tax Act ("GPTA"), Mich. Comp. Laws § 211.1 *et seq.* (ECF No. 1, Compl. ¶ 1, PgID 2.)

The GPTA permits the recovery of unpaid real-property taxes, penalties, interest, and fees through the foreclosure and sale of the property on which there is a tax delinquency. *See* Mich. Comp. Laws § 211.1 *et seq*. Under the Act, the county treasurer may elect to act as the collection agent for the municipality where the property is located when taxpayers become delinquent on their property taxes. Mich. Comp. Laws § 211.78(8). After three years of delinquency, multiple notices and

3

various hearings, tax-delinquent properties are forfeited to the county treasurer;[2] foreclosed on after a judicial foreclosure hearing by the circuit court and title to the forfeited property is transferred to the county treasurer; and, if the property is not timely redeemed by March 31 of that year, fee simple title is vested absolutely in the county treasurer, without any further redemption rights available to the delinquent taxpayer. Mich. Comp. Laws § 211.78 *et seq.* As the Act applied during the time periods relevant to this action, after foreclosure, the property is then disposed of as follows:

> (1) The state or municipality where the property is located has the right to claim the property in exchange for the payment to the county of unpaid taxes, interest and other costs (the "minimum bid");[3] or

---

[2] "Forfeiture" under the GPTA means only that a foreclosing governmental unit may seek a judgment of foreclosure if the property is not redeemed; it does not affect title. Mich. Comp. Laws § 211.78(8)(b).

[3] The longstanding ability for municipalities to purchase tax foreclosed properties for an amount equal to the taxes and penalties due and owing has since been eliminated as a result of a recent amendment to the GPTA, Mich. Comp. Laws § 211.78m, which became effective on January 1, 2021. The amended GPTA now allows the state and/or municipalities to purchase tax foreclosed properties "at the greater of the minimum bid or its fair market value[.]" Mich. Comp. Laws § 211.78m(1). While this amendment will affect the manner in which future tax foreclosure sales are handled, it does not provide a basis for liability against the Defendants in this action. The Act provides that any retroactive effect is dependent upon a decision of the Michigan Supreme Court that "its decision in Rafaeli, LLC v. Oakland County, docket no. 156849, applies retroactively." Mich. Comp. Laws § 211.78t(1)(b)(i). There has been no such directive from the Michigan Supreme Court.

   (2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction in July and, if not sold, again in October.

Mich. Comp. Laws § 211.78m.

Plaintiffs in this case allege that a judgment of foreclosure was entered against each of them and pertaining to each Plaintiff's property, by the Oakland County Circuit Court. (Compl. ¶¶ 21-28, PgID 5-7.) Specifically, Plaintiffs allege:

- Plaintiff **Tawanda Hall** owed $22,642.00 in delinquent property taxes.[4] The Oakland County Treasurer foreclosed, issued a tax deed in favor of the City of Southfield for the minimum amount due under the GPTA, and the City quit claimed the property to SNRI for $1.00. The property was subsequently sold for $308,000.00.

- Plaintiff **Carolyn Miller** owed $29,759.00 in delinquent property taxes. The Oakland County Treasurer foreclosed, issued a tax deed in favor of the City of Southfield for the minimum amount due under the GPTA, and the City quit claimed the property to SNRI for $1.00. The property was subsequently sold for $120,000.00.

- Plaintiff **American Internet Group, LLC** owed $9,974.00 in delinquent property taxes. The Oakland County Treasurer foreclosed, issued a tax deed in favor of the City of Southfield for the minimum amount due under the GPTA, and the City quit claimed the property to SNRI for $1.00. The property was subsequently sold for $149,900.00.

- Plaintiff **Anthony Akande** owed $2,415.00 in delinquent property taxes. The Oakland County Treasurer foreclosed, issued a tax deed in favor of the City of Southfield for the minimum amount due under the GPTA, and the City quit claimed the property to SNRI for $1.00. The property was subsequently sold for $152,500.00.

---

[4] Plaintiffs plead that this amount includes the "delinquent property taxes, interest penalties, and fees." (Compl. ¶ 21, PgID 5.)

