## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: September 16, 2022

Mr. Matthew Burton Hodges
Office of the Attorney General
of Michigan
P.O. Box 30754
Lansing, MI 48909

        Re:  Case No. 21-1700/21-2956, *Tawanda Hall, et al v. Andrew Meisner, et al*
             Originating Case No. : 2:20-cv-12230

Dear Counsel,

  The Court issued the enclosed Order today in this case.

                                       Sincerely yours,

                                       s/Ryan E. Orme
                                       Case Manager
                                       Direct Dial No. 513-564-7079

cc:  Mr. Jayson Edward Blake
      Ms. Kinikia D. Essix
      Mr. John R. Fleming
      Mr. William H. Horton
      Mr. Michael August Knoblock
      Ms. Christina Marie Martin
      Mr. Mark McAlpine
      Mr. Matthew Nicols
      Mr. T. Joseph Seward
      Mr. Scott Fenton Smith
      Ms. Kathryn Daly Valois

Enclosure

Nos. 21-1700 / 21-2956

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 16, 2022
DEBORAH S. HUNT, Clerk

TAWANDA HALL, CAROLYN MILLER, )
AMERICAN INTERNET GROUP, LLC, )
ANTHONY AKANDE, and MARCUS BYERS )
(21-1700); ESTATE OF DELL JOHNSON (21- )
2956), )
                                           )
       Plaintiffs-Appellants, )
                                           )          O R D E R
v. )
                                           )
ANDREW MEISNER, et al., )
       Defendants-Appellees.

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

Pending before this panel is a motion by the Attorney General of Michigan to intervene in these consolidated appeals, in which briefing and oral argument were completed months ago. Johnson filed suit in district court in May 2019, while Hall brought suit in August 2020. Both claimed that a Michigan statute, M.C.L. § 211.78m, was unconstitutional as applied to them with respect to the foreclosure and disposition of their homes. The defendants in both cases include Oakland County and the City of Southfield. The district courts granted the defendants' motions to dismiss and entered judgment in Johnson's case in August 2021 and in Hall's case in October 2021. The plaintiffs then brought this appeal, in which we held oral argument some two months ago. The Attorney General of Michigan has now filed a motion to intervene, asserting that the plaintiffs failed to provide her with notice of this suit as required, she says, by 28 U.S.C. § 2403(b). But the Attorney General notably does not say she was without actual notice of the suit; instead

1

she says only that she was unaware of the "nature" of this suit until after oral argument was held. Moreover, a state instrumentality with which the Attorney General has coordinated in other such suits, namely Oakland County, has been a defendant in this case all along. The Attorney General thus has not shown, or tried to show, that she neither knew about this suit nor had reason to know about it. Nor is this the typical case in which the Attorney General seeks to preserve the prospective legal effect of the statute at issue, since here the state legislature has already repealed the relevant part of the statute. Nor does the Attorney General now seek to make any arguments as to the statute's constitutionality; instead she makes two arguments ancillary to constitutionality, namely that we should either abstain from deciding these appeals or certify questions of state law to the Michigan Supreme Court.

The Attorney General has thus made a weak showing of any entitlement to intervene here. We GRANT her motion only to the extent that we will deem her arguments as to abstention and certification to be properly presented to the panel as they are presented in her opening brief in support of her motion. The plaintiffs' response to those arguments are deemed submitted as presented in their brief in opposition to the Attorney General's motion. The Attorney General's motion is otherwise DENIED. No further briefing shall be submitted by the Attorney General or the parties with respect to the issues raised in the Attorney General's motion.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

2