UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANDA HALL, CAROLYN MILLER,
AMERICAN INTERNET GROUP, LLC,
ANTHONY AKANDE, CURTIS LEE and
CORETHA LEE, MARCUS BYERS and
KRISTINA GOVAN, individually and all
those similarly situated in the City of Southfield,

    Plaintiffs,                         Case No. 20-cv-12230-PDB-EAS
v.                                           Hon. Paul D. Borman

OAKLAND COUNTY, et al.,

    Defendants.

# OAKLAND COUNTY DEFENDANTS' REPLY BRIEF
# RE: MOTION TO STAY

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

REPLY BRIEF .................................................................................................. 1

RELIEF REQUESTED ........................................................................................ 3

CERTIFICATE OF SERVICE ................................................................................ 4

## INDEX OF AUTHORITIES

### Cases

*Continental Resources v. Fair*, 311 Neb. 184 (2022) ...................................... 3

*Hall v Meisner,* 51 F.4th 185 (6th Cir. 2022) ................................................. 2

*Tyler v Hennepin County*, 26 F.4th 789 (8th Cir. 2022) ........................... 1, 2, 3

## REPLY BRIEF

The motion should be granted and the Court should stay this case until the United States Supreme Court issues its decision in *Tyler v. Hennepin County*. Plaintiffs' response is unavailing for four reasons.

<u>First</u>, Plaintiffs argue a stay will delay this case "another year or two." PageID. 2470.  Not so.  The *Tyler* case is on track to be decided by the end of the term (June 30, 2023).  That is less than five months away.

<u>Second</u>, Plaintiffs' attempts to argue that the decision in *Tyler* will not have an impact on this case is misplaced.  The fundamental issue in *Tyler* is whether the state is entitled to define whether a property right exists or if the federal courts can do so.  That is the same issue in this case which will be presented in Oakland's Petition for Certiorari since the Sixth Circuit essentially overruled the Michigan Supreme Court on that question.

To illustrate, the Eighth Circuit held that the state defines property rights: "We therefore look to Minnesota law to determine whether *Tyler* has a property interest in surplus equity." 26 F.4th at 792.  Because Minnesota's "statute abrogated any common-law rule that gave a former landowner a right to surplus equity," Plaintiff failed to state a taking claim.  26 F.4th at 793.  *Hall* says the opposite:  the property right arose as early as 1500 in England and was

1

recognized in New York as early as 1827 and adopted by Michigan by 1903. 51 F.4th at 190, 194-95. Unlike *Tyler*, *Hall* refused to recognize that the Michigan Legislature changed those rights by statute long before Plaintiff purchased her property.

The Supreme Court will directly address this issue. Should the Supreme Court affirm the Eighth Circuit in *Tyler*, it is likely to vacate *Hall* and remand it to the Sixth Circuit under the same rationale. At a minimum, the Supreme Court's holding in *Tyler* will have a substantial impact on the law governing the claims in this case.

Third, Plaintiffs misrepresent the substantial work ahead surrounding class certification and damage calculations. Plaintiffs argue that values "are determined yearly by the assessing authority, and it is not difficult to calculate the value" of the property. PageID. 2474. But, as pointed out in the motion, these assessments are irrelevant because they are based on statistical determinations in the general area, not the value of the specific property at issue. Litigating the damage claims specific to these Plaintiffs requires an analysis of the state of disrepair of all properties and of all the changes which have occurred to the properties since foreclosure.

Oakland will vigorously litigate the issue of class certification, require

2

extensive briefing, and involve the Court. Plaintiffs will not be prejudiced except by the relatively short passage of a few months' time. All for something that may become irrelevant.

Fourth, Plaintiffs are wrong that the Supreme Court is unlikely to hold the forthcoming Petition in this case pending its decision in *Tyler* or that the Sixth Circuit's denial of the *En Banc* petition in this case is relevant. As the motion points out, the Supreme Court is already holding the Petition in *Continental Resources v. Fair*, and, after all, the decision in this case shows the split between the circuits. If the Supreme Court denies the Petition for Certiorari in this case before it issues its *Tyler* opinion, Plaintiffs can always move the Court to lift the stay earlier. But Plaintiffs know that is very unlikely to occur.

Oakland County requests the Court to stay this case pending a decision by the Supreme Court on Oakland County's Petition for Certiorari to be filed and the forthcoming decision in *Tyler v. Hennepin County*.

|  |  |
|---|---|
| | GIARMARCO, MULLINS & HORTON, P.C. |
| | By: /s/ William H. Horton |
| | WILLIAM H. HORTON (P31567) |
| | JOHN R. FLEMING (P79748) |
| | Attorneys for Defendants Andrew Meisner and Oakland County |
| | 101 West Big Beaver Road, Tenth Floor |
| | Troy, Michigan 48084-5280 |
| | (248) 457-7000 |
| Date: February 8, 2023 | bhorton@gmhlaw.com |

3

## CERTIFICATE OF SERVICE

On February 8, 2023, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
bhorton@gmhlaw.com
