UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWANDA HALL, et al.,

                Plaintiffs,               Case No. 20-12230

v.                                   Paul D. Borman
                                   United States District Judge

OAKLAND COUNTY TREASURER
ANDREW MEISNER, et al.,

                Defendants,

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING DECISION BY THE UNITED STATES SUPREME COURT IN _TYLER v. HENNEPIN COUNTY_ (ECF NO. 80) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY (ECF NO. 83)**

This is a putative class action by homeowners who claim that their properties were unlawfully taken without just compensation. Now before the Court is Defendants Oakland County and its Treasurer's Motion to Stay this Case pending a decision by the United States Supreme Court in _Tyler v. Hennepin County_, No. 22-166, and pending Defendants' to-be-filed Petition for Certiorari. (ECF No. 80.) Defendant's motion has been fully briefed, and Plaintiff filed a Motion for Leave to File Supplemental Authority (ECF No. 83), to which Defendants have responded. The Court does not believe oral argument will aid in its disposition of the motions;

therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons sets forth below, the Court GRANTS Defendant's motion to stay pending the United States Supreme Court's decision in *Tyler v. Hennepin County*, Case No. 22-166, and DENIES AS MOOT Plaintiff's motion for leave to file supplemental authority.

## I.     BACKGROUND

Plaintiffs filed this putative class action complaint on August 18, 2020, alleging that their properties were unlawfully taken without just compensation. The named Plaintiffs failed to pay property taxes and their properties were foreclosed by Defendant Oakland County Treasurer pursuant to Michigan's General Property Tax Act (GPTA), Mich. Comp. Laws § 211.1 *et seq.* The City of Southfield obtained those properties for the minimum bid (the delinquent tax amount), as allowed under the GPTA, and then transferred the properties to the Southfield Neighborhood Revitalization Initiative, which fixed the properties up and then sold them for more than the minimum bid. Plaintiffs allege that this process unconstitutionally took the equity in their former properties.

This Court granted Defendants' various motions for summary judgment, and Plaintiffs appealed.

2

The Sixth Circuit Court of Appeals affirmed in part and reversed in part and remanded this case on Plaintiff's takings claim under the United States Constitution (Count I) against Defendant Oakland County. *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022). The Sixth Circuit denied Defendants' petition for rehearing en banc, and a revised Mandate was issued on January 12, 2023. (ECF No. 79.)

On January 20, 2023, Defendants filed the instant motion to stay this case pending a decision from the United States Supreme Court in *Tyler v. Hennepin County*, No. 22-166, which Defendants assert also involves issues of alleged unconstitutional taking of surplus proceeds in a property following foreclosure. Defendants also state that they intend to file a Petition for Certiorari from the Sixth Circuit decision in this case. Defendants assert that a similar Petition for Certiorari is pending in *Continental Resources v. Fair*, Case No. 22-160, and evidently being held in abeyance until the Supreme Court decides *Tyler*. (ECF No. 80.)

Plaintiffs filed a Response in Opposition to Defendant's Motion to Stay, arguing that *Tyler v. Hennepin County* is factually distinguishable from this case, and that a grant of stay will likely unreasonably delay this case. Plaintiffs contend that this putative class action can continue to be litigated while *Tyler* is pending. (ECF No. 81.)

Defendants filed a Reply brief in support of their motion, arguing again that their motion should be granted and this case should be stayed until the United States

Supreme Court issues its forthcoming decision in *Tyler v. Hennepin County.* (ECF No. 82.)

Plaintiffs filed a motion for leave to file supplemental authority, directing the Court's attention to a recently entered order in *Taylor v. Oakland County*, 19-12548, in which District Judge David Lawson entered an order denying the defendants' motion to stay. (ECF No. 83.)

Defendants filed a Response in Opposition to Plaintiffs' motion, arguing that the motion should be denied because this putative class action is distinguishable from the single-plaintiff *Taylor* case, and the *Taylor* opinion was issued before Defendants filed their Petition for Certiorari in this case.

On March 9, 2023, Petitioners Oakland County and Oakland County Treasurer filed their Petition for Writ of Certiorari in this case with the United States Supreme Court, as Case No. 22-874, to address the issue of whether foreclosing on a home for the nonpayment of taxes constitutes a violation of the federal Takings Clause whenever the home is worth more than the tax delinquency.

On April 11, 2023, Petitioners Tawanda Hall, Curtis Lee, Coretha Lee, and Kristina Govan filed a Conditional Cross-Petition for Writ of Certiorari with the United States Supreme Court, as Case No. 22-996, to address the issue of whether the forfeiture of property worth far more than needed to satisfy a debt plus interest, penalties, and costs is a fine within the meaning of the Eighth Amendment.

