UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARION SINCLAIR,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF OAKLAND,**<br><br>Defendant. | **2:18-CV-14042-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE (ECF NO. 107)** |
| **TAWANDA HALL, CURTIS LEE, CORETHA LEE, AND KRISTINA GOVAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF OAKLAND,**<br><br>Defendant. | **2:20-CV-12230-TGB-APP** |

Before the Court is Defendant Oakland County's Motion to Consolidate *Sinclair v. Oakland County*, Case No. 18-cv-14042, with *Hall v. Oakland County*, Case No. 20-cv-12230, under Federal Rule of Civil Procedure 42(a). ECF No. 107. Plaintiff objected to consolidation. ECF No. 109. After reviewing the operative complaints, and for the reasons

explained below, the Motion to Consolidate will be **GRANTED** (ECF No. 107).

Federal Rule of Civil Procedure 42 permits the Court to consolidate actions involving "a common question of law or fact." Fed. R. Civ. Proc. 42. "The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019) (citing to *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992)). Whether a case should be consolidated is a matter within the discretion of the trial court. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Courts weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *See id.* Furthermore, pursuant to Local Rule 42.1(b)-(c), a motion to consolidate may only be granted and reassigned to the judge presiding in the earliest numbered case if the judges presiding in the related cases consent.

Defendant seeks to consolidate this case with *Hall v. Oakland County*, Case No. 20-cv-12230 pursuant to Federal Rule of Civil Procedure 42. There is no dispute that *Sinclair* and *Hall* share common questions of law or fact: Plaintiff admitted so in her now-withdrawn motion to consolidate, ECF No. 98, and both cases arose out of the same tax foreclosure scheme in Southfield whereby Oakland County retained surplus equity from former owners of tax foreclosed properties. All

plaintiffs seek unpaid "just compensation" and other monetary damages against Oakland County under the Fifth Amendment.

Plaintiff argues consolidation would not effectuate Rule 42's purpose to increase efficiency and economy because the parties would not agree on any procedures to provide such efficiency and economy, such as an agreement to avoid individual jury trials focused on the fair market value at the time of foreclosure to determine "just compensation" under the Fifth Amendment. ECF No. 109, PageID.2474. Defendant asserts that consolidation would allow development of a process in one court where all the cases can be decided expeditiously. ECF No. 107, PageID.2464. But Plaintiff does not assert she would be prejudiced by consolidation, and given that she first moved to consolidate, before withdrawing her motion, it seems like any prejudice would be slight. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage."). Judge Grey consented to consolidation, and this Court can work with the parties to develop an efficient way to try the cases to avoid duplicate evidence and the risk of inconsistent adjudications. *See id.* Thus, *Sinclair* and *Hall* will be consolidated into *Sinclair*, as the earliest numbered case. *See* LR 42.1(c).

Defendant's motion to consolidate is therefore **GRANTED** and it is **FURTHER ORDERED** that these cases are consolidated for all purposes, including trial, in accordance with Fed. R. Civ. P. 42(a). **ALL**

3

**FILINGS ARE TO BE DOCKETED ON THE LEAD CASE**, *Sinclair v. Oakland County, et al.*, Case No. 18-cv-14042. Case No. 20-cv-12230 is statistically **DISMISSED**.

**SO ORDERED** this 5th day of January, 2025.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

4