- Plaintiffs **Curtis Lee** and **Coretha Lee** owed $30,547.00 in delinquent property taxes. The Oakland County Treasurer foreclosed, issued a tax deed in favor of the City of Southfield for the minimum amount due under the GPTA, and the City quit claimed the property to SNRI for $1.00. The property was subsequently sold for $155,000.00.

- Plaintiff **Marcus Byers** alleges he had "equitable title with his court appointed guardian" in the subject property and owed $4,113.00 in delinquent property taxes. The Oakland County Treasurer foreclosed, issued a tax deed in favor of the City of Southfield for the minimum amount due under the GPTA, and the City quit claimed the property to SNRI for $1.00, which still holds title to the property. Plaintiffs allege the property has a fair market value of $90,000.00.

- Plaintiff **Kristina Govan** owed $45,350.00 in delinquent property taxes. The Oakland County Treasurer foreclosed, issued a tax deed in favor of the City of Southfield for the minimum amount due under the GPTA, and the City quit claimed the property to SNRI for $1.00, which still holds title to the property. Plaintiffs allege the property "is worth in excess of the amount owed in taxes."

(Compl. ¶¶ 21-27, PgID 5-7.)

Plaintiffs assert that "[m]ost of the Plaintiffs had entered into delinquent property installment agreements [with the County]," even though "[t]he Treasurer knew the Circuit Court had already entered a Judgment of foreclosure prior to entering the delinquent property tax payment plans with Plaintiffs ... which purportedly prevented foreclosure." (Compl. ¶¶ 31-32, PgID 7.) Plaintiffs claim that they "made a payment to the Treasurer with the promise that such payment would prevent tax foreclosure," and "in many instances ... made substantial payments of 1-2 years of property taxes prior to March 31st of the year of foreclosure," but that the County still foreclosed on their properties. (*Id.* ¶¶ 31, 33-34, PgID 7.)

6

As a result of the foreclosures, Plaintiffs lost all title and interest in their properties, and title in fee vested in the foreclosing government unit ("FGU"), in this case, the Oakland County Treasurer. (Compl. ¶¶ 21-28, PgID 5-7.) *See* Mich. Comp. Laws § 211.78k(6). Pursuant to Mich. Comp. Laws § 211.78m(1) (as it existed at that time), the Oakland County Treasurer offered the properties to the City of Southfield under the City's right of first refusal. (Compl. ¶ 29, PgID 7.) In each case, the City paid the Treasurer the minimum amount due under the statute – the delinquent tax amount – with funds provided by Defendant Southfield Nonprofit Housing Corporation ("SNPHC"). (Compl. ¶¶ 21-27, 83(e), PgID 5-7, 16.) The City in turn conveyed each of the properties to Defendant Southfield Neighborhood Revitalization Initiative, LLC ("SNRI") for $1.00. (*Id.*)

SNRI was created by Defendant SNPHC, and the SNPHC is the sole member of SNRI. (ECF No. 31, SNRI's Mot. at p. 3, PgID 182.) SNRI was formed for the purpose of purchasing tax foreclosed and other properties, improving such properties, selling such properties to persons of low to moderate income when possible, and improving housing and homeownership opportunities in the City of Southfield, and to otherwise restore tax-foreclosed properties on the tax-roll. (*Id.*, citing ECF No. 31-2, SNRI Operating Agreement.)

According to Defendants, under this initiative, SNRI entered into an agreement to work with Defendant Habitat for Humanity ("Habitat"), to rehabilitate

7

homes that are salvageable. (SNRI Mot. at p. 3, PgID 182; Habitat Mot. at p. 1, PgID 145.) Plaintiffs allege that Habitat received "close to $300,000 in funds from SNRI in 2016, [and] was paid over 1 million dollars from SNRI since its inception in June of 2016 by being the recipient of often needless repairs, as well as the conveyance of property from SNRI, City of Southfield, and the SNPHC for less than full consideration." (Compl. ¶ 46, PgID 9.)