On April 26, 2023, the Supreme Court heard oral argument in *Tyler v. Hennepin County*, No. 22-166. A decision has not yet been issued.

## II.  STANDARD

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "it is ... clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Where "the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (citation omitted).

### III.   ANALYSIS

Defendants here moved for a stay of proceedings pending a decision by the United States Supreme Court in *Tyler v. Hennepin County* and *Continental Resources v. Fair*, and the Petition for Certiorari to be filed by Defendants.

In *Tyler v. Hennepin*, Hennepin County (Minnesota) foreclosed on Geraldine Tyler's condominium for a tax debt of $15,000, later sold the condo for $40,000, and retained the surplus. Plaintiff brought suit alleging an unconstitutional taking arising from the tax foreclosure sale and retention of the surplus equity following the sale. The district court granted the county's motion to dismiss, and the Eighth Circuit Court of Appeals affirmed, holding that the county's retention of surplus equity did not violate the Taking's clause, reasoning that "[w]here state law recognizes no property interest in surplus proceeds from a tax-foreclosure sale conducted after adequate notice to the owner, there is no unconstitutional taking." *Tyler v. Hennepin Cnty.*, 26 F.4th 789, 793 (8th Cir. 2022).

Hennepin County filed a Petition for Writ of Certiorari, which was granted on January 13, 2023. The issues to be decided in *Tyler v. Hennepin County* are: (1) whether taking and selling a home to satisfy a debt to the government, and keeping the surplus value as a windfall, violates the Takings Clause; and (2) whether the forfeiture of property worth far more than needed to satisfy a debt, plus interest, penalties, and costs, is a fine within the meaning of the Eighth Amendment. The

Supreme Court held oral argument on these issues on April 26, 2023. Thus, a decision should be forthcoming.

The Court finds that while the underlying facts in *Tyler* are somewhat distinguishable – in *Tyler*, the property was sold at a tax foreclosure sale and the County retained the surplus proceeds, whereas the properties at issue in this case were not sold at a tax foreclosure sale but instead sold by the County for the minimum bid (the amount of the tax delinquency) – Defendants convincingly argue that the issue in *Tyler* as to whether the state is entitled to define whether a property right exists is the same issue in this case. Thus, this factor weighs in favor of granting a stay.

The Court further finds that consideration of the remaining factors – judicial economy, risk to the public welfare, and interests of the parties – weigh in favor a granting a stay pending the Supreme Court's impending decision in *Tyler v. Hennepin County*.[1] Oral argument has been held in *Tyler v. Hennepin County* and so

---

[1] To the extent Defendants seeks a stay pending the United States Supreme Court's decision on their now-filed Petition for Writ of Certiorari, the Court declines to grant that request. When a litigant asks the District Court for a stay pending a petition for Writ of Certiorari, the litigant must demonstrate: (1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Supreme Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the litigant's position, if the judgment is not stayed. *United States v. Mandyzcz*, 321 F. Supp. 2d 862, 864 (E.D. Mich. 2004) (citing *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319, 1319-20 (1994) (Rhenquist, J., in chambers)). A demonstration of each of the three factors is required. *Id.* at 866 (quoting *Packwood*, 510 U.S. at 1319-20). Even if a litigant

a decision by the Supreme Court is likely by the end of the term on June 30, 2023, and thus the delay will not be long. Further Defendants have an interest in avoiding unnecessary litigation and discovery and its associated costs in this putative class action, which involves multiple properties foreclosed on years ago, which properties often underwent significant repairs prior to being resold. In addition, Plaintiffs will not be prejudiced by the relatively short time awaiting the Supreme Court's impending decision in *Tyler v. Hennepin County*.

## IV.   CONCLUSION

For the reasons discussed above, and considering the interests of justice, competing equities, and likely limited duration of the stay, the Court exercised its discretion and GRANTS Defendant's Motion for Stay (ECF No. 80), and STAYS this case pending resolution of *Tyler v. Hennepin County*, No. 22-166, by the United States Supreme Court.

The Court further DENIES AS MOOT Plaintiff's motion for leave to file supplemental authority. (ECF No. 83.)

---

satisfies all three elements, a stay may still be denied when the equities do not weigh in favor of the stay. *Barnes v. E-Systems, Inc. Group Medical & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991) (Scalia, J., in chambers). Because Defendants had not yet filed their Petition for Writ of Certiorari when they filed their Motion to Stay, they have not addressed these factors. The Court declines to do so in the absence of briefing by the parties.

It is further ORDERED that the parties shall file a joint status report, within 14 days after the Supreme Court issues its decision in *Tyler v. Hennepin County*, that proposed a schedule for further proceedings.

IT IS SO ORDERED.

s/Paul D. Borman

Dated: May 17, 2023                    Paul D. Borman
                                       United States District Judge