### B. Procedural History

Defendant Habitat filed a motion to dismiss, arguing that Plaintiffs' Complaint fails to state a claim against it because there is not a single reference to Habitat in any of Plaintiffs' Counts, and the only two paragraphs in the Complaint and mention Habitat fail to allege how it could be liable to Plaintiff or how its actions have anything to do with Plaintiffs' claims. (ECF No. 24, Habitat Mot.) Habitat states that it entered into an agreement with Defendant SNRI to work as a resource to rehabilitate homes, but that it does not have any ownership interest in Plaintiffs' homes.

Plaintiffs filed a Response to Habitat's motion. (ECF No. 47, Pls.' Resp.) Plaintiffs argue that they have sufficiently pleaded an unjust enrichment claim against Defendant Habitat by alleging that Habitat received substantial compensation which they claim was derived from Plaintiffs' properties.

Defendant Habitat filed a reply brief in support of its motion to dismiss. (ECF No. 51, Habitat's Reply.) Habitat argue that Plaintiffs have failed to plead any facts in support of an unjust enrichment claim against it because they have failed to identify a single instance of Habitat receiving a benefit from their properties.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Id*. at 539 (internal citations and quotation marks omitted); *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried* Chicken,

829 F.2d 10, 12 (6th Cir. 1987)). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Sixth Circuit has explained that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is the defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

In ruling on a motion to dismiss, the Court may consider the complaint as well as: (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3) documents that are a matter of public record; and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal

10

view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings…. [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F.Supp.2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### III. ANALYSIS

Defendant Habitat argues that Plaintiffs' Complaint against it should be dismissed because the Complaint does not allege any conduct that could substantiate a claim against it. Rather, the only references to Defendant Habitat in the Complaint are as follows:

11

> 2. Defendant Andrew Meisner Treasurer (sometimes referred to as "Treasurer") ... also has served on the Board of Habitat for Humanity for Oakland County, Inc. since 2016.
>
> \*\*\*
>
> 8. Defendant Habitat for Humanity of Oakland County Inc. (Habitat) is a 501(c)3 nonprofit corporation organized under the rules of the IRS incorporated as a non-profit corporation and is incorporated in the State of Michigan. Defendant Meisner, the Oakland County Treasurer sits on the Habitat Board of Directors and impacts its operations.
>
> \*\*\*
>
> 46. Habitat (of which Oakland County Treasurer Andrew Meisner is a board member) received close to $300,000 in funds from SNRI in 2016, was paid over 1 million dollars from SNRI since its inception in June of 2016 by being the recipient of payments for often needless repairs, as well as the conveyance of property from SNRI, City of Southfield, and the SNPHC for less than full consideration.
>
> 47. Habitat's role in this scheme is a conflict of interest for Treasurer Andrew Meisner with his duties as Treasurer and an official of Oakland County.

(Compl. ¶¶ 2, 8, 46-47, PgID 2-3, 9.) There is not one reference to Habitat in any of the Complaint's seven counts. (*See* Compl. PgID 18-30.)

Habitat argues that Mr. Meisner's role as a voluntary board member of Habitat is not a basis for Habitat's liability under any of the claims in the Complaint, and that "without any allegation or factual information related to Habitat's alleged role in these claims, it is impossible for Habitat to respond to any of these counts or theorize about where Plaintiffs believe Habitat's liability stems from." (Habitat Mot. at p. 3, PgID 147.) Habitat explains that Plaintiffs are required to plead enough

12

factual matter to raise a "plausible inference of wrongdoing." (*Id.* at 2, PgID 146, citing *6630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013)). Habitat contends that "the complaint does not allege how Habitat's receipt of money from SNRI has anything to do with Plaintiffs' claims or allegations" or "how or in what manner Habitat participated in this alleged 'scheme'[.]" (*Id.* at p. 3, PgID 147.)

Plaintiffs respond that they have stated an unjust enrichment claim (Count VII) against Habitat. (Pls.' Resp. at pp. 4-5, PgID 1739-40, citing Compl. ¶¶ 2, 8, 46, 47.) Under Michigan law, "[u]njust enrichment is defined as the unjust retention of money or benefits which in justice and equity belong to another." *Tkachik v. Mandeville*, 487 Mich. 38, 48 (2010) (citation omitted). A plaintiff alleging unjust enrichment must establish two elements: "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003).

Here, Plaintiffs' unjust enrichment claim (Count VII), while purportedly alleged "against all Defendants except Oakland County," contains allegations specifically against Defendant SNRI only, alleging that "[t]he retention of the benefits by SNRI (or subsequent non-bona fide purchasers) of the property rights, equity and/or surplus amounts to unjust enrichment to the SNRI." (Compl. ¶¶142-

13

50, PgID 29-30.) There are no allegations against, or even references to, Defendant Habitat in Count VII of the Complaint. (*See id.*)

The Court finds that Plaintiffs' Complaint fails to allege an unjust enrichment claim against Defendant Habitat. While the general allegations in the Complaint allege that Habitat received money or payments from SNRI "for often needless repairs" and "the conveyance of property from SNRI, City of Southfield, and the SNPHC for less than full consideration," (Compl. ¶ 46, PgID 9), it fails to allege how that money has anything to do with Plaintiffs' claims in this action or their properties, or that Habitat otherwise received a benefit from Plaintiffs, namely the alleged "surplus equity" in their tax-foreclosed properties, either directly or indirectly. As Habitat states in its reply brief, Plaintiffs fail to identify even a single instance of Habitat receiving a benefit tied to *their* properties.

Generally, the complaint must allege with particularity facts that demonstrate what each defendant did to violate the rights at issue. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012). Otherwise it is impossible to ascertain what particular acts each defendant is alleged to have committed or the basis for imposing liability against each defendant. *Id.* As stated in *Kerrigan v. Visalus, Inc.*, 112 F. Supp. 3d 580 (E.D. Mich. 2015), "in light of Plaintiffs' overly broad and vague allegations and the group pleading problems ..., it is impossible for the Court to determine that Plaintiffs have sufficiently pleaded an unjust enrichment claims as

14

to" Defendant Habitat. *See id.* at 615. "In order to state an unjust enrichment claim against [a Defendant], Plaintiffs must plausibly allege that each Defendant was unjustly enriched *at plaintiff's expense*." *Id.* (emphasis in original). The *Kerrigan* court explained that plaintiffs must "sufficiently allege a connection between each Defendant's actions and enrichment, on one hand, and Plaintiffs' losses on the other hand." *Id.* Plaintiffs in this action have failed to do so here with respect to their claim against Defendant Habitat.

The additional factual allegations Plaintiffs assert in their Response, but that are not in their Complaint, and Plaintiffs' reliance on exhibits attached to their Response, such as a listing of other properties allegedly owned by Habitat, or the bank records of Defendant SNRI, fail to cure Plaintiffs' pleading deficiencies. On a motion to dismiss, the focus is on the complaint, and whether the complaint sufficiently pleads facts to support a claim against each defendant. Generally, this Court is limited to the facts and legal claims as raised in the pleadings; as a result, the additional facts asserted in Plaintiffs' response to the motion to dismiss are not part of the lawsuit and the Court will not consider them when deciding this motion. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34 ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under

15

Rule 7(a).")); *Williams Huron Gardens 397 Trust v. Twp. of Waterford,* No. 18-12319, 2019 WL 2051967, at *6 (E.D. Mich. Feb. 28, 2019) (declining to assume unpled facts or allegations in this case to create a claim for relief), *report and recommendation adopted by* 2019 WL 1324242 (E.D. Mich. Mar. 25, 2019); *D.H. v. Matti*, No. 3:14-CV-732-CRS, 2016 WL 5843805, at *1 (W.D. Ky. Sept. 30, 2016) ("Once again, Plaintiff's counsel has used her responses to the present motions to dismiss to assert additional factual allegations, which the Court may not consider."); *see also Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss.").

The Court find that Plaintiffs' Complaint fails to sufficiently plead an unjust enrichment claim against Defendant Habitat.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs have failed to state a claim against Defendant Habitat, **GRANTS** Habitat's motion to dismiss (ECF

No. 24), and **DISMISSES** Plaintiffs' claims against Habitat **WITH PREJUDICE**.

This Opinion and Order does not resolve all pending claims and does not close this case.

IT IS SO ORDERED.

Dated: April 20, 2021

s/Paul D. Borman<br>Paul D. Borman<br>United States District Judge